# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: JP Morgan Chase Bank Home Equity Line of Credit Litigation | ) ) ) ) ) ) ) ) ) | MDL No. 2167<br><br>Master Docket Case No. 10-cv-3647<br>ALL CASES<br><br>Judge Rebecca R. Pallmeyer |

## DECLARATION OF JAY EDELSON REGARDING MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL

I, Jay Edelson, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney duly licensed to practice law in all courts of the State of Illinois. I am also admitted to practice in the U.S. District Court for the Northern District of Illinois. I make this declaration in support of the Proposed Lead Counsel group's Motion to Appoint Interim Co-Lead Class Counsel pursuant to Federal Rule of Civil Procedure 23(g). I have personal knowledge of he matters set forth herein and, if called to testify, would be competent to do so.

*The Proposed Lead Counsel Group*

2. The Proposed Lead Counsel group consists of lawyers from three leading firms involved in HELOC cases filed throughout the country: Jay Edelson of Edelson McGuire, LLC, Karen Fisch of Abbey Spanier Rodd & Abrams, LLP, and Jacqueline Sailer of Murray, Frank & Sailer LLP.

3. Proposed Lead Counsel are comprised of the primary attorneys involved in the *Wilder, Malcolm, Hackett, Frank,* and *Cavanagh* matters and are supported by counsel in the *Mayes* and *Walsh* cases. The group supporting Proposed Lead Counsel are therefore

representative of 8 of the 9 named plaintiffs before this Court and 7 of the 9 law firms representing them.

4. The firms comprising Proposed Lead Counsel are each highly respected leaders in the plaintiffs' class action bar and have notable experience in complex class action litigation and large, highly-publicized consumer protection matters. A true and accurate copy of each firm's resume is attached hereto as Group Exhibit 1. (*See* Edelson McGuire Firm Resume attached as Ex. 1-A, Abbey Spanier Rodd & Abrams, LLP Firm Resume attached as Ex. 1-B, and Murray, Frank & Sailer LLP Firm Resume attached as Ex. 1-C.)

*The Proposed Lead Counsel Group's Leadership in this Litigation*

5. Members of the Proposed Lead Counsel group have been at the forefront of HELOC suspension and reduction litigation. In June 2009, Edelson McGuire researched, prepared and filed the first HELOC suspension class action against any major national bank—*Levin v. Citibank, N.A.*, C-09-0350 MMC (N.D. Cal.). Edelson McGuire was appointed interim co-lead counsel in that matter on May 18, 2010. (Dkt. 96).

6. On June 10, 2009, lawyers in the Proposed Lead Counsel group filed the first nationwide class action relating to Chase's HELOC suspension and reduction practices—*Kimball v. Washington Mutual Bank and JPMorgan Chase Bank, N.A.*, 09-cv-01261 (S.D. Cal). That case was the first-filed case in this centralized litigation.

7. Prior to the time the *Kimball* matter was filed, the Proposed Lead Counsel group was engaged in an extensive investigation into Chase's HELOC reduction and suspension practices. The group's attorneys spoke with and interviewed hundreds of potential class members whose HELOCs Chase had suspended or reduced following the taxpayer bailout. This factual investigation included listening to the aggrieved customers' stories, reviewing their

2

documents, and assessing their circumstances to help develop a comprehensive understanding of Chase's decision-making process and the impact of its actions. Based on this research, the Proposed Lead Counsel team analyzed and synthesized the common issues in preparation for filing the initial lawsuit and subsequent suits.

8. Proposed Lead Counsel have litigated and defeated numerous motions seeking to dismiss pleadings that have alleged and tested an array of theories and claims, including causes of action under the Truth-in-Lending Act and its implementing regulation, Regulation Z, breach of contract, breach of implied covenants, unjust enrichment/restitution, fraud, and violation of various state consumer protection statutes. The result has been several favorable decisions testing and establishing the contours of claims based on allegedly unlawful HELOC suspensions and reductions.

9. Proposed Lead Counsel have also propounded and reviewed extensive written discovery in the *Hackett* case – including analyzing thousands of documents produced by Chase and one of Chase's automated valuation model vendors, First American CoreLogic, Inc. – and have filed a motions to strike affirmative defenses in several cases.

10. Additionally, members of the Proposed Lead Counsel group assumed the laboring oar in drafting the motion to transfer and consolidate that was filed with the Joint Panel on Multidistrict Litigation. Jay Edelson delivered oral argument before the JPML, and Proposed Lead Counsel's significant efforts were directly responsible for the centralization of these 9 cases and their transfer before this Court—a result that maximizes efficiency and will directly benefit the Class members and all counsel involved in this litigation.

