**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: JP Morgan Chase Bank Home Equity Line of Credit Litigation | ) | Master Docket Case No. 10-cv-3647 |
| | ) | ALL CASES |
| | ) | Judge Rebecca R. Pallmeyer |

**PLAINTIFFS' AND DEFENDANT'S JOINT RULE 26(f) REPORT**

Plaintiffs William Cavanagh, Robert and Maria Frank, Shannon Hackett, Michell Kimball, Michael Malcolm, Daryl Mayes, Michael Walsh, Robert Wilder and Mary Jane Yakas (collectively "Plaintiffs") and Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "Chase") through their respective counsel of record jointly present their Rule 26(f) Report to the Court as follows:

**1. Meeting**

Pursuant to Federal Rule 26(f) and this Court's Orders of July 1, 2010 and July 19, 2010 [Dkt. Nos. 22, 37,] a planning meeting was held on July 20, 2010, at the offices of Defendant's counsel, Burke, Warren, MacKay & Serritella, P.C. and was attended by Jay Edelson, Evan Meyers, Steven Lezell, and Irina Slavina of Edelson McGuire, LLC, Karin Fisch and Grace Parasmo of Abbey Spanier Rodd & Abrams (by telephone), and Jacqueline Sailer and Lee Albert of Murray, Frank & Sailer LLP (also by telephone) for Plaintiffs, and LeAnn Pedersen Pope and Victoria Collado of Burke, Warren, MacKay & Serritella, P.C. for Defendants. As this Court directed, counsel discussed possible settlement and the preparation of a planning report. The conference was productive and the Parties intend on continuing their settlement dialogue.

**2. Pre-trial Schedule**

The Parties jointly propose to the Court the following discovery plan:

**a. Discovery areas:**

Plaintiffs anticipate that discovery will be needed on the following issues:

(1) Issues related to the requirements for class certification;

(2) Issues related to Chase's Home Equity Line of Credit ("HELOC") suspension and reduction practices and policies and Chase's procedures, processes, and standards for investigating and determining that a customer's home value and/or equity significantly declined so as to justify account suspension or reduction;

(3) Issues relating to Chase's use of and/or reliance on Automated Valuations Models ("AVMs"), including the design, data and formulas used in such AVMs and the accuracy and reliability of such AVMs.

(4) Issues related to Chase's HELOC suspension and reduction notices;

(5) Issues related to Chase's use of form HELOC agreements;

(6) Issues related to Chase's customer service and Chase's management and processing of customer responses, appeals and customer service, including Chase's reliance on appraisals to determine the reinstatement of suspended or reduced accounts;

(7) Issues related to Chase's defenses;

(8) Issues relating to the damages incurred by or available to the Plaintiffs and the Class members;

(9) Issues related to Chase's processing, generation, and storage of electronic information; and

(10) Such other issues that may arise relevant to the case.

Defendant does not agree that all of Plaintiffs' categories of discovery are necessary to determine the merits of the individual named plaintiffs' claims, or whether this action meets the class certification criteria of Rule 23. Defendant anticipates that discovery will be needed on the following subjects to determine class certification and the merits of the named Plaintiffs' individual claims:

(1) The purposes for which Plaintiffs used the home equity lines of credit ("HELOC");

(2) The decline in value of the properties securing Plaintiffs' HELOCs, including the value of Plaintiffs' property at origination and the value of the property at suspension;

(3) The equity Plaintiffs had in the properties securing the HELOCs;

(5) Plaintiffs' claimed damages;

(6) The terms of the contracts between the parties and the claimed breaches;

(7) The suspension notices Defendant sent Plaintiffs and other communications;

(8) Whether Plaintiffs were actually deceived by any allegedly false statements or deceptive practices and the veracity of any allegedly false statements or deceptive practices;

(9) Such other issues that may arise relevant to class certification.

**b. Pleadings:**

The Parties have agreed, subject to the Court's approval, that Plaintiffs will have leave to file a Consolidated Class Action Complaint by August 30, 2010. Defendant will file its responsive pleading by October 12, 2010.

**c. Initial Disclosures:**

Plaintiffs believe that, in light of the fact that Defendant has already exchanged initial disclosures in other HELOC cases and motions to dismiss have already been filed and briefed in

other cases, Rules 26(a)(1) initial disclosures should be exchanged within fourteen (14) days from Plaintiffs' filing of the Consolidated Complaint.

Defendant believes that the exchange of initial disclosures should be deferred until the scope of both the potential claims and the purported class (if any) is identified.

**d. Depositions:**

At this point in the litigation, the Parties are not able to estimate the number of depositions that will be required.

*Plaintiffs' anticipated depositions.* Plaintiffs anticipate taking the depositions of several party witnesses on the issues set forth in Paragraph 2(a), above. Plaintiffs also anticipate taking the depositions of multiple third-party witnesses, including employees or representatives of Automated Valuation Model ("AVM") vendors and appraisal companies. The total number of depositions is unknown at this time and will depend on Chase's response to interrogatories and witness designations in response to a 30(b)(6) deposition notice. However, at this stage, Plaintiffs estimate that they will need to take ten (10) fact witness depositions, not including the depositions of any experts Defendant may designate.

