## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: JP Morgan Chase Bank Home Equity Line of Credit Litigation | ) ) ) ) ) ) ) ) | MDL No. 2167<br><br>Master Docket Case No. 10-cv-3647<br><br>Judge Rebecca R. Pallmeyer |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement") is entered into by William Cavanagh, Robert M. Frank, Maria I. Frank, Shannon Hackett, Michael Malcolm, Daryl Mayes, Michael Walsh, and Robert Wilder, on behalf of a class defined herein (collectively the "Plaintiffs") and JPMorgan Chase Bank, N.A. ("Chase").

This Agreement is intended by Plaintiffs and Chase (collectively "the Parties") to fully, finally and forever compromise, resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof, and subject to approval of the Court.

### RECITALS

A.    Between June 18, 2009 and March 5, 2010, eight separate putative nationwide class action complaints were filed against Chase claiming that Chase improperly suspended or reduced borrowers' Home Equity Lines of Credit ("HELOCs") based on a purported significant decline in the value of the property securing the HELOC. Plaintiffs in all of these class actions alleged various state law and federal law claims, including that Chase's conduct breached the borrowers' HELOC contracts and violated the Truth-in-Lending Act, 15 U.S.C. § 1601 *et. seq*. ("TILA"), its implementing regulation, Regulation Z, 12 C.F.R. § 226.5b, and certain state consumer protection statutes.

B.     On June 7, 2010, the Judicial Panel on Multidistrict Litigation transferred these eight class actions to the United States District Court for the Northern District of Illinois for coordinated pretrial proceedings as *In re JPMorgan Chase Bank Home Equity Line of Credit Litigation*, MDL No. 2167, Case No. 10-C-3647 (the "Action" or "Litigation").   The cases transferred were: *Kimball v. Washington Mutual Bank, Henderson, Nevada, et al.*, No. 3:09-1261 (S.D. Cal., filed June 10, 2009); *Walsh v. Washington Mutual*, No. 09-cv-4387 (C.D. Cal., filed June 18, 2009); *Yakas v. Chase Manhattan Bank, USA, N.A.*, No. 3:09-2964 (N.D. Cal., filed July 1, 2009); *Wilder v. JPMorgan Chase Bank, N.A.*, No. 09-cv-0834 (C.D. Cal., filed July 17, 2009); *Malcolm v. JPMorgan Chase Bank, N.A.*, No. 09-cv-4496 (N.D. Cal., filed Sept. 24, 2009); *Cavanagh v. JPMorgan Chase Bank, N.A.*, No. 09-cv-3389 (D. Minn., filed Nov. 25, 2009); *Frank v. Washington Mutual*, No. 09-cv-3408 (E.D. Cal., filed Dec. 8, 2009); *Hackett v. JPMorgan Chase Bank*, *N.A.*, No.  09-cv-7986 (N.D. Ill., filed Dec. 24, 2009); *Mayes v. JPMorgan Chase Bank, N.A.*, No. 10-cv-0157 (N.D. Tex., filed Mar. 5, 2010).   Two additional class action cases were also transferred to the MDL as tag-a-long cases: *Waterman v. JPMorgan Chase Bank, N.A.*, No. 3:10-cv-514-S (W.D. Ky., filed July 28, 2010) and *Crystal v. JP Morgan Chase Bank, N.A.,* No. 1:10-cv-06023-FB -RER (E.D.N.Y. Dec. 29, 2010).   Collectively, these cases are the "Underlying Class Actions."

C.     On July 16, 2010, the Court appointed Jay Edelson of Edelson McGuire, LLC, Karin Fisch of Abbey Spanier Rodd & Abrams, LLP and Jacqueline Sailer of Murray, Frank & Sailer LLP as interim co-lead class counsel in the centralized proceeding.

D.     The Parties have vigorously litigated the issues in this Action.   Prior to transfer, the Parties fully briefed numerous motions, including nine motions to dismiss that were granted in part and denied in part, and exchanged informal and formal discovery.   After the Underlying

Class Actions were transferred to Northern District of Illinois, Plaintiffs filed a Consolidated Amended Class Action Complaint on August 30, 2010 ("Complaint"), and the Parties briefed another motion dismiss that was granted in part and denied in part. On August 12, 2011, Chase answered the remaining claims in the Complaint and the Parties continued formal and informal discovery.

E. Throughout the Litigation, the Parties through their respective counsel have engaged in settlement discussions, including several telephone conferences and face-to-face meetings that culminated in a formal mediation before the Honorable Wayne Andersen (Ret.) on December 14, 2011. Thereafter counsel for the Parties continued to engage in telephonic sessions with Judge Andersen and with each other until an agreement was reached in principle with respect to the relief to be made available to the Class. Only after the Parties had reached that agreement did they negotiate Plaintiffs' attorneys' fees and incentive awards.

E. Chase has denied and continues to deny that it committed or attempted to commit any of the wrongful acts alleged in Plaintiffs' pleadings, or that it has engaged in any other wrongdoing. Chase maintains that there was a significant decline in the property values of those customers whose HELOCs were reduced or suspended, that it complied with the HELOC contracts, TILA, Regulation Z and all applicable state laws. Chase further maintains that it has meritorious defenses to Plaintiffs' claims, and that it was and is prepared to vigorously defend the case. Nevertheless, taking into account the uncertainty, risk, and distractions inherent in any litigation, Chase has concluded that the continued defense would be disruptive, burdensome and expensive and that it is desirable and beneficial to fully and finally settle and terminate the Action in the manner and upon the terms and conditions set forth in this Agreement.

F.      Plaintiffs believe that the claims asserted in this Action have merit and are prepared to vigorously pursue this litigation. Nonetheless, Plaintiffs and Class Counsel recognize and acknowledge the expense and length of continued prosecution of this case against Chase through trial and any subsequent appeals. Plaintiffs have also taken into consideration various modifications to Chase's policies and procedures that it has made over time for managing HELOCs, and the fact that Chase has reinstated a number of the HELOC accounts which were suspended or reduced. Plaintiffs and Class Counsel have also taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation. Therefore, Plaintiffs and Class Counsel believe that it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice, and barred pursuant to this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, and their respective counsel that, subject to approval of the Court after a hearing or hearings as provided for in this Agreement, in consideration of the benefits flowing to the Parties as set forth herein, that the Released Claims shall be finally and fully compromised, settled and released, and the Action and the Underlying Class Actions shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

1.      **DEFINITIONS**.

As used in this Agreement, the following terms have the meanings specified below:

1.1      **"Action" or "Litigation"** means the consolidated putative class action styled *In re JPMorgan Chase Bank Home Equity Line of Credit Litigation*, MDL No. 2167, Case No. 10-C-3647 (N.D. Ill.).

**1.2** **"Approved Claim"** means a Claim Form submitted by a Subclass Member that is (a) timely and submitted in accordance with the directions on the Claim Form and the provisions of the Agreement; (b) verified by the Subclass Member; and (c) contains information regarding the Subclass Member's claimed damages.

**1.3** **"Chase's Counsel"** means LeAnn Pedersen Pope and Victoria Collado of Burke, Warren, MacKay & Serritella, P.C.

**1.4** **"Claims Administrator"** means [TBD] (or, if necessary, any replacement chosen by Chase), who Chase will retain to oversee the provision of Notice to the Class and Subclass as set forth in this Agreement, the processing of Requests for Exclusion from this Agreement, the Notices of Intention to Appear and Object to this Agreement, the processing of Claim Forms as set forth in this Agreement, and the payment of benefits to Subclass Members as set forth in this Agreement.

**1.5** "**Claims Deadline**" means the date by which all Claim Forms must be received to be considered timely and shall be no later than thirty (30) days after the scheduled Fairness Hearing.

**1.6** **"Claim Form"** means the document that a member of the Former Customer Subclass must submit to obtain the Settlement Benefit described in paragraph 3.3 of this Agreement, substantially in the form attached hereto as Exhibit 1, as approved by the Court. The Claim Form shall be available in paper format and in downloadable form on the settlement website. The Claim Form may be submitted to the Settlement Administrator electronically via the settlement website, e-mail, or U.S. Mail. To be eligible for the monetary benefit, the Claim Form will require Subclass Members to provide basic information, including the property address associated with the customer's Chase HELOC account and will set forth categories of

potential damages for Former Customer Subclass Members to indicate whether they claim to have incurred such injuries, as discussed in Section 7.2 below.

1.7    **Class and Subclass Definitions.** For the purposes of settlement only, the Parties agree to the following Class and Subclass definitions:

(a)    The Class:

The Class consists of all Chase HELOC customers nationwide who had their HELOCs suspended or reduced by Chase at any time between January 1, 2007 and September 30, 2012 based on Chase's determination that the property securing the HELOC had significantly declined in value.

(b)    The Former Customer Subclass:

The "Former Customer Subclass" or "Subclass" consists of all borrowers in the Class who closed their Chase HELOC account following a suspension or reduction of the HELOC by Chase, and their account was still suspended or reduced for decline in property value when the borrower closed the account.

1.8    **"Class Counsel"** means Jay Edelson and Steven Woodrow of Edelson McGuire, LLC, Karin Fisch of Abbey Spanier Rodd & Abrams, LLP, and Brian Murray of Murray Frank, LLP.

1.9    **"Class Member"** means a Person who falls within the definition of the Class (above) and who has not submitted a valid Request For Exclusion

1.10    **"Class and Subclass Representatives."** For the purposes of settlement only, the Parties agree to the following Class and Subclass Representatives, subject to Court approval: Class Representatives:  William Cavanagh, Robert M. Frank, Maria I. Frank, Shannon Hackett,

Michael Malcolm, Daryl Mayes, Michael Walsh, and Robert Wilder; Subclass Representatives: Shannon Hackett, Michael Walsh.

1.11 **"Complaint"** means the Consolidated Amended Class Action Complaint filed on August 30, 2010.

