**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: JP Morgan Chase Bank Home Equity Line of Credit Litigation | ) MDL No. 2167 ) ) Master Docket Case No. 10 C 3647 ) ) Judge Rebecca R. Pallmeyer |

**PRELIMINARY APPROVAL ORDER**

This matter coming before the Court upon the Motion of the proposed "Class Representatives" William Cavanagh, Robert M. Frank, Maria I. Frank, Shannon Hackett, Michael Malcolm, Daryl Mayes, Michael Walsh, and Robert Wilder, and "Former Customer Subclass Representatives" Shannon Hackett and Michael Walsh, individually and on behalf of a class and subclass defined herein, for Preliminary Approval of the Settlement Agreement executed on November 19, 2012 (the "Settlement Agreement"). No party opposes the relief now sought.

IT IS HEREBY DETERMINED AND ORDERED AS FOLLOWS:

1. The Settlement Agreement is hereby incorporated by reference in this Order as if fully set forth herein. First-letter capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning and definition as in the Settlement Agreement.

2. Pursuant to FED. R. CIV. P. 23, the terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as (a) fair, just, reasonable, adequate, and in the best interests of the Settlement Class in light of the relevant factual, legal, practical, and procedural considerations of the Actions, (b) free of collusion to the detriment of Settlement Class Members, and (c) within the range of possible settlement suitable for final judicial approval, subject to further consideration thereof at the Final Approval Hearing described at paragraph 7 of this Order.

3. The proposed settlement is sufficient to justify giving notice of the Settlement to the Settlement Class.

4. Subject to the Settlement Agreement, and for purposes only of the settlement of this Actions, the Court hereby provisionally CERTIFIES the following Settlement Class and Subclass:

a. <u>The Class:</u>

The Class consists of all Chase HELOC customers nationwide who had their HELOCs suspended or reduced by Chase at any time between January 1, 2007 and September 30, 2012 based on Chase's determination that the property securing the HELOC had significantly declined in value.

b. <u>The Former Customer Subclass:</u>

The Former Customer Subclass ("Subclass") consists of all borrowers in the Class who closed their Chase HELOC account following a suspension or reduction of the HELOC by Chase, and their account was still suspended or reduced for decline in property value when the borrower closed the account.

5. William Cavanagh, Robert M. Frank, Maria I. Frank, Shannon Hackett, Michael Malcolm, Daryl Mayes, Michael Walsh, and Robert Wilder are appointed as Class Representatives of the Class. Shannon Hackett and Michael Walsh are appointed as Subclass Representatives of the Former Customer Subclass.

6. Jay Edelson and Steven Woodrow of Edelson McGuire, LLC, Karin Fisch of Abbey Spanier Rodd & Abrams, LLP, and Brian Murray of Murray Frank, LLP are appointed as Class Counsel.

7. A Final Approval Hearing shall be held before the undersigned on March 8, 2013 at 10:30 a.m. in Courtroom 2119 of the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604, to determine, among other things: (a) whether the Settlement should be finally approved as fair, reasonable, and adequate; (b) whether the Underlying Class Actions should be dismissed with prejudice as to the Class Representatives William Cavanagh, Robert M. Frank, Maria I. Frank, Shannon Hackett, Michael Malcolm, Daryl

Mayes, Michael Walsh, and Robert Wilder, Subclass Representatives Shannon Hackett and Michael Walsh, and the Settlement Class Members, pursuant to the terms of the Settlement Agreement; (c) whether Settlement Class Members should be bound by the Release set forth in Section 4 of the Settlement Agreement; (d) whether Settlement Class Members should be subject to a permanent injunction that bars them from commencing or prosecuting any Released Claims against any Released Parties; (e) whether the Settlement Class and Subclass should be finally certified; (f) the amount of incentive award to be awarded to the Class Representatives; and (g) the amount of attorneys' fees and costs to be awarded to Class Counsel. The Final Approval Hearing may be adjourned or continued by the Court without further notice to the members of the Settlement Class.

8.     The Court approves the proposed forms of Notice attached to the Settlement Agreement as Exhibits 3 and 4. Pursuant to the procedures detailed in the Settlement Agreement, within twenty-one (21) days of entry of this Order, the Claims Administrator shall establish and maintain a settlement website with a link to the traditional "long form" notice substantially in the form attached to the Settlement Agreement as Exhibit 3. In addition, within thirty days of entry of this Order, Chase shall mail the summary form of the Notice, substantially in the form attached to the Settlement Agreement as Exhibit 4. Borrowers that Chase identifies as within the Former Customer Subclass will be so notified on the summary form of the Notice and will receive a copy of the Claim Form along with the Notice. The Notice referenced herein shall be mailed to the Class members to the last known mailing address of record on Chase's account records, which addresses are to be updated by the national change of address resources offered by the United States Postal Service. All expenses of notice shall be paid by Chase.

9.     The Court finds that the Settlement Agreement's plan for Notice is the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class and Subclass, satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil

Procedure, and is hereby approved. The Court further finds that no other notice other than that specifically identified in the Settlement Agreement is necessary in this Action.

10. The Court approves the proposed Claim Form, attached as Exhibit 1 to the Settlement Agreement). As set forth in Sections 1.6 and 3.2 of the Settlement Agreement, Subclass Members may submit Claim Forms by properly and fully completing them and submitting them via the settlement website, e-mail, or U.S. mail to the address identified on the Claim Form so that it is submitted online or postmarked by the Claims Deadline, which is midnight, Central Time, on April 7, 2013. Any Claim Form that is not timely submitted or properly completed, that is sent to the wrong address or that does not otherwise comply with the terms of the Settlement Agreement, shall be deemed invalid and Subclass Members submitting such claims shall forfeit any right to payment, but the Settlement Agreement, subject to final approval, shall in all other respects be fully enforceable against them.