*Proposed Lead Counsel's Involvement in Related litigation and Advocacy Outside the Courtroom*

11. Members of the Proposed Lead Counsel group have prosecuted actions challenging the HELOC suspension and reduction practices of Wells Fargo, National City, Bank of America, and GMAC Mortgage. By directing and participating in these other law suits, the Proposed Lead Counsel team has been able to compare and evaluate differences between these competing financial institutions to gain insight into differing ways the banks effectuate HELOC suspensions and reductions within (and often, outside) the parameters established by their contracts and federal and state laws.

12. Proposed Lead Counsel attorneys have advised several members of Congress as to the present application of HELOC laws and regulations. Also, when the Federal Reserve Board of Governors solicited public comment in July 2009 on its proposed revisions to Regulation Z's HELOC provisions, members of the Proposed Lead Counsel group submitted a comprehensive 30-page response to the proposed changes and has supplemented the response as warranted in light of various court decisions that have emerged since the response deadline. (*See* "Response to Request for Public Comment," a true and accurate copy of which is attached hereto as Ex. 2.)

13. Members of the Proposed Lead Counsel group have also issued and reviewed responses to FOIA requests to the various relevant federal agencies – including the Board of Governors for the Federal Reserve, the Office of Thrift Supervision, the Federal Deposit Insurance Corporation, and the Office of the Comptroller of the Currency – relating to HELOC guidance and opinions issued by these agencies, complaints they have received and analyzed from consumers, and communications by and between these agencies and the nation's largest banks.

14. When the President of the Florida State Senate, Mike Haridopolos, held a town-hall meeting in April 2010 to discuss HELOC suspensions and reductions throughout the State of Florida, members of the Proposed Lead Counsel group were asked to, and did, testify at the town-hall meeting. Likewise, the State of California's Select Committee on Consumer Financial Protection has invited Jay Edelson to testify at an upcoming August 2010 hearing on the HELOC suspension practices of large banks throughout California.

*Proposed Lead Counsel Group's Devotion and Commitment of Resources*

15. The Proposed Lead Counsel team has already demonstrated a willingness to expend the resources necessary to properly prosecute these actions and uphold the interests of the Class. They have devoted thousands of hours to litigating these cases. Numerous attorneys at Proposed Lead Counsel's respective firms have been, and will continue to be, thoroughly committed to this litigation.

*Additional Evidence of Proposed Lead Counsel's Leadership in These Cases*

16. High profile defense firms have recognized the Proposed Lead Counsel group's knowledge and leadership with respect to this HELOC litigation. For example, Lathrop & Gage, LLP, a 300-attorney firm not involved in any HELOC suspension cases, authored an article describing the legal landscape surrounding HELOC suspension and reduction cases in January 2010 (after all of the cases before this Court were filed), specifically observing that "[t]he Chicago-based firm of Edelson McGuire…is leading the charge[.]" *See* Lathrop & Gage, "HELOC Class Actions on the Rise" (Jan. 2010); *see also* Hirsch, Frank, "HELOC reduction class actions: What is a 'significant decline' in a home's value under TILA/Reg Z?" (Consumer Financial Services Law Report, Alston & Bird, August 19, 2009) (analyzing Edelson Mcguire's HELOC filings).

5

17. Members of the Proposed Lead Counsel group have also been mentioned in dozens of hard copy and online articles relating to HELOC suspension litigation, and Jay Edelson has appeared on numerous occasions both on television and on radio to discuss the HELOC suspension practices of banks.

18. Proposed Lead Counsel have worked closely with plaintiffs' counsel—essentially to the point of self-ordering. They have demonstrated an active interest in reaching out to other plaintiffs' firms so as to share information and maximize the coordination of efforts on behalf of the putative class members. From the beginning of this litigation, members of the Proposed Lead Counsel team contacted every law firm involved in these actions to not only discuss and share information and analysis about the legal landscape but to also offer cooperation and assistance going forward. Indeed, Proposed Lead Counsel have discussed the merits and issues involved in this litigation, have consulted with these firms when responding to various motions to dismiss and attacks on the pleadings, and have organized these firms with respect to proceedings before the JPML and in bringing the instant motion.

*Proposed Lead Counsel's Ability to Resolve this Litigation*

19. Additionally, Proposed Lead Counsel have been engaged in a series of settlement talks for over a year with lawyers from Chase. These discussions gained traction after this Court ordered the parties on January 29, 2010 in the *Hackett* matter to meet face-to-face to discuss settlement. The parties have exchanged information and settlement structures (in addition to formal and informal discovery), and the Proposed Lead Counsel believe that the Class would benefit from continuing discussions with the same leadership.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on June 17, 2010 in Chicago, Illinois.

_____
Jay Edelson