*Defendant's anticipated depositions.* Defendant anticipates taking the depositions of the named Plaintiffs and other witnesses identified in discovery. Defendant also anticipates taking the depositions of any expert witnesses Plaintiffs designate.

**e. Discovery schedule**

Defendant has already produced certain documents in response to discovery issued in the *Hackett* and *Yakas* matters. A subpoena for documents was also previously issued to third-party First American CoreLogic, Inc., and additional documents will be produced upon entry of a protective order. The Parties will work to prioritize discovery so as to conduct discovery in a

productive and efficient manner.

    1.    *Plaintiffs' position*:

It is Plaintiffs' position that fact discovery commence as soon as practicable, particularly in light of the fact that some documents have already been produced by Defendant and some depositions of Defendant's employees have already been taken. Multiple District Courts have already ruled on the vast majority of claims that will be contained in the Consolidated Complaint and, thus, the Parties are already aware of specific claims on which they will be at issue. If discovery commences only after the Court's ruling on any potential motion to dismiss, discovery would effectively be stayed for several months.

Plaintiffs propose an initial 30-day period during which the Parties discuss ESI search terms and protocols, with the goal of crafting an ESI stipulation consistent with the Seventh Circuit's eDiscovery pilot program. During that 30-day period, the Parties will also submit a proposed protective order and work to resolve any document preservation issues. Fact discovery should commence as soon as practicable thereafter and will continue until 60 days after the Court's ruling on Plaintiffs' motion for class certification. Any expert designations would need to be exchanged no later than April 1, 2011, with expert rebuttal reports to be exchanged no later than May 17, 2011.

Plaintiffs disagree with any suggestion that fact discovery should be bifurcated between "class" and "merits" discovery and that "merits" discovery be stayed until after the Court rules on Plaintiffs' class certification motion. Plaintiffs believe that, in this case, substantive "merits" issues are closely related and intertwined with Rule 23 class certification issues such that bifurcation of discovery would be difficult and could lead to redundancies and inefficiencies. Moreover, current law militates in favor of courts addressing merits issues where necessary in

order to conduct a proper Rule 23 analysis. Thus, determining what is and is not subject to class discovery would be difficult and subject to differing opinions, and thus likely lead to myriad discovery disputes and motions, creating a highly redundant and inefficient process.

    2.    *Defendant's position:*

*Commencement.* Defendant agrees that discovery should commence as soon as practicable, but only after the parties are at issue or after the Court rules on any motion to dismiss the forthcoming Consolidated Class Action Complaint.

*Discovery to Focus on Plaintiffs' Claims and Class Certification.* Defendant disagrees that Plaintiffs should be allowed unlimited discovery prior to class certification. Rather, after the scope of the claims at issue have been determined, the parties should focus on discovery relating to plaintiffs' individual claims and class certification. "The court should ascertain what discovery on class questions is needed for a certification ruling and how to conduct it efficiently and economically." Manual for Complex Litigation (Fourth), § 11.213. Defendant recognizes that there is not always a bright line between merits discovery and class certification discovery. For example, discovery relating to the merits of plaintiffs' individual claims is necessary for class certification since the Court will have to examine the evidence necessary to prove those claims in order to determine whether this evidence can prove the claims of all class members. However, "in cases that are unlikely to continue if not certified, discovery into aspects of the merits unrelated to certification delays the certification decision and can create extraordinary and unnecessary expense and burden." *Id.*, § 21.14. Defendant believes that the Parties should be able to reach an agreement regarding the discovery necessary for class certification purposes and, failing an agreement, can raise any disputes with the Court.

*Expert Discovery*. Plaintiffs propose a bifurcation of "expert" and "fact discovery," with

"fact discovery" proceeding first. At the planning meeting, however, Plaintiffs indicated that their motion for class certification may include expert testimony, such as testimony regarding how class claims can be determined through statistical analysis. Expert discovery prior to class certification should be limited to expert testimony related to class certification.

Defendants propose that Plaintiffs identify any expert(s) relating to class certification and provide any such expert(s) report by April 1, 2011. Plaintiff will produce any expert(s) for deposition on or before April 29, 2011. Defendant will identify any rebuttal expert(s) and provide any such expert(s) report by May 17, 2011. Defendant will produce any expert(s) for deposition on or before June 14, 2011.

**f. Electronic Discovery**

At the July 20, 2010 planning meeting, the Parties discussed electronic discovery. However, the Parties did not discuss specific ESI search terms or search protocols.

1. *Plaintiffs' position*: As set forth in Paragraph 2(d), above, Plaintiffs propose a 30-day period wherein the Parties meet to discuss ESI search terms and protocols prior to the commencement of fact discovery with the goal of crafting an ESI stipulation consistent with the Seventh Circuit's eDiscovery pilot program. Plaintiffs believe that this 30-day period should commence as soon as practicable, since there has already been some written discovery and depositions in other cases. The Parties would seek the involvement of the Court only if necessary.