1.12 **"Court"** means the United States District Court for the Northern District of Illinois.

1.13 **"Effective Date"** means the date, if any, on which the Judgment entered pursuant to this Agreement becomes Final.

1.14 **"Fairness Hearing"** means the hearing before the Court where the Parties will request Judgment be entered by the Court approving the Agreement as fair, reasonable and adequate, and ruling on the requests for Fee Award, and the incentive awards to the proposed Class Representatives.

1.15 **"Fee Award"** means the amount of attorneys' fees and reimbursement of costs awarded by the Court to Class Counsel.

1.16 **"Final"** means one business day following the later of the following events: (i) the date upon which the time expires for filing any appeal of the Court's Judgment ordering the dismissal with prejudice of the Released Claims and approving the Agreement; (ii) if there is an appeal, the date of completion, in a manner that finally affirms and leaves in place the Judgment without any material modification, of all proceedings arising out of the appeal (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari.

**1.17** **"Former Customer Settlement Subclass Member" or "Subclass Member"** means a Person who falls within the definitions of the Class and Subclass (above) and who does not submit a valid Request For Exclusion.

**1.18** **"Judgment"** means the Order of Final Judgment to be entered by the Court, without modifications that are unacceptable to Plaintiffs or Chase, at the Fairness Hearing or such other time approving this Agreement as fair, adequate and reasonable in accordance with applicable jurisprudence, confirming the certification of the Class and Subclass, ordering the dismissal with prejudice of the Action and the Underlying Class Actions and approving the Settlement and Fee Award, and issuing such other findings and determinations as the Court or the Parties deem necessary and appropriate to effectuate the terms of this Agreement.

**1.19** **"Nationwide"** means the 50 United States of America and its territories.

**1.20** **"Notice" or "Notice Plan"** means the documents disseminated to the Class describing this Agreement that shall be provided in the manner stated in Section 5 below, and includes a "long form" notice form to be posted on a website administered by the Settlement Administrator, as well as summary notice forms sent by U.S. Mail in the manner described in Section 5, to each Class Member.

**1.21** **"Notice of Intention to Appear and Object"** is the written communication that must be filed with the Court on or before the last day of the Opt-out/Objection Deadline by any Class Member in order to object to the approval of any portion of this Agreement.

**1.22** **"Opt-Out/Objection Deadline"** means the date to be set by the Court for Class Members to submit a Request For Exclusion or a Notice of Intention to Appear and Object. The deadline for post marking a Request For Exclusion or a Notice of Intention to Appear and Object

will be clearly set forth in the Notice and shall be no later than 21 days before the Fairness Hearing.

1.23 **"Preliminary Approval"** means the Court's certification of the Class solely for settlement purposes, entry of an order granting preliminary approval of this Agreement, as well as approval of the form and methods of dissemination of the Notice, the Notice Plan, and the Claim Form.

1.24 **"Parties"** means collectively the Plaintiffs and Chase.

1.25 **"Party"** means any or each of the Plaintiffs, or Chase.

1.26 **"Person"** means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.27 **"Plaintiff" or "Plaintiffs"** means William Cavanagh, Robert Frank, Maria Frank, Shannon Hackett, Michael Malcolm, Daryl Mayes, Michael Walsh, and Robert Wilder (collectively).

1.28 **"Released Claims"** means all claims (including "Unknown Claims" as defined below), demands, rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, against the Released Parties (as defined below), or any of them, from the beginning of time to the date of Preliminary Approval, that were or could have been alleged in the Complaint arising out of or relating in any way to Chase's policies, systems, standards and procedures for suspending HELOCs based on declines in the values of its borrowers' properties

that serve as security for the HELOCs, including without limitation, Chase's procedure for valuing the borrowers' properties, its HELOC account suspensions, credit limit reductions, and reinstatement standards, processes, and policies, and communications with borrowers regarding the same.

1.29 **"Releasing Parties"** means the Plaintiffs and Settlement Class Members, and each and all of their present or past heirs, executors, personal representatives, guardians, estates, authorized users, guarantors, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, accountants, financial and other advisors, investment bankers, underwriters, lenders, and each of their affiliates' present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, accountants, financial and other advisors, investment bankers, underwriters, lenders and any other representatives of any of these Persons and entities.

1.30 **"Released Parties"** means Chase and each and all of its past, present and future predecessors, successors, assigns, parents, divisions, subsidiaries, associates, affiliated companies and corporations, and each and all of their respective past, present and future representatives, employees, managers, agents, consultants, insurers, directors, committees, managing directors, officers, partners, general partners, limited partners, principals, members, insurers, reinsurers, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trusts, trustees, corporations, officers,

directors, other individuals or entities in which JPMorgan Chase Bank, N.A. has a controlling interest or which is related to or affiliated with any of them or any other representatives of any of these Persons and entities, and each and all of their respective executors, successors, assigns and legal representatives.

1.31 **"Request For Exclusion"** is a timely written communication by a Class Member stating that he or she wishes to be excluded from the Class. To be timely, any Request for Exclusion must be mailed to the Settlement Administrator and postmarked on or before the last day of the Opt-Out/Objection Deadline.

1.32 **"Settlement," "Agreement" or "Settlement Agreement"** means this Agreement.

1.33 **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice to the Class, administering Requests for Exclusion, Notices of Intention to Appear and Object, and handling claims for cash benefits by the Subclass, as described in this Agreement.

1.34 **"Settlement Benefit"** means the benefits a Settlement Class Member may receive pursuant to this Agreement.

1.35 **"Suspension" "Treatment" or "Block" and "Reduction"** and their reasonable variants means Chase's suspension of a particular HELOC account or accounts from further draws or reduction of the available credit limit.

1.36 **"Underlying Class Actions"** mean the class actions transferred to this Court for coordinated pretrial proceedings by the Judicial Panel for Multidistrict Litigation styled as *Kimball v. Washington Mutual Bank, Henderson, Nevada, et al.*, No. 3:09-1261 (S.D. Cal., filed June 10, 2009); *Walsh v. Washington Mutual*, No. 09-cv-4387 (C.D. Cal., filed June 18, 2009);

*Yakas v. Chase Manhattan Bank, USA, N.A.*, No. 3:09-2964 (N.D. Cal., filed July 1, 2009);

*Wilder v. JPMorgan Chase Bank, N.A.*, No. 09-cv-0834 (C.D. Cal., filed July 17, 2009);

*Malcolm v. JPMorgan Chase Bank, N.A.*, No. 09-cv-4496 (N.D. Cal., filed Sept. 24, 2009);

*Cavanagh v. JPMorgan Chase Bank, N.A.*, No. 09-cv-3389 (D. Minn., filed Nov. 25, 2009);

*Frank v. Washington Mutual*, No. 09-cv-3408 (E.D. Cal., filed Dec. 8, 2009); *Hackett v. JPMorgan Chase Bank*, N.A., No. 09-cv-7986 (N.D. Ill., filed Dec. 24, 2009); and *Mayes v. JPMorgan Chase Bank, N.A.*, No. 10-cv-0157 (N.D. Tex., filed Mar. 5, 2010); *Waterman v. JPMorgan Chase Bank, N.A.*, No. 3:10-cv-514-S (W.D. Ky., filed July 28, 2010); *Crystal v. JP Morgan Chase Bank, N.A.,* No. 1:10-cv-06023-FB -RER (E.D.N.Y. Dec. 29, 2010).

**1.37** **"Unknown Claims"** means claims that could have been raised in this Action or in any of the Underlying Class Actions, and that the Plaintiffs or any or all other Persons and entities whose claims are being released, or any of them, do not know or suspect to exist, which, if known by them, might have affected their decision to enter into this Agreement and to release the Released Parties or the Released Claims or might affect their decision to agree, object or not to object to the Settlement. Upon the date of Preliminary Approval, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the date of Preliminary Approval, the Releasing Parties also shall be deemed to have, and shall have, expressly waived any and all provisions, rights and benefits conferred by any law of

any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties also acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the Released Claims and the dismissal with prejudice contained in the Judgment or the law applicable to such claims may change, but that they expressly accept and assume the risk of those possible differences and that it is their intention to expressly waive and finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph, and that the releases set forth in this Settlement Agreement remain effective notwithstanding such differences in fact.

## 2.     REQUIRED EVENTS AND COOPERATION BY THE PARTIES

**2.1**     *Preliminary Approval*:     Promptly after execution of this Agreement, Class Counsel shall submit this Agreement to the Court for its Preliminary Approval and shall move the Court to enter a Preliminary Approval Order, which by its terms shall:

(a)     Appoint Class Counsel and the Plaintiffs as the Class Representatives;

(b)     Certify the Class and Former Customer Subclass under Federal Rule of Civil Procedure 23 for settlement purposes only and without prejudice to Chase's right to contest class certification on an adversarial basis if the Agreement is not approved;

(c)     Preliminarily approve this Agreement for purposes of issuing Notice to the Class and Former Customer Subclass members;

(d)     Approve the form and contents of the Notice and the method of its dissemination to Class and Former Customer Subclass members; and

(e)     Schedule the Fairness Hearing to review comments and/or objections

regarding this Agreement, to consider its fairness, reasonableness and adequacy, and the application for an award of attorneys' fees and reimbursement of expenses and to consider whether the Court shall issue a Judgment approving this Agreement, granting Class Counsel's application for the Fee Award, and entering the Judgment dismissing this Action and the Underlying Class Actions with prejudice;

(f)　　Stay all proceedings in the Action, until the Effective Date or termination of the Settlement, whichever occurs earlier, except as may be necessary to obtain and or effectuate final approval of the Settlement; and

(g)　　Enjoin Settlement Class Members from commencing or prosecuting any Released Claims against any Released Parties pending final approval of the Settlement.