11. All Class Members who wish to be excluded from the Settlement and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the address set forth in the Class Notice. Such request for exclusion must be postmarked no later than midnight, Central Time, on February 15, 2013. For a Class Member's Opt-Out to be valid, it must be timely postmarked (as judged by the filing deadline and postmark date set forth), and must be personally signed by the Class member requesting exclusion. A request for exclusion that is not personally signed, that is sent to an address other than the one designated on the Class Notice, or that is not sent within the time specified, shall be invalid, and the person(s) serving such a request shall be bound as a Settlement Class Member and by the Settlement Agreement, if the Settlement Agreement is finally approved. No Class Member may purport to exercise any exclusion rights of any other person, or purport to exclude other Class Members as a group, aggregate, or class involving more than one person, or as an agent or representative. Any such purported exclusion shall be invalid and the Class Member(s) that is or are the subject of the purported Opt-

Out shall be a member or members of the Settlement Class and treated and be bound by the Settlement Agreement and as a Settlement Class Member for all purposes.

12. Any Class Member who successfully opts out of the Settlement shall be deemed to have waived any rights or benefits under the Settlement, and will have no standing to object to the Settlement.

13. Any Settlement Class Member who does not opt-out and who wishes to object to the Settlement must file a written Notice of Intent to Appear and Object ("Objection") with the Court, and mail and serve it upon Class Counsel, Chase's Counsel, and the Claims Administrator by midnight, Central Time, on February 15, 2013. To be considered valid, each Objection must be timely filed and served (as judged by the filing deadline and postmark date and time set forth), and must (I) set forth the Class Member's full name and address; (ii) contain his or her signature; (iii) state that he or she is a Class Member; (iv) set forth the argument, citations, and evidence supporting the objection; and (v) provide a statement whether the objector intends to appear at the Fairness Hearing, either with or without counsel. Any Class Member who does not submit a timely written Objection in complete accordance with this Order shall not be treated as having filed a valid Objection to the Settlement, shall be deemed as having waived his or her objections in this Action and shall forever be barred from making any such objections in this Action.

14. If the Settlement Opt-Outs equal or exceed 900 Class Members, then Chase, in its sole discretion, may, at any time prior to three (3) business days before Final Approval Hearing, notify Plaintiffs' counsel that it believes the Settlement cannot achieve its purpose. If Defendant elects to terminate the Settlement, it shall not be responsible for paying any of Plaintiffs' attorney's fees and costs. In that event, the Settlement Agreement shall become null and void, the Action may continue, and the Parties shall jointly move that any and all orders entered pursuant to this Settlement Agreement be vacated.

15. Subject to final approval of the proposed settlement and Settlement Agreement, and

subject to the parties or their attorney given the Notice required by this Order, the Court approves the provisions of the Settlement Agreement making the settlement and its release of claims binding on all member of the Settlement Class and Subclass, whether or not they actually received notice of the Action or its settlement or submitted a Claim Form.

16. The Parties may file memoranda in support of the Settlement, and Class Counsel may file a motion or application for an award of Attorneys' Fees and/or award of an incentive payment to the Class Representatives, consistent with the provisions of the Settlement Agreement. Such Memoranda should be filed and posted to the Settlement Website at least <u>fourteen (14)</u> days prior to the Opt Out / Objection Deadline.

17. The Parties are hereby authorized to establish the means necessary to administer the Settlement in accordance with its terms.

18. All proceedings in this Action other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

19. To the extent permitted by law, pending final determination as to whether the Settlement contained in the Agreement should be approved, the Class Representatives and all Class Members who do not Opt Out of the Settlement, whether or not such persons have appeared in this Litigation, shall not institute or prosecute any claims or actions against the Released Parties which fall within the definition of the Released Claims in the Agreement, and any pending actions against the Released Parties, whether in court, arbitration or pending before any state or federal governmental administrative agency, are stayed on an interim basis as to any claims which fall within the definition of the Released Claims, and all such pending actions will be bound by the Final Judgment, absent submission of a valid and timely Request to Opt Out, in which case the individual opting out may pursue his or her individual claims, but not class or representative claims, that fall within the definition of the Released Claims.

20. If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Parties, and all orders issued pursuant to the Settlement shall be vacated. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action or the Underlying Class Actions for any purpose whatsoever. Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance thereof:

(a) Is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b) Is, may be deemed, or shall be used, offered or received against Chase, as an admission, concession or evidence of, any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties;

(c) Is, may be deemed, or shall be used, offered or received against Plaintiffs or the Class, or each or any of them, as an admission, concession or evidence of, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Chase, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation;

(d) Is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, if this Agreement is approved by the Court, any Party or any of the Released Parties may file this

7

Agreement and/or the Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(e) Is, may be deemed, or shall be construed against Plaintiffs and the Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(f) Is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs and the Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

21. Except for the provisions of paragraph 20 of this Order, which shall remain in effect notwithstanding, this Order shall otherwise be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or evidence against Chase, of any liability, negligence, or fault or as a waiver by any Party of any defenses it may have.

22. The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Chase's Counsel and without future notice to the Settlement Class Members.

ENTER:

Dated: December 12, 2012

_____
REBECCA R. PALLMEYER
United States District Judge