2. *Defendant's position*: At the planning meeting, Defendant requested that Plaintiffs provide a description of the categories of documents that they would be seeking from Defendants. As recognized by the Principles Relating to the Discovery of Electronically Stored Information of the Seventh Circuit Electronic Discovery Pilot Program, the first step is for the

parties to discuss "the identification of relevant and discoverable ESI." Principle 2.01(a)(1). After Plaintiffs have determined what discovery they need for their individual claims or for class certification, the parties will be able to determine what ESI is implicated by those requests, which would provide a context for further ESI discussions.

**g. Motion for Class Certification**

1. *Plaintiffs' position*: Plaintiffs' motion for class certification would be due on July 1, 2011, with Defendant having until August 5, 2011 to file its response, and Plaintiffs having until September 2, 2011 to file a reply. The cut-off for all discovery would be 60 days after the Court's ruling on Plaintiffs' motion for class certification.

2. *Defendant's position:* Defendant proposes that the Plaintiffs' motion for class certification should be filed by August 1, 2011. Defendant recognizes that Plaintiffs' anticipated reliance on expert testimony for class certification may raise *Daubert* issues. The Seventh Circuit recently confirmed that "when an expert's report or testimony is critical to class certification, . . . a district court must conclusively rule on any challenge to the expert's qualifications or submissions prior to ruling on a class certification motion. That is, the district court must perform a full *Daubert* analysis before certifying the class if the situation warrants." *Am. Honda Motor Co., Inc. v. Allen*, 600 F. 3d. 813, 815 (7th Cir. 2010). Thus, Defendant should have until September 9, 2011 to file its response to class certification. Plaintiffs should have until October 7, 2011 to file a reply.

**h. Dispositive Motions**

The Parties agree that dispositive motions should be filed no later than 90 days following the Court's ruling on Plaintiffs' motion for class certification. A pretrial conference should be held within 30 days of the Court's ruling on any dispositive motions.

      **i. Trial**

1. *Plaintiffs' position*: Plaintiffs anticipate a jury trial that would last approximately ten days to two weeks.

2. *Defendant's position:* At this juncture and without knowing the scope of the issues (if any) that will proceed to trial and whether this case may go forward as a class action, Defendant cannot reasonably estimate the length of trial. Defendant reserves its right to object to a jury trial to the extent inappropriately requested on any given claim.

**i. Joinder of parties and amendment of pleadings**

Plaintiffs will file their Consolidated Complaint by August 30, 2010.

1. *Plaintiffs' position*: It is Plaintiffs' position that the deadline for amending pleadings be set for 2 months after the filing of Defendant's Answer or the Court's ruling on Defendant's motion to dismiss, so as to allow Plaintiffs an adequate opportunity, if necessary, to amend the class definition in the Consolidated Complaint, among other things. Any subsequent amendments would require good cause and leave of Court.

2. *Defendant's position:* Plaintiffs should have until August 30, 2010 to add any new parties or claims. Any further amendments to the pleadings should be with leave of Court.

**3. Settlement**

On July 20, 2010, pursuant to this Court's Order, the Parties continued to discuss settlement at their Rule 26(f) planning meeting. The Parties have agreed to continue the settlement dialogue and will inform the Court of any interest in Court-involved settlement discussions or mediation.

**4. Consent**

The Parties do not consent unanimously to proceed before a Magistrate Judge.

Dated: July 29, 2010

By: /s/ Evan M. Meyers
[Plaintiffs' Counsel]

Jay Edelson
Evan M. Meyers
Steven Lezell
Edelson McGuire, LLC
350 N. LaSalle Drive, Suite 1300
Chicago, IL 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
jedelson@edelson.com
emeyers@edelson.com
slezell@edelson.com

Karin E. Fisch
Grace E. Parasmo
Abbey Spanier Rodd & Abrams, LLP
212 East 39th Street
New York, NY 10016
Tel: (212) 889-3700
Fax: (212)684-5191
kfisch@abbeyspanier.com
gparasmo@abbeyspanier.com

Jacqueline Sailer
Lee Albert
Murray, Frank & Sailer, LLP
275 Madison Avenue, 8th Floor
New York, NY 10016
Tel: (212) 682-1818
Fax: (212) 682-1892
jsailer@murrayfrank.com
lalbert@murrayfrank.com

*Interim Co-Lead Counsel for Plaintiffs*

Dated: July 29, 2010

By: /s/_Michael G. Salemi______
[Defendant's Counsel]

LeAnn Pedersen Pope
Victoria R. Collado
Michael G. Salemi
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash, 22nd Floor
Chicago, IL 60611
Tel: (312) 840-7000
Fax: (312) 840-7900
lpope@burkelaw.com
vcollado@burkelaw.com
msalemi@burkelaw.com

*Counsel for Defendant JPMORGAN CHASE BANK, N.A.*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on July 29, 2010, a true and correct copy of the foregoing document was filed electronically using the Court's Electronic Case Filing System. A Notice of Electronic Filing will be sent by electronic mail to all counsel of record by operation of the Court's Electronic Filing System.

By: /s/Michael G. Salemi