**2.2**　　*Final Approval:*　Class Counsel shall file a motion for final approval of the Agreement, set for hearing on or after the date selected by the Court for the Fairness Hearing, and request the Court to enter the Judgment.　This Agreement is expressly contingent upon the entry of said order, that by its terms shall:

(a)　　Enter the Judgment contemplated by this Agreement finding that each Settlement Class Member has forever released and discharged each Released Party from liability for any and all Released Claims;

(b)　　Direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions;

(c)　　Find that the notice and the notice methodology implemented pursuant to the Agreement constituted reasonable, due, adequate and sufficient notice to all persons entitled to receive notice, and met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court;

(d)     Find that Class Counsel and the Class Representatives adequately represented the Class and Subclass for purposes of entering into and implementing the Agreement;

(e)     Set the Fee Award to Class Counsel and incentive award to the Class Representatives; and

(f)     Without affecting the finality of the Judgment for purposes of appeal, the Court shall retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Agreement and the Judgment and for any other necessary purpose.

**2.3**     *Cooperation*:  The Parties shall, in good faith, cooperate, assist and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court.

**2.4**     *Certification of Class*:   Solely for purposes of effectuating this Settlement, Chase agrees to the certification of the Class and Former Customer Subclass (defined above in paragraph 1.7), pursuant to per Fed. R. Civ. P. 23(b)(3). Certification of the Settlement Class and Subclass as set forth in this Agreement shall not be deemed a concession that certification of a litigation class is appropriate, nor would Chase be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement is not finalized or finally approved. If the Settlement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, the Parties and the Action shall be restored to the *status quo ante*, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in the Action. No agreements made by or entered into by Chase in connection with the Settlement may be used by Plaintiffs, any person in

the Settlement Class or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other judicial proceeding.

## 3. SETTLEMENT BENEFITS

### 3.1 *Relief Available to All Settlement Class Members*

(a) <u>Proactive Offer of Account Reinstatements</u>: Within 90 days of the Effective Date, Chase agrees to proactively offer account reinstatement to those Class Members who satisfy Chase's internal property value and credit guidelines and other criteria on the Effective Date. Chase will send a letter to any Class Member who Chase identifies as meeting these criteria advising that Chase is willing to reinstate his or her HELOC up to a limit set by Chase. The Class Member may accept Chase's offer to reinstate the HELOC by checking a box indicating acceptance and returning the letter to Chase. A Class Member who fails to check the box and timely return the letter to Chase will not have his or her HELOC reinstated through the Proactive Account Reinstatement Process.

(b) <u>Notice of Right to Request Reinstatement</u>: Within 9 months of the Effective Date, Chase agrees to send a Notice of Right to Request Reinstatement substantially in the form attached hereto as Exhibit 2 to Class Members whose accounts are open and remain suspended or reduced because of a decline in property value and who have more than 90 days left in the draw period as of the Effective Date. Mailing of the Notice of Right to Request Reinstatement will start with those Class Members whose accounts are closest to expiration of the draw period. The Notice of Right to Request Reinstatement: (i) will explain that Chase has revised some of its standards for reinstating HELOC accounts in ways that may be more favorable to borrowers and that Class Members may be considered for reinstatement or partial reinstatement under Chase's revised policies; and (ii) will remind Class Members that they have

the right to request reinstatement.

(c)    <u>Enhanced Account Suspension/Reduction Notices</u>: For the 12 month period following the Effective Date, Chase agrees to modify the notices that it sends to customers whose accounts Chase suspends or reduces based on a claim that the borrower's property has significantly declined in value, to include the value an appraisal would need to state the property is worth in order for Chase to reinstate the HELOC.

(d)    <u>Limitation on Use of AVMs</u>: For the 12-month period following the Effective Date, Chase will not rely upon Automated Valuation Models previously identified by Chase internally as Tier 3b, 4b, or 5b in determining whether to suspend or reduce any HELOC for a decline in property value.

(e)    <u>Reimbursement of Appraisal Fee</u>: For the 12-month period following the Effective Date, Chase will continue its policy of providing refunds of any appraisal fees paid by customers who successfully appeal Chase's suspension or reduction of their HELOCs based on a significant decline in property value.

(f)    <u>Limitation on Use of 5% reduction criterion</u>: For the 12-month period following the Effective Date, for future reductions and suspensions, Chase agrees to limit its use of a 5% reduction in value criterion as an indication of a significant decline in property value to "high CLTV" situations, *i.e.*, when a borrower's combined loan-to-value ratio is 90% or more.

(g)    <u>Service Assurances</u>: For the 12-month period following the Effective Date, Chase agrees to use only AVM models that have gone through its testing and validation processes. Chase further agrees to not materially change its customer service processes for (i) notifying borrowers of account suspensions or reductions, and (ii) addressing customer requests for reinstatement, unless the changes are beneficial to borrowers.

(h)　<u>Future Changes in Law or Regulations</u>: To the extent Congress, the Office of the Comptroller of Currency, the Consumer Financial Protection Bureau, or any other relevant regulatory authority promulgates any law, regulation, interpretation or clarification that would govern any conduct affected by the Settlement, those laws and regulatory provisions shall control.

**3.2**　*Relief for Former Customer Subclass Members.* Members of the Former Customer Subclass who submit complete and valid Claim Forms attesting that they incurred damages as a result of their HELOC suspension may receive a cash payment in the amount of $35. Chase will fund the relief to Former Customer Subclass Members provided in this paragraph. The Settlement Administrator will pay all approved claims via check within sixty (60) days following the Effective Date.

## 4.　THE RELEASE

**4.1**　The obligations incurred pursuant to this Agreement shall be a full and final disposition of this Action, the Underlying Class Actions, and any and all Released Claims as against all Released Parties.

**4.2**　Upon the Effective Date, Plaintiffs, and every Class Member, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties.

**4.3**　This Agreement does not affect or change any terms or conditions of the HELOC Agreements of any Person in the Class.

**5.     NOTICE**

**5.1**     Upon entry of the Order granting Preliminary Approval of this Agreement, the Settlement Administrator shall give Notice or cause Notice to be given to all potential Class Members as described below.

**5.2**     The Notice plan shall include:

(a)     <u>Internet Publication</u>: Within fourteen (14) days of entry of the Order granting Preliminary Approval of the Agreement a traditional "long form" notice substantially in the form attached as Exhibit 3 shall be posted on the settlement website, at a domain name to be mutually agreed upon by the Parties, to be administered by the Settlement Administrator. The website shall include a method by which Former Customer Subclass Members can submit Claim Forms.

(b)     <u>Direct Notice</u>: Within 30 days of entry of the Order granting Preliminary Approval of the Agreement, Chase shall cause the Settlement Administrator to provide a "short form notice," substantially in the form attached hereto as Exhibit 4, via U.S. Mail to the Class at the last-known address in Chase's records, as updated using the National Change of Address registry. Borrowers that Chase has identified as within the Former Customer Subclass, will be so notified on the Short Form Notice and will also receive a copy of the Claim Form along with the Short Form Notice.

(c)     <u>Notice under Class Action Fairness Act</u>. Chase shall cause notice of the Agreement, together with all required documents, to be sent to the appropriate governmental authorities in accordance with the Class Action Fairness Act.

**5.3**    No later than 14 days before the Final Fairness Hearing, the Settlement Administrator will provide affidavits to Class Counsel verifying that Chase caused Notice to be sent to the Class Members in accordance with this Agreement, as approved by the Court.

**5.4**    The Notice to the Class will be completed within 90 days of the Order granting Preliminary Approval.

## 6.    OPT-OUTS AND OBJECTIONS

**6.1**    Any Class Member may request to be excluded from the Class at any time within the Opt-Out/Objection Deadline, by complying with the procedures for doing so as set forth in the Court-approved Notice. In order to exercise the right to opt-out and be excluded from the Class, the Class Member seeking to do so must complete and return a Request For Exclusion by the Opt-Out/Objection Deadline to the Settlement Administrator. Requests for Exclusion filed or post-marked after the Opt-Out/Objection Deadline will be considered invalid and of no effect, and the Class Member who untimely submits a Request for Exclusion will remain a Settlement Class Member and will be bound by any Orders entered by the Court (including a Judgment approving the Agreement and implementing the Release contemplated thereby). All Settlement Class Members (exclusive of those who submit a valid request for exclusion) will be bound by this Agreement and the Judgment, including the Release contained herein. Any Class Member who timely and properly submits a Request for Exclusion shall not: (i) be bound by any orders or Judgment entered in this Litigation nor by the Release herein contained; (ii) be entitled to any Settlement Benefit under this Agreement; (iii) gain any rights by virtue of this Agreement; and (iv) be entitled to object to any aspect of this Agreement, or this Litigation. Each Class Member requesting exclusion from the Class must personally sign his or her own individual Request For Exclusion. No Class Member may opt-out of the Class for any other person or be opted-out by

any other person, and no Class Member shall be deemed opted-out of the Settlement Class through any purported "mass" or "class" opt-outs.

**6.2** Any Class Member who intends to object to this Agreement must file with the Court by the Opt-Out/Objection Deadline, either *pro se* or through counsel hired at the Class Member's own expense, a Notice of Intent to Appear and Object that includes his/her personal signature, his or her full name and address, and all arguments, citations, and evidence supporting the objection, states that he or she is a Class Member, and provides a statement whether the objector intends to appear at the Fairness Hearing, either with or without counsel. A copy of such appearance and Notice of Intention to Appear and Object must also be sent to the Settlement Administrator, Class Counsel, and Chase's Counsel at the time of filing. Objections must be filed and postmarked by the Opt-Out/Objection Deadline. No Class Member shall be heard and no papers, briefs or pleadings submitted by such Class Member shall be received and considered by the Court unless the Court receives the Class Member's properly completed and signed statement of objection and Notice of Intent to Appear and Object by the Opt-Out/Objection Deadline. Any Class Member who fails to timely or properly file an appearance and written objection and Notice of Intent to Appear and Object shall be deemed to have waived his or her objections and be forever barred from making any such objections in this Action, the Underlying Class Actions, any appeal or in any other action or proceeding. The Internet Notice shall advise Class Members that they may, but do not need to hire their own attorney.

**6.3** In the event that the number of class members submitting a valid request for exclusion exceeds 900, then Chase, in its sole discretion, may at any time prior to (3) business days before the Final Approval Hearing, notify Class Counsel in writing that Chase believes the Settlement cannot achieve its purpose. In that event, this Settlement Agreement shall become

null and void for all purposes, the Parties and the Action shall be returned to the *status quo ante*, the Parties shall jointly move that any and all orders entered pursuant to this Settlement Agreement be vacated, and neither this Agreement nor the Parties' willingness to enter into the Settlement shall be used or referred to for any purpose.

## 7. CLAIMS PROCESS & SETTLEMENT ADMINISTRATION

**7.1** *Settlement Administrator's Duties*. The Settlement Administrator shall administer the relief provided by this Agreement by erecting the settlement website, disseminating the Notice, and processing Claim Forms in a rational, responsive, cost effective and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Chase's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Chase's Counsel with information concerning Notice, administration, claims processing, and implementation of the Agreement. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts to be paid to Former Customer Subclass Members with Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

(a) Receive Requests for Exclusion from Class Members seeking to exclude themselves from the Class and provide to Class Counsel and Chase's Counsel a copy thereof within three days of the Opt-Out/Objection Deadline. If the Settlement Administrator receives any exclusion forms or other requests from Plaintiffs after the Opt-Out/Objection Deadline, the

Settlement Administrator shall promptly provide copies thereof to Class Counsel and Chase's Counsel.

(b)     Provide reports to Class Counsel and Chase's Counsel on a reasonable basis which include without limitation, the number of Claim Forms received, the number of Approved Claims, and the categorization and description of Claim Forms approved and rejected by the Settlement Administrator.

(c)     Make available for inspection by Class Counsel and Chase's Counsel the Claim Forms and any supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

**7.2**     *Review of Claim Forms.* The Settlement Administrator shall review Claims Forms for completeness. Former Customer Subclass Members may select via the Claim Form, by checking a box, one or more of the following types of damages: (1) insufficient / NSF fess incurred when checks drawn on the HELOC were dishonored following notice of the suspension; (2) appraisal fees, application costs, and other expenses incurred in applying for and/or obtaining a new HELOC; (3) any annual fees paid to a new lender for any replacement HELOC, and (4) any other damages resulting from the suspension of their HELOC for which the Subclass Member can attest. All valid claims shall be entitled to a set cash award of $35. The Settlement Administrator may reject materially incomplete Claim Forms, and may reject a Claim Form where there is evidence of abuse or fraud. Chase's Counsel and Class Counsel shall have the right to, exercising good faith, challenge the acceptance or rejection of a Claim Form submitted by Former Customer Subclass Members and such challenges will be timely decided through a meet and confer of the Parties.  If the Parties are unable to reach agreement as to a particular claim, the Parties will submit their disagreement to the Court.

**7.3** *Settlement Administration Expenses.* Settlement Administration Expenses shall be paid solely by Chase.

**7.4** *Requests for Additional Information.* In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Class or Subclass Member.

## 8. SETTLEMENT PAYMENTS

**8.1** *Payment of Settlement Benefits.* Within sixty (60) days after the Effective Date, or such other date as the Court may set, the Settlement Administrator shall pay all Subclass Member Approved Claims by check and mail them to approved claimants via U.S. Mail. Any monies remaining from settlement checks that are not cashed within 90 days of issuance shall be donated in equal parts to two *cy pres* recipients to be decided upon by the Parties (with each Party nominating one recipient), subject to the approval of the Court.

**8.2** On and after the Effective Date, Chase shall be solely responsible for ensuring that the Settlement Administrator at all times has adequate funds to pay Approved Claims from the Agreement.

## 9. CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.

**9.1** Chase has agreed to pay Class Counsel, subject to Court approval, an amount up to $1,800,000 in attorneys' fees and reimbursement of costs. Chase will not object to or otherwise challenge Class Counsel's application for reasonable attorneys' fees and for reimbursement of costs and other expenses if limited to the above amount. Class Counsel has, in turn, agreed not to seek more than above amount from the Court.

**9.2** Chase shall pay (by wire) to Class Counsel the Fee Award approved by the Court within fourteen (14) business days of the Effective Date. Class Counsel shall provide wiring instructions and a completed W-9 form to Chase's Counsel before the Effective Date.

**9.3** In addition to any award under the Agreement, and in recognition of their efforts on behalf of the Class, William Cavanagh, Robert and Maria Frank, Shannon Hackett, Michael Malcolm, Daryl Mayes, Michael Walsh, and Robert Wilder shall, subject to Court approval, receive an incentive award of the sum of $31,500 collectively to be divided in seven (7) equal parts to Plaintiffs as follows: Mr. Cavanagh ($4,500), the Franks ($4,500), Ms. Hackett ($4,500), Mr. Malcolm ($4,500), Mr. Mayes ($4,500), Mr. Walsh ($4,500), and Mr. Wilder ($4,500) as appropriate compensation for their time and effort serving as the class representatives in this Litigation. Chase will not object to or otherwise challenge any request to the Court for such amount. Class Counsel has, in turn, agreed not to seek more than above amount from the Court on behalf of the Class Representatives. Chase shall pay such amounts by check within fourteen (14) business days of the Effective Date, by check payable to each incentive award recipient, delivered to  Class Counsel. Before the Effective Date, Class Counsel shall provide Chase's Counsel with a W-9 form for each incentive award recipient.

**10.** **TERMINATION OF AGREEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

**10.1** Plaintiffs, on behalf of the Class and Subclass, or Chase, shall have the right to terminate this Agreement by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within 30 days of: (i) the Court's declining to enter an Order granting Preliminary Approval in any material respect, (ii) the Court's refusal to approve this Agreement, (iii) the Court's declining to enter the Judgment in any respect, or (iv) the date upon

which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

**10.2**    If any of the Parties are in material breach of the terms of this Agreement, any of the opposing Parties, provided that they are in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Parties.

**10.3**    If this Agreement is terminated or fails to become Final for any of the reasons set forth above, the Parties shall be restored to their respective positions in this Action as of the date of signing this Agreement. In such event, the Judgment granted by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

**10.4**    Notwithstanding anything herein, the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel set forth in Section 10.1 or the incentive awards to the Plaintiffs set forth in Section 10.3 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination. In the event that the Court declines to award attorneys' fees, costs or incentive payments in the amounts sought by Plaintiffs and Class Counsel, or at all, the remaining provisions of this Settlement Agreement shall remain in full force and effect.

## 11.    NO PUBLICITY BEYOND NOTICE PROCEDURES

**11.1**    Except as required by law or as agreed upon in writing by the Parties, Class Counsel and/or Plaintiffs will not issue press releases or make other public statements regarding the settlement unless Chase agrees to such press releases or public statements in advance, which consent may not be unreasonably withheld. Class Counsel, the Plaintiffs and/or Settlement Class Members will make no statements of any kind to any third party regarding the settlement prior to applying for preliminary approval. This paragraph will not prohibit Class Counsel from

communicating with any person in the Settlement Class regarding the Action or the settlement; provided, however, that Class Counsel must comply with all confidentiality agreements in communicating with such persons and any protective Order in the Action, and will not disclose information that is not a part of the public record. Nothing herein shall in any way impede Class Counsel from responding to any request or inquiry by any Attorney(s) General regarding this Agreement or the Litigation. Class Counsel will notify Chase's Counsel upon receipt of any request or inquiry by any Attorney(s) General.

## 12. MISCELLANEOUS PROVISIONS

**12.1** The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement.

**12.2** The Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs and the Settlement Class Members, and each or any of them, on the one hand, against the Released Parties, and each or any of them, on the other hand.

**12.3** Whether or not the Effective Date occurs or this Agreement is terminated, neither this Agreement, nor any act performed or document executed pursuant to or in furtherance thereof:

(a) Is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that

has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)   Is, may be deemed, or shall be used, offered or received against Chase, as an admission, concession or evidence of, any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties;

(c)   Is, may be deemed, or shall be used, offered or received against Plaintiffs or the Class, or each or any of them, as an admission, concession or evidence of, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Chase, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation;

(d)   Is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, if this Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(e)   Is, may be deemed, or shall be construed against Plaintiffs and the Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(f)  Is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs and the Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

**12.4**  The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

**12.5**  The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**12.6**  All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**12.7**  This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all the Parties to the Agreement or their respective successors-in-interest.

**12.8**  Except as otherwise provided herein, each Party shall bear its own costs.

**12.9**  Each counsel or other Person executing this Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so, that they have the authority to take appropriate

action required or permitted to be taken pursuant to the Agreement to effectuate its terms, and that none of their claims or rights under this Settlement Agreement have been assigned to any other person.

**12.10** This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement all exchange original signed counterparts. A complete set of original executed counterparts shall be filed with the Court upon request.

**12.11** This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**12.12** This Agreement and the Exhibits hereto shall be considered to have been negotiated, executed, delivered, and wholly performed in the State of Illinois, and the rights and obligations of the Parties to this Agreement shall be construed and enforced in accordance with and governed by, the internal, substantive laws of the State of Illinois without giving effect to that State's choice of law principles.

**12.13** All notices to the Parties or Counsel required by the Agreement shall be made in writing and communicated by U.S. Mail and e-mail to the following:

If to Plaintiffs or Class Counsel:

Steve Woodrow
swoodrow@edelson.com
Edelson McGuire LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654

If to Chase or Chase's Counsel:

LeAnn Pedersen Pope
lpope@burkelaw.com
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash
22nd Floor
Chicago, Illinois 60611

**12.14** This Agreement and the Exhibits thereto are deemed to have been prepared by counsel for all Parties, as a result of negotiations among the Parties with the assistance of a neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed individually or by their duly authorized attorneys.

Dated: November 14, 2012

By: _____

Jay Edelson
Edelson McGuire LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654

Counsel for Plaintiffs and the Class

Dated: November 9, 2012

By: _____

William Cavanagh, individually and on behalf of the Class

Dated: November ___, 2012

By: _____

Robert and Maria Frank, individually and on behalf of the Class

If to Chase or Chase's Counsel:

LeAnn Pedersen Pope
lpope@burkelaw.com
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash
22nd Floor
Chicago, Illinois 60611

**12.14** This Agreement and the Exhibits thereto are deemed to have been prepared by counsel for all Parties, as a result of negotiations among the Parties with the assistance of a neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed individually or by their duly authorized attorneys.

Dated: November ___, 2012                    By:_____

                                             Jay Edelson
                                             Edelson McGuire LLC
                                             350 North LaSalle, Suite 1300
                                             Chicago, IL 60654

                                             Counsel for Plaintiffs and the Class

Dated: November ___, 2012                    By:_____

                                             William Cavanagh, individually and on
                                             behalf of the Class

Dated: November _14_, 2012                   By: _____

                                             Robert and Maria Frank, individually and on
                                             behalf of the Class

Dated: November 9, 2012

By: _Shannon Hackett_

Shannon Hackett, individually and on behalf of the Class

Dated: November 12, 2012

By: _Michael Malc_____

Michael Malcolm, individually and on behalf of the Class

Dated: November ___, 2012

By:_____

Daryl Mayes, individually and on behalf of the Class

Dated: November ___, 2012

By:_____

Michael Walsh, individually and on behalf of the Class

Dated: November ___, 2012

By:_____

Robert Wilder, individually and on behalf of the Class

Dated: November ___, 2012

By:_____

LeAnn Pedersen Pope
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash, 22nd Floor
Chicago, IL 60611

Counsel for JPMorgan Chase Bank, N.A.

Dated: November ___, 2012

By:_____

On behalf of JPMorgan Chase Bank, N.A.

Dated: November ___, 2012

By:_____

Shannon Hackett, individually and on
behalf of the Class

Dated: November ___, 2012

By:_____

Michael Malcolm, individually and on
behalf of the Class

Dated: November _10_, 2012

By:_____

Daryl Mayes, individually and on behalf of
the Class

Dated: November ___, 2012

By:_____

Michael Walsh, individually and on
behalf of the Class

Dated: November ___, 2012

By:_____

Robert Wilder, individually and on
behalf of the Class

Dated: November ___, 2012

By:_____

LeAnn Pedersen Pope
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash, 22nd Floor
Chicago, IL 60611

Counsel for JPMorgan Chase Bank, N.A.

Dated: November ___, 2012

By:_____

On behalf of JPMorgan Chase Bank, N.A.

Dated: November \_\_\_, 2012          By:_____

Shannon Hackett, individually and on
behalf of the Class


Dated: November \_\_\_, 2012          By:_____

Michael Malcolm, individually and on
behalf of the Class


Dated: November \_\_\_, 2012          By:_____

Daryl Mayes, individually and on behalf of
the Class


Dated: November 10, 2012          By:_____

Michael Walsh, individually and on
behalf of the Class


Dated: November \_\_\_, 2012          By:_____

Robert Wilder, individually and on
behalf of the Class


Dated: November \_\_\_, 2012          By:_____

LeAnn Pedersen Pope
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash, 22nd Floor
Chicago, IL 60611

Counsel for JPMorgan Chase Bank, N.A.


Dated: November \_\_\_, 2012          By:_____

On behalf of JPMorgan Chase Bank, N.A.

Dated: November ___, 2012                By:_____

                                         Shannon Hackett, individually and on
                                         behalf of the Class


Dated: November ___, 2012                By:_____

                                         Michael Malcolm, individually and on
                                         behalf of the Class


Dated: November ___, 2012                By:_____

                                         Daryl Mayes, individually and on behalf of
                                         the Class


Dated: November ___, 2012                By:_____

                                         Michael Walsh, individually and on
                                         behalf of the Class


Dated: November _13_, 2012               By:_____

                                         Robert Wilder, individually and on
                                         behalf of the Class


Dated: November ___, 2012                By:_____

                                         LeAnn Pedersen Pope
                                         Burke, Warren, MacKay & Serritella, P.C.
                                         330 North Wabash, 22nd Floor
                                         Chicago, IL 60611

                                         Counsel for JPMorgan Chase Bank, N.A.


Dated: November ___, 2012                By:_____

                                         On behalf of JPMorgan Chase Bank, N.A.

Dated: November ___, 2012

By:_____

Shannon Hackett, individually and on
behalf of the Class

Dated: November ___, 2012

By:_____

Michael Malcolm, individually and on
behalf of the Class

Dated: November ___, 2012

By:_____

Daryl Mayes, individually and on behalf of
the Class

Dated: November ___, 2012

By:_____

Michael Walsh, individually and on
behalf of the Class

Dated: November ___, 2012

By:_____

Robert Wilder, individually and on
behalf of the Class

Dated: November ___, 2012

By:_____

LeAnn Pedersen Pope
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash, 22nd Floor
Chicago, IL 60611

Counsel for JPMorgan Chase Bank, N.A.

Dated: November ___, 2012

By:_____

On behalf of JPMorgan Chase Bank, N.A.

Dated: November ___, 2012

By:_____

Shannon Hackett, individually and on behalf of the Class


Dated: November ___, 2012

By:_____

Michael Malcolm, individually and on behalf of the Class


Dated: November ___, 2012

By:_____

Daryl Mayes, individually and on behalf of the Class


Dated: November ___, 2012

By:_____

Michael Walsh, individually and on behalf of the Class


Dated: November ___, 2012

By:_____

Robert Wilder, individually and on behalf of the Class


Dated: November ___, 2012

By:_____

LeAnn Pedersen Pope
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash, 22nd Floor
Chicago, IL 60611

Counsel for JPMorgan Chase Bank, N.A.


Dated: November ___, 2012

By:_____
Amanda G Norton
Mortgage Banking Chief Risk Officer
On behalf of JPMorgan Chase Bank, N.A.

# EXHIBIT 1

# CLAIM FORM

*IN RE JP MORGAN CHASE BANK HOME EQUITY LINE OF CREDIT LITIGATION*
**MDL NO. 2167, Case No. 10-cv-3647 (N.D. Ill)**
**FORMER CUSTOMER SUBCLASS MEMBERS MAY FILL OUT THIS CLAIM FORM**
**TO BE ELIGIBLE FOR A CASH AWARD OF $35**
Return this Claim Form by submitting it online via www.[settlementwebsite].com or mailing it to the Settlement Administrator, [address]
Questions, visit www.[settlementwebsite].com or call [toll free number]

**DEADLINE: THIS CLAIM FORM MUST SUBMITTED VIA
THE SETTLEMENT WEBSITE OR BE POSTMARKED BY [Date]**

**Instructions: YOU MAY ONLY SUBMIT A CLAIM FORM IF YOU ARE A MEMBER OF THE FORMER CUSTOMER SUBCLASS.** If you are a member of the Former Customer Subclass and are seeking the $35 cash benefit under the Class Action Settlement Agreement, you must complete and mail this Claim Form or submit it on the Settlement Website. **You can only submit one claim form for each HELOC that Chase suspended or reduced due to a decline in property value. If there is more than one borrower on a single account, only one claim form may be submitted.** Please read the Notice and this Claim Form to understand all of your legal rights and options under the Settlement.

To submit a claim for a $35 cash payment, begin by filling in all of the information requested in Part A. Once complete, move on to Part B and check every box that applies to you. Finally, review and sign the Certification in Part C. Once the form is completed, follow the instructions for submitting the Claim Form in Part D. The Claim Form must be submitted on-line or postmarked by [DATE].

---

### PART A - CLAIMANT INFORMATION*

**Name**: _____  _____  _____
       *(First)*           *(Middle)*          *(Last)*

**Address**: _____
         *(Street)*

_____  ___ ___  ___ ___ ___ ___ ___
*(City)*                *(State)*      *(Zip Code)*

**Phone Number: ( ___ ___ ___) ___ ___ ___ − ___ ___ ___ ___**

**Address of property securing the HELOC** (if different from address above):

_____
         *(Street)*

_____  ___ ___  ___ ___ ___ ___ ___
*(City)*                *(State)*      *(Zip Code)*

**Email Address**: _____

*\* All information in this section is required.*

---

### PART B – DAMAGES INFORMATION

By submitting this Claim Form and checking the boxes below, I verify that the following statements are true (check the box to verify that your Chase HELOC was suspended or reduced, AND one or more boxes corresponding to the damages you suffered, if any):

☐ I am/was a HELOC customer of JPMorgan Chase Bank, N.A. ("Chase") in the United States whose HELOC was suspended or reduced by Chase due to my home value decline. As a result of the HELOC suspension/reduction, I closed my HELOC account and incurred the following damages:

    ☐ I was charged insufficient funds/NSF fees when a check/checks I drew against the HELOC were dishonored following the notice of suspension; AND/OR

    ☐ I paid appraisal fees, application costs and/or other expenses in connection with applying for

and/or obtaining a new HELOC; AND/OR

☐ I paid annual fees to a new lender for my replacement HELOC; AND/OR

☐ I suffered other damages as a result of my HELOC being suspended or reduced.

| PART C – CERTIFICATION UNDER PENALTY OF PERJURY |
| --- |

I declare under penalty of perjury that the statements set forth in this Claim Form and my claims of damages are true and correct.

Signature: _____    Date: _____

Print Name: _____

| PART D - INSTRUCTIONS FOR SUBMITTING CLAIM FORM |
| --- |

Submit the completed, executed Claim Form via the settlement website or via U.S. Mail.  Keep a copy for your records.

**Submit via settlement website**:  If you are filling out this form on-line, click "Submit" and follow the instructions for Uploading your Claim Form to www.[settlementwebsite].com on or before _____, 2012; or

**Submit via U.S. Mail**.  The Claim Form must be postmarked by _____, 2012 and mailed to the Settlement Administrator:

Chase HELOC MDL Claims
P.O. Box [_____]
[City, State, Zip]

If the Settlement is approved by the Court and your Claim is approved, you will receive a cash award of $35.00. Checks that are not cashed after 90 days will be donated to 2 charities nominated by the Parties and approved by the Court.

Questions? Need more information?  Visit www.[settlementwebsite].com or Call [toll free number]

# EXHIBIT 2

*In re JPMorgan Chase Bank Home Equity Line of Credit Litigation,*
Case No. 10-cv-3647, MDL 2167
In the United States District Court
for the Northern District of Illinois, Eastern Division
***Visit www.[settlementwebsite].com for more information***

## NOTICE OF RIGHT
## TO REQUEST REINSTATEMENT OF YOUR HELOC

You are receiving this notice as a result of a class action settlement. You are receiving this notice because you have a HELOC with Chase that was suspended or reduced due to Chase's determination that the value of the property securing your HELOC significantly declined.

The purpose of this notice is to notify you that you have the right to request a review of Chase's suspension or reduction of your HELOC account. Chase's policies for reinstatement of HELOC accounts may be different from the policies in effect at the time your HELOC account was initially suspended or reduced. If you request reinstatement, you may be entitled to a full or partial reinstatement if your property value has recovered.

If you would like to learn more about how to formally request reinstatement of your HELOC, please call toll free 1-800-xxx-xxxx.[Chase number]

For more information about the Class Action Settlement that triggered this Notice and a copy of the full Class Action Settlement Agreement go to: www.ChaseHelocSettlement.com.

# EXHIBIT 3

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

*In Re JPMorgan Chase Bank Home Equity Line of Credit Litigation*
Case No. 10-cv-3647, MDL 2167

>> **Click Here For the Claim Form**<<
**(Former Customers must submit a Claim Form by [deadline] to obtain Settlement Benefits)**
>>**Click Here to Download a Copy of the Class Action Settlement Agreement**<<

**IF CHASE SUSPENDED OR REDUCED YOUR HOME EQUITY LINE OF CREDIT ("HELOC") BASED ON ITS DETERMINATION THAT YOUR PROPERTY VALUE HAD SIGNIFICANTLY DECLINED, YOU MAY BE ENTITLED TO BENEFITS FROM A CLASS ACTION SETTLEMENT**

The United States District Court for the Northern District of Illinois authorized this Notice. This is <u>not</u> a solicitation from a lawyer or a lawsuit against you.

You need not live in Illinois to participate.

A nationwide settlement has been reached in a class action lawsuit alleging that JPMorgan Chase Bank, N.A. ("Chase") improperly suspended Home Equity Lines of Credit ("HELOCs") based on its determination that the properties securing the HELOCs had significantly declined in value.

Your legal rights are affected whether you act or not. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| EXCLUDE YOURSELF | You will receive no benefits but you will retain any rights you might have to file a lawsuit against Chase regarding its policies or practices of suspending HELOCs based on a decline in property value. |
| OBJECT | Write to the Court about the reasons that you are against the Settlement. |
| ATTEND A HEARING | Request that you be allowed to speak in Court about the fairness of the Settlement. |
| DO NOTHING | If you are a Class Member, you need not do anything to benefit from the enhancements to Chase's HELOC procedures. Certain Class Members will further benefit from the Notice or Right to Request Reinstatement, and certain other Class Members will benefit from the Proactive Offer of Account Reinstatements contemplated by the Settlement without taking any |

| | action. |
|---|---|
| | If you elect to do nothing, you will give up certain rights in this case, as explained below (in Sections 6 and 7). Members of the Former Customer Subclass will receive no cash benefit if they do nothing. |
| SUBMIT A CLAIM FORM (FOR FORMER CUSTOMER SUBCLASS MEMBERS ONLY) | This is the only way for members of the Former Customer Subclass to get a cash benefit of $35 in connection with this lawsuit. If you are a Former Customer Subclass Member and elect to receive this benefit, you will give up certain rights as explained below (in Sections 6 and 7). <br><br> >> **Click Here to Download a Claim Form**<< |

- **These rights and options—and the deadlines to exercise them—are explained in this Notice.**

- **The Court in charge of this case still has to decide whether to give final approval to the Settlement. If it does, and after any appeals are resolved, the cash benefit discussed in this notice will be distributed to those Former Customer Subclass Members who have submitted valid Claim Forms. Please be patient.**

## BASIC INFORMATION

### 1. Why was this notice issued?

A Court authorized this notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your options, before the Court decides whether to give "final approval" to the settlement. This notice explains the lawsuit, the settlement, and your legal rights.

The United States District Court for the Northern District of Illinois is overseeing this class action lawsuit. The case is known as *In Re JPMorgan Chase Bank Home Equity Line of Credit Litigation*, Case No. 10-cv-3647, MDL 2167 (N.D. Ill.).

On _____, 2012, the Court granted preliminary approval of the Settlement, subject to a final hearing, which will take place on _____, 2013 at [time] in the United States Courthouse, Courtroom 2119, 219 S. Dearborn Street, Chicago, Illinois 60604 where the Court will decide if the Settlement is fair, reasonable and adequate, and to consider the request by Class Counsel for an award of attorneys' fees and expenses, and incentive payments to the Class Representatives. The Court may change the date of the hearing, please check the settlement website for any date changes.

2

You have options, which are explained below.

| 2. What is the lawsuit about? |
|---|

Several nationwide class action lawsuits were brought against Chase alleging that Chase suspended or reduced its customers' HELOCs based on Chase's determination that the customers' property values had significantly declined. The Plaintiffs in those cases claimed that their properties had not actually significantly declined in value. The Plaintiffs alleged that by suspending and reducing HELOCs in this manner, Chase violated the Truth-in-Lending Act, breached its customers' HELOC Agreements, and violated consumer protection laws. These lawsuits were subsequently centralized by the Judicial Panel on Multidistrict Litigation in the United States District Court for the Northern District of Illinois for coordinated pre-trial proceedings. Thereafter the cases were consolidated.

Chase denies that these allegations are true and maintains that it did nothing unlawful or improper.

The Court has not determined who was right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses that will result from further litigation. This notice is not an admission of wrongdoing by any party.

| 3. Why is this a class action? |
|---|

When a plaintiff, acting as a class representative, sues a defendant on behalf of people who have similar claims, the case is filed as a class action. People with similar claims are called "Class Members." Here, eight Class Representatives filed their lawsuits against Chase on behalf of themselves and similarly situated individuals. One court will resolve the issues for all Class Members, except for those who exclude themselves from the Class.

At this time, the Court has conditionally certified a Class and Former Customer Subclass solely for the purpose of settlement.

| 4. Who is in the Class and Former Customer Subclass? |
|---|

You are a member of the Class if you are or were a Chase HELOC customer in the United States and your HELOC was suspended or reduced by Chase at any time between January 1, 2007 and September 30, 2012 based on Chase's determination that the property securing your HELOC experienced a significant decline in value. **If you received a notice about this class action in the mail and it was addressed to you, it means that Chase has already determined that you are a Class Member.**

There is also a subset of Class Members who are members of a Former Customer Subclass. You are a Former Customer Subclass Member if, as of September 30, 2012, you closed your HELOC account prior to maturity, and when you closed your HELOC account, your account was still

3

suspended or reduced based on Chase's determination that your property value had significantly declined. **If the notice you received in the mail says "**You Are a Former Customer Subclass Member**" at the top, Chase has already determined from its records that you are a Subclass Member.** If the mail notice says "**You Are Not a Subclass Member**" at the top, then you are not a Subclass Member.

If you are unsure whether you are a Subclass Member, you can contact the Settlement Administrator at 1-800-xxx-xxxx.

## THE SETTLEMENT BENEFITS

| **5.  What Relief Is Provided To Class Members Under The Settlement?** |
|---|

The Settlement provides relief to both current and former Chase HELOC customers in several ways.

**A.    Notice of Right to Request Reinstatement**.  The Settlement requires that Chase send a Notice of Right to Request Reinstatement to Class Members whose HELOC accounts are open and remain suspended or reduced because of a decline in property value and who have more than 90 days left in the draw period as of the Effective Date of the Settlement. The Notice of Right to Request Reinstatement will explain that Chase has revised some of its standards for reinstating HELOC accounts and that Class Members may be considered for reinstatement or partial reinstatement under Chase's revised policies, and will inform Class Members that they have the right to request reinstatement.

**B.    Proactive Offer of Account Reinstatement**. Within ninety (90) days of the Effective Date of the Settlement, Chase agrees to proactively offer account reinstatement to certain Class Members who satisfy Chase's current internal property value and credit guidelines and other criteria. Chase will send a letter to any Class Member who Chase identifies as meeting these criteria advising that Chase is wiling to reinstate his or her HELOC up to a limit set by Chase. The Class Member may accept Chase's offer to reinstate the HELOC by checking a box indicating acceptance and returning the letter to Chase. Class Members who fail to check the box and timely return the letter to Chase will not have their HELOC reinstated through the Proactive Offer of Account Reinstatement Process.

**C.    Limitation on Use of AVMs**.  For the 12-month period following the Effective Date of the Settlement, Chase will not rely upon Automated Valuation Models previously identified by Chase internally as Tier 3b, 4b, or 5b in determining whether to suspend or reduce any HELOC for a decline in property value.

**D.    Enhanced Account Treatment Notices**. For the 12 month period following the Effective Date of the Settlement, Chase agrees to modify the notices that it sends to customers whose accounts Chase suspends or reduces based on a claim that the borrower's property  has significantly declined in value, to include the value an appraisal would need to state the property is worth in order for Chase to reinstate the HELOC.

**E.    Reimbursement of Appraisal Fee**. For the 12-month period following the Effective Date of the Settlement, Chase will continue its policy of providing refunds of any appraisal fees paid by customers who successfully appeal Chase's suspension or reduction of their HELOCs based on a significant decline in home value.

**F.    Limitation on Use of 5% reduction criterion for future reductions and suspension**. For the 12-month period following the Effective Date of the Settlement, for future reductions and suspensions, Chase agrees to limit its use of a 5% reduction in value criterion as an indication of a significant decline in home value to "high CLTV" situations, *i.e.*, when a borrower's combined loan-to-value ratio is 90% or more.

**G.    Service Assurances**. For the 12-month period following the Effective Date of the Settlement, Chase agrees to use only AVM models that have gone through its testing and validation processes. Chase further agrees not to change materially its customer service processes for: (i) notifying borrowers of account suspensions or reductions; and (ii) addressing customer requests for reinstatement, unless the changes are beneficial to borrowers.

**H.    Relief for Former Customer Subclass Members**. Members of the Former Customer Subclass who submit complete and valid Claim Forms attesting that they incurred damages as a result of their HELOC suspension may receive a cash payment in the amount of $35. Only Former Customer Subclass Members are eligible for the cash payment.

---

**6.  What am I giving up for receiving settlement benefits?**

---

If the settlement becomes final and you remain in the Class, you will give up the right to sue Chase and other Released Parties for all claims being released in this Settlement related to the suspension or reduction of your HELOC based on a decline in property value.

---

**7.  What claims are being released in this Settlement?**

---

In exchange for the Settlement benefits, the Settlement provides that the Class Members release their claims against Chase and other Released Parties, including all claims relating to Chase's policies, systems, standards, and procedures for suspending HELOCs based on declines in values of properties securing the HELOCs. By "releasing claims," the Class Members are agreeing to give up the ability to sue Chase (and other released parties) regarding the suspension of their HELOCs based on a decline in property value.

The exact release language and the definition of Released Parties and Releasing Parties contained in the Settlement Agreement is far more detailed, and you may want or need to consider it before making your decision about participating in the Settlement. Likewise, much more detail about all of the Settlement provisions is contained in the full Settlement Agreement. You can see a complete copy of the Class Action Settlement Agreement by clicking **[here -**

**insert link]** You can talk to one of the Class Counsel lawyers listed below for free or you can, of course, talk to your own lawyer at your expense if you have questions about the Released Claims or what they mean.

If you do not want to release these claims, you must exclude yourself or "opt out" of the Settlement, as discussed in Questions 11 and 12 below.

| **8. What is Class Counsel's opinion of the Settlement?** |
|---|

The Court has appointed attorneys from three law firms to represent you and other Class Members as "Class Counsel" if you remain in the Class. These firms are: Edelson McGuire, LLC, Murray Frank, LLP, and Abbey Spanier Rodd & Abrams, LLP. You do not have to pay Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

Class Counsel have conducted extensive investigation into the factual and legal claims of the Class and the defenses that might be asserted by Chase against those claims. Based on their investigation, Class Counsel believe that the Settlement is fair, reasonable, adequate and in the best interests of the Class. In making this evaluation, the Plaintiffs and Class Counsel have also taken into account the expense and length of continued proceedings necessary to prosecute this class action against Chase through trial, verdict, judgment, appeals and collections, and the uncertainty and the risk of the outcome of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such actions.

| **9. What Can I Get from the Settlement?** |
|---|

**All Class Members** will benefit from the enhancements to Chase's HELOC procedures. Certain Class Members will further benefit from the Notice or Right to Request Reinstatement, and certain other Class Members will benefit from the Proactive Offer of Account Reinstatements contemplated by the Settlement. An explanation of the enhancements, the Notice of Right to Request Reinstatement, and the Proactive Offer of Account Reinstatements is more fully explained in Question 5 and in the Settlement Agreement **[here - insert link].**

**Former Customer Subclass Members** who submit valid Claim Forms can receive a cash payment of $35, as described below.

| **10. How do I Submit a Claim Form if I am a Member of the Former Customer Subclass?** |
|---|

**If you are a member of the Former Customer Subclas**s, to receive a cash payment of $35 you must timely submit a valid Claim Form as described below.

**The Claim Form must be postmarked by [INSERT DATE] or your claim will be considered untimely and will be rejected**.

Follow the steps below to file a claim.

**Step 1 – Access the Claim Form.**  You may submit an electronic Claim Form online using the secure website by clicking **here**.  Otherwise, you can download a paper copy of the Claim Form by clicking **here** or by calling 1-800-xxx-xxxx.

**Step 2 – Complete the Claim Form.**  Fill out all necessary fields and information.  Make sure you sign the form.

**Step 3 – Submit the Claim Form.**  If submitting the Claim Form Online, click "submit" after completing the Claim Form.  The Claim Form can also be sent via U.S. Mail to:

Settlement Administrator
Address
Address
Address

Claims that are not submitted online or postmarked by the claims deadline set forth above will be considered untimely and will be rejected.

*What Happens After I File My Claim?*

Upon receipt, your Claim Form will be reviewed by the Settlement Administrator to ensure that you filled out all of the requested information. If your claim is approved by the Settlement Administrator and the Court grants Final Approval to the Settlement, you will receive a check for $35.

*When will I receive my payment?*

Payments will be mailed to Former Customer Subclass Members with approved claims only after the Court grants Final Approval to the Settlement. However, even if the Court approves the Settlement after the hearing currently scheduled for _____, 2013 (see the section "The Court's Fairness Hearing below), there may be additional delays. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to participate in this Settlement and want to keep the right to sue Chase and other Released Parties about the issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself or "opting out" of the Class.

| **11.  If I exclude myself, can I get anything from the Settlement?** |
| --- |

No. If you exclude yourself, you cannot object to the Settlement or get any benefits from the Settlement. But you will keep any right to sue, continue to sue, or be part of a different lawsuit

1267084.1

against Chase and other Released Parties regarding the suspension or reduction of your HELOC account. If you ask to be excluded you will not be bound by anything that happens in this lawsuit.

| **12. How do I get out of the settlement?** |
| --- |

To exclude yourself from the Class and the settlement, you must send a Request for Exclusion, **signed by the Class Member and addressed to the Settlement Administrator, and must include: (1) your name; (2) the address for the property securing your HELOC; (3) the case name or number (*In Re JPMorgan Chase Bank Home Equity Line of Credit Litigation,* Case No. 10-cv-3647, MDL 2167); and (4) a statement that says "I wish to be excluded from the Settlement" or words clearly to that effect;, and. Each Class Member requesting exclusion must personally sign his or her own individual Request For Exclusion.** No person may opt-out from the Settlement Class for any other person or be opted-out by any other person, and no person shall be deemed opted-out of the Settlement Class through any purported "mass" or "class" opt-outs. Click here to download a form "**Request for Exclusion**" [insert link] from the settlement website.

Your request for exclusion must be mailed and postmarked by _____, 2013, and addressed to:

> Requests for Exclusion
> Chase MDL HELOC Settlement
> P.O. Box. _____
> City, State, Zip

If your Request for Exclusion is postmarked after _____, 2012, it will be considered invalid and of no effect, and you will remain a Class Member and will be bound by any orders entered by the Court, including a Judgment approving the Agreement and implementing the Release set forth in the Settlement Agreement. All Class Members (and Subclass Members) who do not submit a valid Request for Exclusion will be bound by this Agreement and the Judgment, including the Release.

If you submit a valid and timely Request for Exclusion, you will not be bound by any orders or Judgment entered in this Litigation, or the Release, you will not be entitled to any benefits or rights under the Settlement, and you cannot object to the settlement.

## OBJECTING TO THE SETTLEMENT

You can tell the Court if you don't agree with the Settlement or some part of it.

| **13. How do I tell the Court if I don't like the Settlement?** |
| --- |

1267084.1

If you are a Class Member, and you do not request to be excluded, you can object to the settlement if you don't like any part of it. To object, send a letter that includes your name, address, telephone number, the case name and number (*In Re JPMorgan Chase Bank Home Equity Line of Credit Litigation*, Case No. 10-cv-3647, MDL 2167), state that you are a Class Member and give the reasons why you think the Court should not approve the Settlement along with any supporting materials or legal briefs that you want the Court to consider. Your letter must also include a statement indicating whether you intend to appear at the Fairness Hearing, with or without counsel. A copy of this letter must be sent to the Court, to the Settlement Administrator, to Class Counsel, and to Chase's Counsel, at the addresses set forth below. The Court will consider your letter if you submit an objection postmarked before _____, 2012. The Court may not consider your objection if it is postmarked after _____, 2013. If you do not object by _____, 2013, you will be deemed to have waived your objections and be barred from making any objections in this case or on appeal.

**Settlement Administrator**
[Add Information]

**Class Counsel**

EDELSON MCGUIRE, LLC
Attn: Chase MDL HELOC Settlement
350 North LaSalle, Suite 1300
Chicago, IL 60654
Tel: (866) 354-3015
www.edelson.com

**Chase's Counsel**

LeAnn Pedersen Pope, Esq.
Victoria Collado, Esq.
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash, 22nd Floor
Chicago, Illinois 60611
Tel: (312) 840-7040
www.burkelaw.com

**Office of the Clerk United States District
Court for the Northern District of Illinois**

Office of the Clerk
United States District Court
219 S. Dearborn Street
Chicago, IL 60604
www.ilnd.uscourts.gov

**THE COURT'S FAIRNESS HEARING**

1267084.1

The Court has given preliminary approval to the Settlement. A final hearing on the Settlement, which is called a Fairness Hearing, will be held to determine the fairness of the Settlement.

**14. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Fairness Hearing on [date] at [time] in the United States Courthouse, Courtroom 2119, 219 S. Dearborn Street, Chicago, Illinois 60604. The hearing may be moved to a different date or time, so it is a good idea to check the **Settlement website** [insert link] for future notices regarding the date and time of the Fairness Hearing.

**15. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense.

**16. What will happen at the Fairness Hearing?**

At the Fairness Hearing, the Court will hear any objections and arguments regarding the Settlement. The Court will also determine whether the Settlement is fair, reasonable and adequate. At the Fairness Hearing, the Court will also address Class Counsel's request for approval of their attorneys' fees and expenses and approval of the incentive awards to the Class Representatives.

**17. What is Class Counsel's request for attorneys' fees and expenses?**

At the Fairness Hearing described above, Class Counsel will request approval by the Court of the fee award, consisting of attorneys' fees and costs and expenses up to $1,800,000 for investigating the facts, litigating the case, and negotiating the settlement in this matter. Under the Settlement, the award of attorneys' fees and expenses are paid by Chase and Chase has agreed not to contest this amount.

**18. What is the incentive award to the Class Representatives?**

The Court has appointed the following eight (8) Plaintiffs as Class Representatives: William Cavanagh, Robert and Maria Frank, Shannon Hackett, Michael Malcolm, Daryl Mayes, Michael Walsh, and Robert Wilder. At the Fairness Hearing, Class Counsel will request that the Court approve an award of $4,500 for each Class Representative (the Franks will receive $4,500 collectively), totaling $31,500, for their service in this matter. Under the Settlement, the incentive award is paid by Chase and Chase has agreed not to contest this amount.

1267084.1

| 19. What happens if the Court does not approve the Settlement? |
| :--- |

If the Settlement is not finally approved, the case will proceed as if no settlement had been attempted or agreed upon. There can be no assurance that if the Settlement is not approved, the Class will recover more than is provided in the Settlement, if anything at all.

## GETTING MORE INFORMATION

| 20. How do I get more information? |
| :--- |

This notice summarizes the proposed Settlement. More details are available in the Settlement Agreement, available by clicking **here** [insert link]. Any questions you or your attorney may have concerning this Notice should be directed to Class Counsel at the address listed below. You may also contact Class Counsel at (866) 354-3015 for any reason, including to request a copy of the Settlement Agreement or a copy of the Claim Form. If you contact Class Counsel in writing, please include the case name and number, and your name and your current return address on any letters, not just the envelopes.

**Please do not contact the Court. Instead, to obtain information about the terms and conditions concerning the Settlement, you may contact Class Counsel, as follows:**

**Class Counsel:**

Edelson McGuire, LLC
350 North LaSalle, Suite1300
Chicago, IL 60654
Tel: (866) 354-3015
www.edelson.com

Murray Frank, LLP
275 Madison Avenue, 8th Floor
New York, NY 10016
Tel: (212) 682-1818
www.murrayfrank.com

Abbey Spanier Rodd & Abrams, LLP
212 East 39th Street
New York, NY 10016
Tel: (212) 889-3700
www.abbeyspanier.com

By Order of the Court Dated: [Date]

11

# EXHIBIT 4

# LEGAL NOTICE

## IF YOUR HOME EQUITY LINE OF CREDIT ("HELOC") WAS SUSPENDED OR REDUCED BY JPMORGAN CHASE BANK BASED ON ITS DETERMINATION THAT YOUR PROPERTY SIGNIFICANTLY DECLINED IN VALUE, YOU MAY BE ENTITLED TO BENEFITS FROM A CLASS ACTION SETTLEMENT

*In re JP Morgan Chase Bank Home Equity Line of Credit Litigation,* Case No. 10-cv-3647, MDL 2167

*Visit www.[settlementwebsite].com for more information*

### NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

A proposed class action settlement has been reached in a consolidated nationwide class action lawsuit brought against the defendant, JPMorgan Chase Bank, N.A. ("Chase"), pending in the United States District Court for the Northern District of Illinois ("Settlement"). The Settlement seeks to resolve litigation that challenged Chase's suspension of HELOC accounts based upon its determination that the borrowers' property values had declined. Your legal rights may be affected whether you act or don't act. Please read this notice carefully. Please also visit www.[settlementwebsite].com to learn more about the Settlement.

#### What is this Litigation About?

The lawsuits allege that Chase improperly suspended and reduced its borrowers' HELOCs based on Chase's determination that the borrowers' property values had significantly declined.

Chase denies that it or any other released party violated any law and maintains that it did nothing wrong. The Court has not determined who was right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses that will result from further litigation. This notice is not an admission of wrongdoing by any party.

#### How Do I Know if I Am a Class Member?

You are a member of the Class if you are or were a Chase HELOC customer in the United States and your HELOC was suspended or reduced by Chase at any time between January 1, 2007 and September 30, 2012 based on Chase's determination that your property securing the HELOC had experienced a significant decline in value.

**If you received this Notice in the mail and it was addressed to you, it means that Chase has already determined that you are a Class Member.**

There is also a subset of Class Members who are members of what is called the Former Customer Subclass. You are a Former Customer Subclass Member if, as of September 30, 2012, you closed your Chase HELOC account prior to maturity, and your account was still

suspended or reduced based on Chase's determination that your property value had significantly declined.

**If this Notice says "**You Are a Former Customer Subclass Member**" at the top, Chase has already determined from its records that you are a Subclass Member.** If this Notice says "**You Are Not a Subclass Member**" at the top, then you are not a Subclass Member.

#### What Can I Get From the Settlement?

If the Settlement is approved by the Court, the following benefits will be available:

All Class Members will benefit from the enhancements to Chase's HELOC procedures. Certain Class Members will further benefit from a Notice of Right to Request Reinstatement, and certain other Class Members will benefit from the Proactive Offer of Account Reinstatements contemplated by the Settlement. Members of the Former Customer Subclass who submit timely Claim Forms attesting that they have incurred damages are entitled to a cash award of $35.

A full explanation of these benefits is set forth in the long form notice and Settlement Agreement available at www.[settlementwebsite].com.

#### How Can I Receive a Cash Payment from the Settlement?

Former Customer Subclass Members who have incurred damages as a result of their HELOC suspension must submit a timely, truthful, accurate, and properly completed Claim Form.

If you are a Former Subclass Member, a copy of the Claim Form is enclosed with this Notice. If you misplace the Claim Form, you can download a copy from the settlement website at www.[settlementwebsite].com. You can submit the Claim Form by mail, by sending the Claim Form to the Settlement Administrator at the following address:

Settlement Administrator
[Chase HELOC Claims]
[P.O. Box. ____]

[City, State, Zip]

You can also submit a Claim Form electronically via the Settlement Website at www.[settlementwebsite].com.

**Claim Forms must be submitted through the website or postmarked by no later than [Claims Deadline].**

Each Former Customer Subclass Member who submits a valid Claim Form will receive a $35 payment.

Payments will be made only if the Court approves the Settlement.

### What Are My Other Options?

You and/or your lawyer, if you choose to hire one at your expense, have the right to appear before the Court and object to the proposed Settlement. Your written objection must be submitted by **[Opt-out / Objection Deadline]**. If you do not wish to be a member of the Class, you may exclude yourself by writing to the Settlement Administrator. If you are also a Former Subclass Member, a request to be excluded from the Class will also exclude you from the Subclass. Your request to be excluded *must* be submitted by **[Opt-out / Objection Deadline]**. If you exclude yourself, you will not be able to receive any of the Settlement Benefits, but you will retain any right you may have to pursue a separate lawsuit against Chase regarding the suspension or reduction or your HELOC due to a decline in the value of your property.

If you do nothing you will remain in the Class and, if applicable, the Former Customer Subclass. If the Court approves the Settlement, you will also be bound by all orders and judgments of the Court. If the Settlement is approved by the Court, your claims against Chase and other Released Parties for any and all claims regarding the suspension or reduction of your HELOC based on the decline in the value of your property will be released.

### Who Represents Me?

The Court has approved Edelson McGuire, LLC, Murray Frank, LLP, and Abbey Spanier Rodd & Abrams, LLP to represent the Class in this case. These attorneys are referred to as Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense. Class Counsel will ask the Court for attorneys' fees and expenses of up to $1,800,000 to be paid by Chase. Additionally, Chase has agreed to pay $4,500 to each Class Representative for their services in helping to initiate, litigate, and settle this case. The Court may award less than these amounts, in which case the monies not awarded will be distributed to two charities selected by the Parties.

### When Will the Court Consider the Proposed Settlement?

The Court will hold the Final Approval Hearing at [time] on [date, 2012] at the United States District Court for the Northern District of Illinois located at United States Courthouse, Courtroom 2119, 219 South Dearborn Street, Chicago, Illinois 60604. At that hearing, the Court will hear any objections concerning the fairness of the Settlement that have been properly requested, as set forth above. The hearing may be postponed to a different date or time without notice. You are not required to come to the Final Approval Hearing.

### How Do I Get More Information?

To get more information about the proposed Settlement, including the exact language of the release and the definition of the Released Parties, and to get a copy of the full Settlement Agreement, the detailed notice and Claim Form, go to www.settlementwebsite.com. You may also contact Class Counsel, at the address or phone number below for any reason, including to request a copy of the Settlement Agreement. If you contact Class Counsel in writing, please include the case name and number, and your name and your current return address on any letters, not just the envelopes.

**CLASS COUNSEL**

Edelson McGuire, LLC
350 North LaSalle, Suite1300
Chicago, IL 60654
Tel: (866) 354-3015
www.edelson.com

Murray Frank, LLP
275 Madison Avenue, 8th Floor
New York, NY 10016
Tel: (212) 682-1818
www.murrayfrank.com

Abbey Spanier Rodd & Abrams, LLP
212 East 39th Street
New York, NY 10016
Tel: (212) 889-3700
www.abbeyspanier.com

Claims Administrator
[Address]
[Address]