# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: JP Morgan Chase Bank Home Equity Line of Credit Litigation | ) ) ) ) ) ) ) ) | MDL No. 2167<br><br>Master Docket Case No. 10-cv-3647<br><br>Judge Rebecca R. Pallmeyer |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Agreement") is entered into by William Cavanagh, Robert M. Frank, Maria I. Frank, Shannon Hackett, Michael Malcolm, Daryl Mayes, Michael Walsh, and Robert Wilder, on behalf of a class defined herein (collectively the "Plaintiffs") and JPMorgan Chase Bank, N.A. ("Chase").

This Agreement is intended by Plaintiffs and Chase (collectively "the Parties") to fully, finally and forever compromise, resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof, and subject to approval of the Court.

### RECITALS

A.     Between June 18, 2009 and March 5, 2010, eight separate putative nationwide class action complaints were filed against Chase claiming that Chase improperly suspended or reduced borrowers' Home Equity Lines of Credit ("HELOCs") based on a purported significant decline in the value of the property securing the HELOC.  Plaintiffs in all of these class actions alleged various state law and federal law claims, including that Chase's conduct breached the borrowers' HELOC contracts and violated the Truth-in-Lending Act, 15 U.S.C. § 1601 *et. seq.* ("TILA"), its implementing regulation, Regulation Z, 12 C.F.R. § 226.5b, and certain state consumer protection statutes.

B.     On June 7, 2010, the Judicial Panel on Multidistrict Litigation transferred these eight class actions to the United States District Court for the Northern District of Illinois for coordinated pretrial proceedings as *In re JPMorgan Chase Bank Home Equity Line of Credit Litigation*, MDL No. 2167, Case No. 10-C-3647 (the "Action" or "Litigation").   The cases transferred were: *Kimball v. Washington Mutual Bank, Henderson, Nevada, et al.*, No. 3:09-1261 (S.D. Cal., filed June 10, 2009); *Walsh v. Washington Mutual*, No. 09-cv-4387 (C.D. Cal., filed June 18, 2009); *Yakas v. Chase Manhattan Bank, USA, N.A.*, No. 3:09-2964 (N.D. Cal., filed July 1, 2009); *Wilder v. JPMorgan Chase Bank, N.A.*, No. 09-cv-0834 (C.D. Cal., filed July 17, 2009); *Malcolm v. JPMorgan Chase Bank, N.A.*, No. 09-cv-4496 (N.D. Cal., filed Sept. 24, 2009); *Cavanagh v. JPMorgan Chase Bank, N.A.*, No. 09-cv-3389 (D. Minn., filed Nov. 25, 2009); *Frank v. Washington Mutual*, No. 09-cv-3408 (E.D. Cal., filed Dec. 8, 2009); *Hackett v. JPMorgan Chase Bank, N.A.*, No.  09-cv-7986 (N.D. Ill., filed Dec. 24, 2009); *Mayes v. JPMorgan Chase Bank, N.A.*, No. 10-cv-0157 (N.D. Tex., filed Mar. 5, 2010).   Two additional class action cases were also transferred to the MDL as tag-a-long cases: *Waterman v. JPMorgan Chase Bank, N.A.*, No. 3:10-cv-514-S (W.D. Ky., filed July 28, 2010) and *Crystal v. JP Morgan Chase Bank, N.A.,* No. 1:10-cv-06023-FB -RER (E.D.N.Y. Dec. 29, 2010).   Collectively, these cases are the "Underlying Class Actions."

C.     On July 16, 2010, the Court appointed Jay Edelson of Edelson McGuire, LLC, Karin Fisch of Abbey Spanier Rodd & Abrams, LLP and Jacqueline Sailer of Murray, Frank & Sailer LLP as interim co-lead class counsel in the centralized proceeding.

D.     The Parties have vigorously litigated the issues in this Action.   Prior to transfer, the Parties fully briefed numerous motions, including nine motions to dismiss that were granted in part and denied in part, and exchanged informal and formal discovery.   After the Underlying

Class Actions were transferred to Northern District of Illinois, Plaintiffs filed a Consolidated Amended Class Action Complaint on August 30, 2010 ("Complaint"), and the Parties briefed another motion dismiss that was granted in part and denied in part. On August 12, 2011, Chase answered the remaining claims in the Complaint and the Parties continued formal and informal discovery.

E.     Throughout the Litigation, the Parties through their respective counsel have engaged in settlement discussions, including several telephone conferences and face-to-face meetings that culminated in a formal mediation before the Honorable Wayne Andersen (Ret.) on December 14, 2011. Thereafter counsel for the Parties continued to engage in telephonic sessions with Judge Andersen and with each other until an agreement was reached in principle with respect to the relief to be made available to the Class. Only after the Parties had reached that agreement did they negotiate Plaintiffs' attorneys' fees and incentive awards.

E.     Chase has denied and continues to deny that it committed or attempted to commit any of the wrongful acts alleged in Plaintiffs' pleadings, or that it has engaged in any other wrongdoing. Chase maintains that there was a significant decline in the property values of those customers whose HELOCs were reduced or suspended, that it complied with the HELOC contracts, TILA, Regulation Z and all applicable state laws. Chase further maintains that it has meritorious defenses to Plaintiffs' claims, and that it was and is prepared to vigorously defend the case. Nevertheless, taking into account the uncertainty, risk, and distractions inherent in any litigation, Chase has concluded that the continued defense would be disruptive, burdensome and expensive and that it is desirable and beneficial to fully and finally settle and terminate the Action in the manner and upon the terms and conditions set forth in this Agreement.

F.     Plaintiffs believe that the claims asserted in this Action have merit and are prepared to vigorously pursue this litigation. Nonetheless, Plaintiffs and Class Counsel recognize and acknowledge the expense and length of continued prosecution of this case against Chase through trial and any subsequent appeals. Plaintiffs have also taken into consideration various modifications to Chase's policies and procedures that it has made over time for managing HELOCs, and the fact that Chase has reinstated a number of the HELOC accounts which were suspended or reduced. Plaintiffs and Class Counsel have also taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation. Therefore, Plaintiffs and Class Counsel believe that it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice, and barred pursuant to this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, and their respective counsel that, subject to approval of the Court after a hearing or hearings as provided for in this Agreement, in consideration of the benefits flowing to the Parties as set forth herein, that the Released Claims shall be finally and fully compromised, settled and released, and the Action and the Underlying Class Actions shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

1.     **DEFINITIONS**.

As used in this Agreement, the following terms have the meanings specified below:

1.1     **"Action" or "Litigation"** means the consolidated putative class action styled *In re JPMorgan Chase Bank Home Equity Line of Credit Litigation*, MDL No. 2167, Case No. 10-C-3647 (N.D. Ill.).

**1.2** **"Approved Claim"** means a Claim Form submitted by a Subclass Member that is (a) timely and submitted in accordance with the directions on the Claim Form and the provisions of the Agreement; (b) verified by the Subclass Member; and (c) contains information regarding the Subclass Member's claimed damages.

**1.3** **"Chase's Counsel"** means LeAnn Pedersen Pope and Victoria Collado of Burke, Warren, MacKay & Serritella, P.C.

**1.4** **"Claims Administrator"** means [TBD] (or, if necessary, any replacement chosen by Chase), who Chase will retain to oversee the provision of Notice to the Class and Subclass as set forth in this Agreement, the processing of Requests for Exclusion from this Agreement, the Notices of Intention to Appear and Object to this Agreement, the processing of Claim Forms as set forth in this Agreement, and the payment of benefits to Subclass Members as set forth in this Agreement.

**1.5** "**Claims Deadline**" means the date by which all Claim Forms must be received to be considered timely and shall be no later than thirty (30) days after the scheduled Fairness Hearing.

**1.6** **"Claim Form"** means the document that a member of the Former Customer Subclass must submit to obtain the Settlement Benefit described in paragraph 3.3 of this Agreement, substantially in the form attached hereto as Exhibit 1, as approved by the Court. The Claim Form shall be available in paper format and in downloadable form on the settlement website. The Claim Form may be submitted to the Settlement Administrator electronically via the settlement website, e-mail, or U.S. Mail. To be eligible for the monetary benefit, the Claim Form will require Subclass Members to provide basic information, including the property address associated with the customer's Chase HELOC account and will set forth categories of

potential damages for Former Customer Subclass Members to indicate whether they claim to have incurred such injuries, as discussed in Section 7.2 below.

1.7     **Class and Subclass Definitions.** For the purposes of settlement only, the Parties agree to the following Class and Subclass definitions:

(a)     The Class:

The Class consists of all Chase HELOC customers nationwide who had their HELOCs suspended or reduced by Chase at any time between January 1, 2007 and September 30, 2012 based on Chase's determination that the property securing the HELOC had significantly declined in value.

(b)     The Former Customer Subclass:

The "Former Customer Subclass" or "Subclass" consists of all borrowers in the Class who closed their Chase HELOC account following a suspension or reduction of the HELOC by Chase, and their account was still suspended or reduced for decline in property value when the borrower closed the account.

1.8     **"Class Counsel"** means Jay Edelson and Steven Woodrow of Edelson McGuire, LLC, Karin Fisch of Abbey Spanier Rodd & Abrams, LLP, and Brian Murray of Murray Frank, LLP.

1.9     **"Class Member"** means a Person who falls within the definition of the Class (above) and who has not submitted a valid Request For Exclusion

1.10     **"Class and Subclass Representatives."** For the purposes of settlement only, the Parties agree to the following Class and Subclass Representatives, subject to Court approval: Class Representatives:  William Cavanagh, Robert M. Frank, Maria I. Frank, Shannon Hackett,

Michael Malcolm, Daryl Mayes, Michael Walsh, and Robert Wilder; Subclass Representatives: Shannon Hackett, Michael Walsh.

1.11    **"Complaint"** means the Consolidated Amended Class Action Complaint filed on August 30, 2010.

1.12    **"Court"** means the United States District Court for the Northern District of Illinois.

1.13    **"Effective Date"** means the date, if any, on which the Judgment entered pursuant to this Agreement becomes Final.

1.14    **"Fairness Hearing"** means the hearing before the Court where the Parties will request Judgment be entered by the Court approving the Agreement as fair, reasonable and adequate, and ruling on the requests for Fee Award, and the incentive awards to the proposed Class Representatives.

1.15    **"Fee Award"** means the amount of attorneys' fees and reimbursement of costs awarded by the Court to Class Counsel.

1.16    **"Final"** means one business day following the later of the following events:  (i) the date upon which the time expires for filing any appeal of the Court's Judgment ordering the dismissal with prejudice of the Released Claims and approving the Agreement; (ii) if there is an appeal, the date of completion, in a manner that finally affirms and leaves in place the Judgment without any material modification, of all proceedings arising out of the appeal (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari.

**1.17** **"Former Customer Settlement Subclass Member" or "Subclass Member"** means a Person who falls within the definitions of the Class and Subclass (above) and who does not submit a valid Request For Exclusion.

**1.18** **"Judgment"** means the Order of Final Judgment to be entered by the Court, without modifications that are unacceptable to Plaintiffs or Chase, at the Fairness Hearing or such other time approving this Agreement as fair, adequate and reasonable in accordance with applicable jurisprudence, confirming the certification of the Class and Subclass, ordering the dismissal with prejudice of the Action and the Underlying Class Actions and approving the Settlement and Fee Award, and issuing such other findings and determinations as the Court or the Parties deem necessary and appropriate to effectuate the terms of this Agreement.

**1.19** **"Nationwide"** means the 50 United States of America and its territories.

**1.20** **"Notice" or "Notice Plan"** means the documents disseminated to the Class describing this Agreement that shall be provided in the manner stated in Section 5 below, and includes a "long form" notice form to be posted on a website administered by the Settlement Administrator, as well as summary notice forms sent by U.S. Mail in the manner described in Section 5, to each Class Member.

**1.21** **"Notice of Intention to Appear and Object"** is the written communication that must be filed with the Court on or before the last day of the Opt-out/Objection Deadline by any Class Member in order to object to the approval of any portion of this Agreement.

**1.22** **"Opt-Out/Objection Deadline"** means the date to be set by the Court for Class Members to submit a Request For Exclusion or a Notice of Intention to Appear and Object. The deadline for post marking a Request For Exclusion or a Notice of Intention to Appear and Object

will be clearly set forth in the Notice and shall be no later than 21 days before the Fairness Hearing.

1.23 **"Preliminary Approval"** means the Court's certification of the Class solely for settlement purposes, entry of an order granting preliminary approval of this Agreement, as well as approval of the form and methods of dissemination of the Notice, the Notice Plan, and the Claim Form.

1.24 **"Parties"** means collectively the Plaintiffs and Chase.

1.25 **"Party"** means any or each of the Plaintiffs, or Chase.

1.26 **"Person"** means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.27 **"Plaintiff" or "Plaintiffs"** means William Cavanagh, Robert Frank, Maria Frank, Shannon Hackett, Michael Malcolm, Daryl Mayes, Michael Walsh, and Robert Wilder (collectively).

1.28 **"Released Claims"** means all claims (including "Unknown Claims" as defined below), demands, rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, against the Released Parties (as defined below), or any of them, from the beginning of time to the date of Preliminary Approval, that were or could have been alleged in the Complaint arising out of or relating in any way to Chase's policies, systems, standards and procedures for suspending HELOCs based on declines in the values of its borrowers' properties

that serve as security for the HELOCs, including without limitation, Chase's procedure for valuing the borrowers' properties, its HELOC account suspensions, credit limit reductions, and reinstatement standards, processes, and policies, and communications with borrowers regarding the same.

1.29 **"Releasing Parties"** means the Plaintiffs and Settlement Class Members, and each and all of their present or past heirs, executors, personal representatives, guardians, estates, authorized users, guarantors, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, accountants, financial and other advisors, investment bankers, underwriters, lenders, and each of their affiliates' present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, accountants, financial and other advisors, investment bankers, underwriters, lenders and any other representatives of any of these Persons and entities.

1.30 **"Released Parties"** means Chase and each and all of its past, present and future predecessors, successors, assigns, parents, divisions, subsidiaries, associates, affiliated companies and corporations, and each and all of their respective past, present and future representatives, employees, managers, agents, consultants, insurers, directors, committees, managing directors, officers, partners, general partners, limited partners, principals, members, insurers, reinsurers, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trusts, trustees, corporations, officers,

directors, other individuals or entities in which JPMorgan Chase Bank, N.A. has a controlling interest or which is related to or affiliated with any of them or any other representatives of any of these Persons and entities, and each and all of their respective executors, successors, assigns and legal representatives.

1.31 **"Request For Exclusion"** is a timely written communication by a Class Member stating that he or she wishes to be excluded from the Class. To be timely, any Request for Exclusion must be mailed to the Settlement Administrator and postmarked on or before the last day of the Opt-Out/Objection Deadline.

1.32 **"Settlement," "Agreement" or "Settlement Agreement"** means this Agreement.

1.33 **"Settlement Administration Expenses"** means the expenses incurred by the Settlement Administrator in providing Notice to the Class, administering Requests for Exclusion, Notices of Intention to Appear and Object, and handling claims for cash benefits by the Subclass, as described in this Agreement.

1.34 **"Settlement Benefit"** means the benefits a Settlement Class Member may receive pursuant to this Agreement.

1.35 **"Suspension" "Treatment" or "Block" and "Reduction"** and their reasonable variants means Chase's suspension of a particular HELOC account or accounts from further draws or reduction of the available credit limit.

1.36 **"Underlying Class Actions"** mean the class actions transferred to this Court for coordinated pretrial proceedings by the Judicial Panel for Multidistrict Litigation styled as *Kimball v. Washington Mutual Bank, Henderson, Nevada, et al.*, No. 3:09-1261 (S.D. Cal., filed June 10, 2009); *Walsh v. Washington Mutual*, No. 09-cv-4387 (C.D. Cal., filed June 18, 2009);

*Yakas v. Chase Manhattan Bank, USA, N.A.*, No. 3:09-2964 (N.D. Cal., filed July 1, 2009);

*Wilder v. JPMorgan Chase Bank, N.A.*, No. 09-cv-0834 (C.D. Cal., filed July 17, 2009);

*Malcolm v. JPMorgan Chase Bank, N.A.*, No. 09-cv-4496 (N.D. Cal., filed Sept. 24, 2009);

*Cavanagh v. JPMorgan Chase Bank, N.A.*, No. 09-cv-3389 (D. Minn., filed Nov. 25, 2009);

*Frank v. Washington Mutual*, No. 09-cv-3408 (E.D. Cal., filed Dec. 8, 2009); *Hackett v. JPMorgan Chase Bank*, N.A., No. 09-cv-7986 (N.D. Ill., filed Dec. 24, 2009); and *Mayes v. JPMorgan Chase Bank, N.A.*, No. 10-cv-0157 (N.D. Tex., filed Mar. 5, 2010); *Waterman v. JPMorgan Chase Bank, N.A.*, No. 3:10-cv-514-S (W.D. Ky., filed July 28, 2010); *Crystal v. JP Morgan Chase Bank, N.A.,* No. 1:10-cv-06023-FB -RER (E.D.N.Y. Dec. 29, 2010).

1.37    **"Unknown Claims"** means claims that could have been raised in this Action or in any of the Underlying Class Actions, and that the Plaintiffs or any or all other Persons and entities whose claims are being released, or any of them, do not know or suspect to exist, which, if known by them, might have affected their decision to enter into this Agreement and to release the Released Parties or the Released Claims or might affect their decision to agree, object or not to object to the Settlement.  Upon the date of Preliminary Approval, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the date of Preliminary Approval, the Releasing Parties also shall be deemed to have, and shall have, expressly waived any and all provisions, rights and benefits conferred by any law of

any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties also acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the Released Claims and the dismissal with prejudice contained in the Judgment or the law applicable to such claims may change, but that they expressly accept and assume the risk of those possible differences and that it is their intention to expressly waive and finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph, and that the releases set forth in this Settlement Agreement remain effective notwithstanding such differences in fact.

## 2. REQUIRED EVENTS AND COOPERATION BY THE PARTIES

**2.1** *Preliminary Approval*: Promptly after execution of this Agreement, Class Counsel shall submit this Agreement to the Court for its Preliminary Approval and shall move the Court to enter a Preliminary Approval Order, which by its terms shall:

(a) Appoint Class Counsel and the Plaintiffs as the Class Representatives;

(b) Certify the Class and Former Customer Subclass under Federal Rule of Civil Procedure 23 for settlement purposes only and without prejudice to Chase's right to contest class certification on an adversarial basis if the Agreement is not approved;

(c) Preliminarily approve this Agreement for purposes of issuing Notice to the Class and Former Customer Subclass members;

(d) Approve the form and contents of the Notice and the method of its dissemination to Class and Former Customer Subclass members; and

(e) Schedule the Fairness Hearing to review comments and/or objections

regarding this Agreement, to consider its fairness, reasonableness and adequacy, and the application for an award of attorneys' fees and reimbursement of expenses and to consider whether the Court shall issue a Judgment approving this Agreement, granting Class Counsel's application for the Fee Award, and entering the Judgment dismissing this Action and the Underlying Class Actions with prejudice;

(f)     Stay all proceedings in the Action, until the Effective Date or termination of the Settlement, whichever occurs earlier, except as may be necessary to obtain and or effectuate final approval of the Settlement; and

(g)     Enjoin Settlement Class Members from commencing or prosecuting any Released Claims against any Released Parties pending final approval of the Settlement.

**2.2**     *Final Approval:*     Class Counsel shall file a motion for final approval of the Agreement, set for hearing on or after the date selected by the Court for the Fairness Hearing, and request the Court to enter the Judgment.   This Agreement is expressly contingent upon the entry of said order, that by its terms shall:

(a)     Enter the Judgment contemplated by this Agreement finding that each Settlement Class Member has forever released and discharged each Released Party from liability for any and all Released Claims;

(b)     Direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions;

(c)     Find that the notice and the notice methodology implemented pursuant to the Agreement constituted reasonable, due, adequate and sufficient notice to all persons entitled to receive notice, and met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court;

(d)     Find that Class Counsel and the Class Representatives adequately represented the Class and Subclass for purposes of entering into and implementing the Agreement;

(e)     Set the Fee Award to Class Counsel and incentive award to the Class Representatives; and

(f)     Without affecting the finality of the Judgment for purposes of appeal, the Court shall retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Agreement and the Judgment and for any other necessary purpose.

**2.3**     *Cooperation*:  The Parties shall, in good faith, cooperate, assist and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court.

**2.4**     *Certification of Class*:   Solely for purposes of effectuating this Settlement, Chase agrees to the certification of the Class and Former Customer Subclass (defined above in paragraph 1.7), pursuant to per Fed. R. Civ. P. 23(b)(3). Certification of the Settlement Class and Subclass as set forth in this Agreement shall not be deemed a concession that certification of a litigation class is appropriate, nor would Chase be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement is not finalized or finally approved. If the Settlement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, the Parties and the Action shall be restored to the *status quo ante*, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in the Action. No agreements made by or entered into by Chase in connection with the Settlement may be used by Plaintiffs, any person in

the Settlement Class or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other judicial proceeding.

## 3. SETTLEMENT BENEFITS

### 3.1 *Relief Available to All Settlement Class Members*

(a) <u>Proactive Offer of Account Reinstatements</u>: Within 90 days of the Effective Date, Chase agrees to proactively offer account reinstatement to those Class Members who satisfy Chase's internal property value and credit guidelines and other criteria on the Effective Date. Chase will send a letter to any Class Member who Chase identifies as meeting these criteria advising that Chase is willing to reinstate his or her HELOC up to a limit set by Chase. The Class Member may accept Chase's offer to reinstate the HELOC by checking a box indicating acceptance and returning the letter to Chase. A Class Member who fails to check the box and timely return the letter to Chase will not have his or her HELOC reinstated through the Proactive Account Reinstatement Process.

(b) <u>Notice of Right to Request Reinstatement</u>: Within 9 months of the Effective Date, Chase agrees to send a Notice of Right to Request Reinstatement substantially in the form attached hereto as Exhibit 2 to Class Members whose accounts are open and remain suspended or reduced because of a decline in property value and who have more than 90 days left in the draw period as of the Effective Date. Mailing of the Notice of Right to Request Reinstatement will start with those Class Members whose accounts are closest to expiration of the draw period. The Notice of Right to Request Reinstatement: (i) will explain that Chase has revised some of its standards for reinstating HELOC accounts in ways that may be more favorable to borrowers and that Class Members may be considered for reinstatement or partial reinstatement under Chase's revised policies; and (ii) will remind Class Members that they have

the right to request reinstatement.

(c)    <u>Enhanced Account Suspension/Reduction Notices</u>: For the 12 month period following the Effective Date, Chase agrees to modify the notices that it sends to customers whose accounts Chase suspends or reduces based on a claim that the borrower's property has significantly declined in value, to include the value an appraisal would need to state the property is worth in order for Chase to reinstate the HELOC.

(d)    <u>Limitation on Use of AVMs</u>: For the 12-month period following the Effective Date, Chase will not rely upon Automated Valuation Models previously identified by Chase internally as Tier 3b, 4b, or 5b in determining whether to suspend or reduce any HELOC for a decline in property value.

(e)    <u>Reimbursement of Appraisal Fee</u>: For the 12-month period following the Effective Date, Chase will continue its policy of providing refunds of any appraisal fees paid by customers who successfully appeal Chase's suspension or reduction of their HELOCs based on a significant decline in property value.

(f)    <u>Limitation on Use of 5% reduction criterion</u>: For the 12-month period following the Effective Date, for future reductions and suspensions, Chase agrees to limit its use of a 5% reduction in value criterion as an indication of a significant decline in property value to "high CLTV" situations, *i.e.*, when a borrower's combined loan-to-value ratio is 90% or more.

(g)    <u>Service Assurances</u>: For the 12-month period following the Effective Date, Chase agrees to use only AVM models that have gone through its testing and validation processes. Chase further agrees to not materially change its customer service processes for (i) notifying borrowers of account suspensions or reductions, and (ii) addressing customer requests for reinstatement, unless the changes are beneficial to borrowers.

(h)    Future Changes in Law or Regulations: To the extent Congress, the Office of the Comptroller of Currency, the Consumer Financial Protection Bureau, or any other relevant regulatory authority promulgates any law, regulation, interpretation or clarification that would govern any conduct affected by the Settlement, those laws and regulatory provisions shall control.

**3.2**    *Relief for Former Customer Subclass Members.* Members of the Former Customer Subclass who submit complete and valid Claim Forms attesting that they incurred damages as a result of their HELOC suspension may receive a cash payment in the amount of $35. Chase will fund the relief to Former Customer Subclass Members provided in this paragraph. The Settlement Administrator will pay all approved claims via check within sixty (60) days following the Effective Date.

## 4.    THE RELEASE

**4.1**    The obligations incurred pursuant to this Agreement shall be a full and final disposition of this Action, the Underlying Class Actions, and any and all Released Claims as against all Released Parties.

**4.2**    Upon the Effective Date, Plaintiffs, and every Class Member, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties.

**4.3**    This Agreement does not affect or change any terms or conditions of the HELOC Agreements of any Person in the Class.

**5.    NOTICE**

**5.1**    Upon entry of the Order granting Preliminary Approval of this Agreement, the Settlement Administrator shall give Notice or cause Notice to be given to all potential Class Members as described below.

**5.2**    The Notice plan shall include:

(a)    <u>Internet Publication</u>: Within fourteen (14) days of entry of the Order granting Preliminary Approval of the Agreement a traditional "long form" notice substantially in the form attached as Exhibit 3 shall be posted on the settlement website, at a domain name to be mutually agreed upon by the Parties, to be administered by the Settlement Administrator. The website shall include a method by which Former Customer Subclass Members can submit Claim Forms.

(b)    <u>Direct Notice</u>: Within 30 days of entry of the Order granting Preliminary Approval of the Agreement, Chase shall cause the Settlement Administrator to provide a "short form notice," substantially in the form attached hereto as Exhibit 4, via U.S. Mail to the Class at the last-known address in Chase's records, as updated using the National Change of Address registry. Borrowers that Chase has identified as within the Former Customer Subclass, will be so notified on the Short Form Notice and will also receive a copy of the Claim Form along with the Short Form Notice.

(c)    <u>Notice under Class Action Fairness Act</u>. Chase shall cause notice of the Agreement, together with all required documents, to be sent to the appropriate governmental authorities in accordance with the Class Action Fairness Act.

**5.3**     No later than 14 days before the Final Fairness Hearing, the Settlement Administrator will provide affidavits to Class Counsel verifying that Chase caused Notice to be sent to the Class Members in accordance with this Agreement, as approved by the Court.

**5.4**     The Notice to the Class will be completed within 90 days of the Order granting Preliminary Approval.

## 6.     OPT-OUTS AND OBJECTIONS

**6.1**     Any Class Member may request to be excluded from the Class at any time within the Opt-Out/Objection Deadline, by complying with the procedures for doing so as set forth in the Court-approved Notice. In order to exercise the right to opt-out and be excluded from the Class, the Class Member seeking to do so must complete and return a Request For Exclusion by the Opt-Out/Objection Deadline to the Settlement Administrator. Requests for Exclusion filed or post-marked after the Opt-Out/Objection Deadline will be considered invalid and of no effect, and the Class Member who untimely submits a Request for Exclusion will remain a Settlement Class Member and will be bound by any Orders entered by the Court (including a Judgment approving the Agreement and implementing the Release contemplated thereby). All Settlement Class Members (exclusive of those who submit a valid request for exclusion) will be bound by this Agreement and the Judgment, including the Release contained herein. Any Class Member who timely and properly submits a Request for Exclusion shall not: (i) be bound by any orders or Judgment entered in this Litigation nor by the Release herein contained; (ii) be entitled to any Settlement Benefit under this Agreement; (iii) gain any rights by virtue of this Agreement; and (iv) be entitled to object to any aspect of this Agreement, or this Litigation. Each Class Member requesting exclusion from the Class must personally sign his or her own individual Request For Exclusion. No Class Member may opt-out of the Class for any other person or be opted-out by

any other person, and no Class Member shall be deemed opted-out of the Settlement Class through any purported "mass" or "class" opt-outs.

**6.2** Any Class Member who intends to object to this Agreement must file with the Court by the Opt-Out/Objection Deadline, either *pro se* or through counsel hired at the Class Member's own expense, a Notice of Intent to Appear and Object that includes his/her personal signature, his or her full name and address, and all arguments, citations, and evidence supporting the objection, states that he or she is a Class Member, and provides a statement whether the objector intends to appear at the Fairness Hearing, either with or without counsel. A copy of such appearance and Notice of Intention to Appear and Object must also be sent to the Settlement Administrator, Class Counsel, and Chase's Counsel at the time of filing. Objections must be filed and postmarked by the Opt-Out/Objection Deadline. No Class Member shall be heard and no papers, briefs or pleadings submitted by such Class Member shall be received and considered by the Court unless the Court receives the Class Member's properly completed and signed statement of objection and Notice of Intent to Appear and Object by the Opt-Out/Objection Deadline. Any Class Member who fails to timely or properly file an appearance and written objection and Notice of Intent to Appear and Object shall be deemed to have waived his or her objections and be forever barred from making any such objections in this Action, the Underlying Class Actions, any appeal or in any other action or proceeding. The Internet Notice shall advise Class Members that they may, but do not need to hire their own attorney.

**6.3** In the event that the number of class members submitting a valid request for exclusion exceeds 900, then Chase, in its sole discretion, may at any time prior to (3) business days before the Final Approval Hearing, notify Class Counsel in writing that Chase believes the Settlement cannot achieve its purpose. In that event, this Settlement Agreement shall become

null and void for all purposes, the Parties and the Action shall be returned to the *status quo ante*, the Parties shall jointly move that any and all orders entered pursuant to this Settlement Agreement be vacated, and neither this Agreement nor the Parties' willingness to enter into the Settlement shall be used or referred to for any purpose.

## 7. CLAIMS PROCESS & SETTLEMENT ADMINISTRATION

**7.1** *Settlement Administrator's Duties*. The Settlement Administrator shall administer the relief provided by this Agreement by erecting the settlement website, disseminating the Notice, and processing Claim Forms in a rational, responsive, cost effective and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Chase's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Chase's Counsel with information concerning Notice, administration, claims processing, and implementation of the Agreement. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts to be paid to Former Customer Subclass Members with Approved Claims. Without limiting the foregoing, the Settlement Administrator shall:

(a) Receive Requests for Exclusion from Class Members seeking to exclude themselves from the Class and provide to Class Counsel and Chase's Counsel a copy thereof within three days of the Opt-Out/Objection Deadline. If the Settlement Administrator receives any exclusion forms or other requests from Plaintiffs after the Opt-Out/Objection Deadline, the

Settlement Administrator shall promptly provide copies thereof to Class Counsel and Chase's Counsel.

(b)     Provide reports to Class Counsel and Chase's Counsel on a reasonable basis which include without limitation, the number of Claim Forms received, the number of Approved Claims, and the categorization and description of Claim Forms approved and rejected by the Settlement Administrator.

(c)     Make available for inspection by Class Counsel and Chase's Counsel the Claim Forms and any supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

**7.2**     *Review of Claim Forms.* The Settlement Administrator shall review Claims Forms for completeness. Former Customer Subclass Members may select via the Claim Form, by checking a box, one or more of the following types of damages: (1) insufficient / NSF fess incurred when checks drawn on the HELOC were dishonored following notice of the suspension; (2) appraisal fees, application costs, and other expenses incurred in applying for and/or obtaining a new HELOC; (3) any annual fees paid to a new lender for any replacement HELOC, and (4) any other damages resulting from the suspension of their HELOC for which the Subclass Member can attest. All valid claims shall be entitled to a set cash award of $35. The Settlement Administrator may reject materially incomplete Claim Forms, and may reject a Claim Form where there is evidence of abuse or fraud. Chase's Counsel and Class Counsel shall have the right to, exercising good faith, challenge the acceptance or rejection of a Claim Form submitted by Former Customer Subclass Members and such challenges will be timely decided through a meet and confer of the Parties.  If the Parties are unable to reach agreement as to a particular claim, the Parties will submit their disagreement to the Court.

**7.3** *Settlement Administration Expenses.* Settlement Administration Expenses shall be paid solely by Chase.

**7.4** *Requests for Additional Information.* In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Class or Subclass Member.

## 8. SETTLEMENT PAYMENTS

**8.1** *Payment of Settlement Benefits.* Within sixty (60) days after the Effective Date, or such other date as the Court may set, the Settlement Administrator shall pay all Subclass Member Approved Claims by check and mail them to approved claimants via U.S. Mail. Any monies remaining from settlement checks that are not cashed within 90 days of issuance shall be donated in equal parts to two *cy pres* recipients to be decided upon by the Parties (with each Party nominating one recipient), subject to the approval of the Court.

**8.2** On and after the Effective Date, Chase shall be solely responsible for ensuring that the Settlement Administrator at all times has adequate funds to pay Approved Claims from the Agreement.

## 9. CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.

**9.1** Chase has agreed to pay Class Counsel, subject to Court approval, an amount up to $1,800,000 in attorneys' fees and reimbursement of costs. Chase will not object to or otherwise challenge Class Counsel's application for reasonable attorneys' fees and for reimbursement of costs and other expenses if limited to the above amount. Class Counsel has, in turn, agreed not to seek more than above amount from the Court.

**9.2**     Chase shall pay (by wire) to Class Counsel the Fee Award approved by the Court within fourteen (14) business days of the Effective Date. Class Counsel shall provide wiring instructions and a completed W-9 form to Chase's Counsel before the Effective Date.

**9.3**     In addition to any award under the Agreement, and in recognition of their efforts on behalf of the Class, William Cavanagh, Robert and Maria Frank, Shannon Hackett, Michael Malcolm, Daryl Mayes, Michael Walsh, and Robert Wilder shall, subject to Court approval, receive an incentive award of the sum of $31,500 collectively to be divided in seven (7) equal parts to Plaintiffs as follows: Mr. Cavanagh ($4,500), the Franks ($4,500), Ms. Hackett ($4,500), Mr. Malcolm ($4,500), Mr. Mayes ($4,500), Mr. Walsh ($4,500), and Mr. Wilder ($4,500) as appropriate compensation for their time and effort serving as the class representatives in this Litigation. Chase will not object to or otherwise challenge any request to the Court for such amount. Class Counsel has, in turn, agreed not to seek more than above amount from the Court on behalf of the Class Representatives. Chase shall pay such amounts by check within fourteen (14) business days of the Effective Date, by check payable to each incentive award recipient, delivered to  Class Counsel. Before the Effective Date, Class Counsel shall provide Chase's Counsel with a W-9 form for each incentive award recipient.

**10.**     **TERMINATION OF AGREEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

**10.1**     Plaintiffs, on behalf of the Class and Subclass, or Chase, shall have the right to terminate this Agreement by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within 30 days of: (i) the Court's declining to enter an Order granting Preliminary Approval in any material respect, (ii) the Court's refusal to approve this Agreement, (iii) the Court's declining to enter the Judgment in any respect, or (iv) the date upon

which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

**10.2**     If any of the Parties are in material breach of the terms of this Agreement, any of the opposing Parties, provided that they are in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Parties.

**10.3**     If this Agreement is terminated or fails to become Final for any of the reasons set forth above, the Parties shall be restored to their respective positions in this Action as of the date of signing this Agreement. In such event, the Judgment granted by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

**10.4**     Notwithstanding anything herein, the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel set forth in Section 10.1 or the incentive awards to the Plaintiffs set forth in Section 10.3 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination. In the event that the Court declines to award attorneys' fees, costs or incentive payments in the amounts sought by Plaintiffs and Class Counsel, or at all, the remaining provisions of this Settlement Agreement shall remain in full force and effect.

## 11.     NO PUBLICITY BEYOND NOTICE PROCEDURES

**11.1**     Except as required by law or as agreed upon in writing by the Parties, Class Counsel and/or Plaintiffs will not issue press releases or make other public statements regarding the settlement unless Chase agrees to such press releases or public statements in advance, which consent may not be unreasonably withheld. Class Counsel, the Plaintiffs and/or Settlement Class Members will make no statements of any kind to any third party regarding the settlement prior to applying for preliminary approval. This paragraph will not prohibit Class Counsel from

communicating with any person in the Settlement Class regarding the Action or the settlement; provided, however, that Class Counsel must comply with all confidentiality agreements in communicating with such persons and any protective Order in the Action, and will not disclose information that is not a part of the public record. Nothing herein shall in any way impede Class Counsel from responding to any request or inquiry by any Attorney(s) General regarding this Agreement or the Litigation. Class Counsel will notify Chase's Counsel upon receipt of any request or inquiry by any Attorney(s) General.

## 12. MISCELLANEOUS PROVISIONS

**12.1** The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement.

**12.2** The Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs and the Settlement Class Members, and each or any of them, on the one hand, against the Released Parties, and each or any of them, on the other hand.

**12.3** Whether or not the Effective Date occurs or this Agreement is terminated, neither this Agreement, nor any act performed or document executed pursuant to or in furtherance thereof:

(a) Is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that

has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)   Is, may be deemed, or shall be used, offered or received against Chase, as an admission, concession or evidence of, any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties;

(c)   Is, may be deemed, or shall be used, offered or received against Plaintiffs or the Class, or each or any of them, as an admission, concession or evidence of, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Chase, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation;

(d)   Is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, if this Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(e)   Is, may be deemed, or shall be construed against Plaintiffs and the Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(f)   Is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs and the Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

**12.4**   The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

**12.5**   The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**12.6**   All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**12.7**   This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein. No representations, warranties or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all the Parties to the Agreement or their respective successors-in-interest.

**12.8**   Except as otherwise provided herein, each Party shall bear its own costs.

**12.9**   Each counsel or other Person executing this Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so, that they have the authority to take appropriate

action required or permitted to be taken pursuant to the Agreement to effectuate its terms, and that none of their claims or rights under this Settlement Agreement have been assigned to any other person.

**12.10**  This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement all exchange original signed counterparts. A complete set of original executed counterparts shall be filed with the Court upon request.

**12.11**  This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**12.12**  This Agreement and the Exhibits hereto shall be considered to have been negotiated, executed, delivered, and wholly performed in the State of Illinois, and the rights and obligations of the Parties to this Agreement shall be construed and enforced in accordance with and governed by, the internal, substantive laws of the State of Illinois without giving effect to that State's choice of law principles.

**12.13**  All notices to the Parties or Counsel required by the Agreement shall be made in writing and communicated by U.S. Mail and e-mail to the following:

If to Plaintiffs or Class Counsel:

Steve Woodrow
swoodrow@edelson.com
Edelson McGuire LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654

If to Chase or Chase's Counsel:

LeAnn Pedersen Pope
lpope@burkelaw.com
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash
22nd Floor
Chicago, Illinois 60611

**12.14** This Agreement and the Exhibits thereto are deemed to have been prepared by counsel for all Parties, as a result of negotiations among the Parties with the assistance of a neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed individually or by their duly authorized attorneys.

Dated: November 14, 2012

By: _____

Jay Edelson
Edelson McGuire LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654

Counsel for Plaintiffs and the Class

Dated: November 9, 2012

By: _____

William Cavanagh, individually and on behalf of the Class

Dated: November ___, 2012

By: _____

Robert and Maria Frank, individually and on behalf of the Class

If to Chase or Chase's Counsel:

LeAnn Pedersen Pope
lpope@burkelaw.com
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash
22nd Floor
Chicago, Illinois 60611

**12.14** This Agreement and the Exhibits thereto are deemed to have been prepared by counsel for all Parties, as a result of negotiations among the Parties with the assistance of a neutral mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed individually or by their duly authorized attorneys.

Dated: November ___, 2012                     By:_____

                                              Jay Edelson
                                              Edelson McGuire LLC
                                              350 North LaSalle, Suite 1300
                                              Chicago, IL 60654

                                              Counsel for Plaintiffs and the Class

Dated: November ___, 2012                     By:_____

                                              William Cavanagh, individually and on
                                              behalf of the Class

Dated: November _14_, 2012                    By:_____

                                              Robert and Maria Frank, individually and on
                                              behalf of the Class

Dated: November _9_, 2012

By:_Shannon Hackett_

Shannon Hackett, individually and on
behalf of the Class

Dated: November _12_, 2012

By:_Michael Male_

Michael Malcolm, individually and on
behalf of the Class

Dated: November ___, 2012

By:_____

Daryl Mayes, individually and on behalf of
the Class

Dated: November ___, 2012

By:_____

Michael Walsh, individually and on
behalf of the Class

Dated: November ___, 2012

By:_____

Robert Wilder, individually and on
behalf of the Class

Dated: November ___, 2012

By:_____

LeAnn Pedersen Pope
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash, 22nd Floor
Chicago, IL 60611

Counsel for JPMorgan Chase Bank, N.A.

Dated: November ___, 2012

By:_____

On behalf of JPMorgan Chase Bank, N.A.

Dated: November ___, 2012

By:_____

Shannon Hackett, individually and on
behalf of the Class

Dated: November ___, 2012

By:_____

Michael Malcolm, individually and on
behalf of the Class

Dated: November **10**, 2012

By:_____

Daryl Mayes, individually and on behalf of
the Class

Dated: November ___, 2012

By:_____

Michael Walsh, individually and on
behalf of the Class

Dated: November ___, 2012

By:_____

Robert Wilder, individually and on
behalf of the Class

Dated: November ___, 2012

By:_____

LeAnn Pedersen Pope
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash, 22nd Floor
Chicago, IL 60611

Counsel for JPMorgan Chase Bank, N.A.

Dated: November ___, 2012

By:_____

On behalf of JPMorgan Chase Bank, N.A.

Dated: November ___, 2012                By:_____

                                         Shannon Hackett, individually and on
                                         behalf of the Class


Dated: November ___, 2012                By:_____

                                         Michael Malcolm, individually and on
                                         behalf of the Class


Dated: November ___, 2012                By:_____

                                         Daryl Mayes, individually and on behalf of
                                         the Class


Dated: November 10, 2012                 By:_____

                                         Michael Walsh, individually and on
                                         behalf of the Class


Dated: November ___, 2012                By:_____

                                         Robert Wilder, individually and on
                                         behalf of the Class


Dated: November ___, 2012                By:_____

                                         LeAnn Pedersen Pope
                                         Burke, Warren, MacKay & Serritella, P.C.
                                         330 North Wabash, 22nd Floor
                                         Chicago, IL 60611

                                         Counsel for JPMorgan Chase Bank, N.A.


Dated: November ___, 2012                By:_____

                                         On behalf of JPMorgan Chase Bank, N.A.

Dated: November ___, 2012            By:_____

                                         Shannon Hackett, individually and on
                                         behalf of the Class

Dated: November ___, 2012            By:_____

                                         Michael Malcolm, individually and on
                                         behalf of the Class

Dated: November ___, 2012            By:_____

                                         Daryl Mayes, individually and on behalf of
                                         the Class

Dated: November ___, 2012            By:_____

                                         Michael Walsh, individually and on
                                         behalf of the Class

Dated: November _13_, 2012           By:_____

                                         Robert Wilder, individually and on
                                         behalf of the Class

Dated: November ___, 2012            By:_____

                                         LeAnn Pedersen Pope
                                         Burke, Warren, MacKay & Serritella, P.C.
                                         330 North Wabash, 22nd Floor
                                         Chicago, IL 60611

                                         Counsel for JPMorgan Chase Bank, N.A.

Dated: November ___, 2012            By:_____

                                         On behalf of JPMorgan Chase Bank, N.A.

Dated: November ___, 2012

By:_____

Shannon Hackett, individually and on behalf of the Class

Dated: November ___, 2012

By:_____

Michael Malcolm, individually and on behalf of the Class

Dated: November ___, 2012

By:_____

Daryl Mayes, individually and on behalf of the Class

Dated: November ___, 2012

By:_____

Michael Walsh, individually and on behalf of the Class

Dated: November ___, 2012

By:_____

Robert Wilder, individually and on behalf of the Class

Dated: November ___, 2012

By:_____

LeAnn Pedersen Pope
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash, 22nd Floor
Chicago, IL 60611

Counsel for JPMorgan Chase Bank, N.A.

Dated: November ___, 2012

By:_____

On behalf of JPMorgan Chase Bank, N.A.

Dated: November ___, 2012            By:_____

                                     Shannon Hackett, individually and on
                                     behalf of the Class


Dated: November ___, 2012            By:_____

                                     Michael Malcolm, individually and on
                                     behalf of the Class


Dated: November ___, 2012            By:_____

                                     Daryl Mayes, individually and on behalf of
                                     the Class


Dated: November ___, 2012            By:_____

                                     Michael Walsh, individually and on
                                     behalf of the Class


Dated: November ___, 2012            By:_____

                                     Robert Wilder, individually and on
                                     behalf of the Class


Dated: November ___, 2012            By:_____

                                     LeAnn Pedersen Pope
                                     Burke, Warren, MacKay & Serritella, P.C.
                                     330 North Wabash, 22nd Floor
                                     Chicago, IL 60611

                                     Counsel for JPMorgan Chase Bank, N.A.


Dated: November ___, 2012            By:_____
                                     Amanda G Norton
                                     Mortgage Banking Chief Risk Officer
                                     On behalf of JPMorgan Chase Bank, N.A.

Exhibit 1

# CLAIM FORM

**Chase HELOC MDL Claims**
c/o KCC Class Action Services
P.O. Box 43142
Providence, RI 02940-3142

Name/Address Changes (if any):

## [unique ID number]

Borrower Name
Address
Address
«City», «ST» «Zip»

| | |
|---|---|
| First Name | Last Name |

Address

City , State Zip

*IN RE JP MORGAN CHASE BANK HOME EQUITY LINE OF CREDIT LITIGATION*
**MDL NO. 2167, Case No. 10-cv-3647 (N.D. Ill)**
**FORMER CUSTOMER SUBCLASS MEMBERS MAY FILL OUT THIS CLAIM FORM**
**TO BE ELIGIBLE FOR A CASH AWARD OF $35**

THIS CLAIM FORM MUST SUBMITTED VIA
THE SETTLEMENT WEBSITE OR BE POSTMARKED BY APRIL 7, 2013

**YOU MAY ONLY SUBMIT A CLAIM FORM IF YOU ARE A MEMBER OF THE FORMER CUSTOMER SUBCLASS AS DEFINED IN THE NOTICE.** If you are a member of the Former Customer Subclass and are seeking the $35 cash benefit under the Class Action Settlement Agreement, you must complete and mail this Claim Form or submit it on the Settlement Website. **You can only submit one claim form for each HELOC that Chase suspended or reduced due to a decline in property value. If there is more than one borrower on a single account, only one claim form may be submitted.** Please read the Notice and this Claim Form to understand all of your legal rights and options under the Settlement.

To submit a claim for a $35 cash payment, begin by filling in all of the information requested in Part A. Once complete, move on to Part B, review the statements and if true and correct, sign the Certification. Submit your signed Claim Form by following the instructions for submitting the Claim Form in Part D. The Claim Form must be submitted on-line or postmarked by **April 7, 2013**.

---

### INSTRUCTIONS FOR SUBMITTING CLAIM FORM

Fill out Part A and Part B on the next page and submit the signed Claim Form via the settlement website or via U.S. Mail.  Keep a copy for your records.   Unsigned claim forms will not be accepted.

**Submit via settlement website**: This Claim Form is also available on-line.  If you are filling out this form on-line, click "Submit" and follow the instructions for Uploading your Claim Form to www.ChaseHELOCSettlement.com on or before April 7, 2013; or

**Submit via U.S. Mail**.  The Claim Form must be postmarked by April 7, 2013 and mailed to the Settlement Administrator:

> Chase HELOC MDL Claims
> c/o KCC Class Action Services
> P.O. Box 43142
> Providence, RI 02940-3142

If the Settlement is approved by the Court and your Claim is approved, you will receive a check for $35.00. Checks must be cashed within 90 days of issuance.

---

1295742.12

| PART A - CLAIMANT INFORMATION (All information in this section is required) |
| --- |

**Name**: _____  _____  _____*
         *(First)*                                    *(Middle)*              *(Last)*

**Address**: _____
            *(Street)*

_____  ___ ___   ___ ___ ___ ___ ___ ___
*(City)*                                       *(State)*        *(Zip Code)*

---

**Phone Number:** ( ___ ___ ___) ___ ___ ___ – ___ ___ ___ ___

**Address of property securing the HELOC** (if different from address above):

_____
            *(Street)*

_____  ___ ___   ___ ___ ___ ___ ___ ___
            *(City)*                          *(State)*        *(Zip Code)*

**Email Address:** _____

*\* If you have changed your name and it is different than the name that appears on your Notice, please indicate the reason for the name change and include documentation establishing a valid name change (such as a marriage certificate or license, a divorce or annulment record, or a court ordered name change).*

---

| PART B – DECLARATION OF DAMAGES AND CERTIFICATION |
| --- |

By signing this Claim Form I verify that:

I am/was a HELOC customer of JPMorgan Chase Bank, N.A. ("Chase") and my HELOC was suspended or reduced by Chase due to my home value decline. As a result of the HELOC suspension/reduction, I closed my HELOC account and incurred at least one of the following damages:

- I was charged insufficient funds/NSF fees when a check/checks I drew against the HELOC were dishonored following the notice of suspension; AND/OR

- I paid appraisal fees, application costs and/or other expenses in connection with applying for and/or obtaining a new HELOC; AND/OR

- I paid annual fees to a new lender for my replacement HELOC; AND/OR

- I suffered other damages as a result of my HELOC being suspended or reduced.

I declare under penalty of perjury that the statements set forth in this Claim Form and my claims of damages are true and correct.

Signature: _____  Date: _____

Print Name: _____

Exhibit 2

*In re JPMorgan Chase Bank Home Equity Line of Credit Litigation,*
Case No. 10-cv-3647, MDL 2167
In the United States District Court
for the Northern District of Illinois, Eastern Division
***Visit www.[settlementwebsite].com for more information***

## NOTICE OF RIGHT
## TO REQUEST REINSTATEMENT OF YOUR HELOC

You are receiving this notice as a result of a class action settlement. You are receiving this notice because you have a HELOC with Chase that was suspended or reduced due to Chase's determination that the value of the property securing your HELOC significantly declined.

The purpose of this notice is to notify you that you have the right to request a review of Chase's suspension or reduction of your HELOC account. Chase's policies for reinstatement of HELOC accounts may be different from the policies in effect at the time your HELOC account was initially suspended or reduced. If you request reinstatement, you may be entitled to a full or partial reinstatement if your property value has recovered.

If you would like to learn more about how to formally request reinstatement of your HELOC, please call toll free 1-800-xxx-xxxx.[Chase number]

For more information about the Class Action Settlement that triggered this Notice and a copy of the full Class Action Settlement Agreement go to: www.ChaseHelocSettlement.com.

Exhibit 3

# If Chase suspended or reduced your home equity line of credit based on its determination that your property value had significantly declined, you could get benefits from a class action settlement.

>>**Click Here to Download a Copy of the Class Action Settlement Agreement**<<

>> **Click Here for the Former Customer Subclass Claim Form**<<
**(Former Customers must submit a Claim Form by April 7, 2013 to obtain Settlement Benefits.)**

*A federal court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

- A nationwide settlement has been reached in a class action lawsuit claiming that JPMorgan Chase Bank, N.A. ("Chase") improperly suspended or reduced home equity lines of credit ("HELOCs") based on its determination that the properties securing the HELOCs significantly declined in value.

- The settlement includes current and former Chase HELOC customers whose accounts were suspended or reduced by Chase between January 1, 2007 and September 30, 2012 based on Chase's determination that the property securing the HELOC significantly declined in value.

- Your legal rights are affected whether you act or not. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| EXCLUDE YOURSELF | You will receive no benefits but you will retain any rights you might have to file a lawsuit against Chase regarding its policies or practices of suspending HELOCs based on a decline in property value. |
| OBJECT | Write to the Court about the reasons why you do not like the Settlement. |
| ATTEND A HEARING | Ask to speak in Court about the fairness of the Settlement. |
| DO NOTHING | If you are a Class Member, you need not do anything to benefit from the enhancements to Chase's HELOC procedures. Certain Class Members will further benefit from the Notice or Right to Request Reinstatement, and certain other Class Members will benefit from the Proactive Offer of Account Reinstatements contemplated by the Settlement without taking any action.<br><br>If you elect to do nothing, you will give up certain rights in this case, as explained below (in Sections 6 and 7). Members of the Former Customer Subclass will receive no cash benefit if they do nothing. |
| SUBMIT A CLAIM FORM (FOR FORMER CUSTOMER SUBCLASS MEMBERS ONLY) | This is the only way for members of the Former Customer Subclass to get a cash payment of $35.<br>>> **Click Here to Download a Claim Form**<< |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to give final approval to the settlement. If it does, and after any appeals are resolved, the benefits discussed in this notice will be made available. Please be patient.

**BASIC INFORMATION**

|   |   |   |
|---|---|---|
| 1. | Why was this notice issued? | **Page 3** |
| 2. | What is the lawsuit about? | **Page 3** |
| 3. | Why is this a class action? | **Page 3** |
| 4. | Why is there a proposed Settlement? | **Page 3** |

**WHO IS INCLUDED IN THE SETTLEMENT**

|   |   |   |
|---|---|---|
| 5. | How do I know if I am included in the Settlement? | **Page 4** |
| 6. | What if I am still not sure whether I am included in the Settlement? | **Page 4** |

**THE SETTLEMENT BENEFITS**

|   |   |   |
|---|---|---|
| 7. | What benefits does the Settlement provide? | **Page 4** |
| 8. | How do Former Customer Subclass Members get a payment? | **Page 5** |
| 9. | If I am a Former Customer Subclass Member and submit a valid Claim Form, when will I receive my payment? | **Page 5** |
| 10. | What am I giving up in exchange for the Settlement? | **Page 6** |

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

|   |   |   |
|---|---|---|
| 11. | If I exclude myself, can I get anything from the Settlement? | **Page 6** |
| 12. | If I don't exclude myself, can I sue later? | **Page 6** |
| 13. | How do I get out of the Settlement? | **Page 6** |

**OBJECTING TO THE SETTLEMENT**

|   |   |   |
|---|---|---|
| 14. | How do I tell the Court if I don't like the Settlement? | **Page 7** |
| 15. | What is the difference between objecting and asking to be excluded? | **Page 7** |

**THE LAWYERS REPRESENTING YOU**

|   |   |   |
|---|---|---|
| 16. | Do I have a lawyer in this case? | **Page 7** |
| 17. | How will the lawyers be paid? | **Page 7** |

**THE COURT'S FAIRNESS HEARING**

|   |   |   |
|---|---|---|
| 18. | When and where will the Court decide whether to approve the Settlement? | **Page 8** |
| 19. | Do I have to come to the hearing? | **Page 8** |
| 20. | May I speak at the hearing? | **Page 8** |
| 21. | What happens if the Court does not approve the Settlement? | **Page 8** |

**GETTING MORE INFORMATION**

|   |   |   |
|---|---|---|
| 22. | How do I get more information? | **Page 8** |

# BASIC INFORMATION

## 1. Why was this notice issued?

A Court authorized this notice because you have a right to know about a proposed settlement of this class action lawsuit, and about all of your options, before the Court decides whether to give "final approval" to the settlement. This notice explains the lawsuit, the proposed settlement and your legal rights.

Judge Rebecca R. Pallmeyer of the United States District Court for the Northern District of Illinois is overseeing this consolidated class action. The case is known as *In re JP Morgan Chase Bank Home Equity Line of Credit Litigation*, Case No. 10-cv-3647, MDL No. 2167.

## 2. What is the lawsuit about?

The lawsuit claims that Chase suspended or reduced customers' HELOCs based on its determination that their property values significantly declined. The Plaintiffs don't believe that their properties significantly declined in value. They claim that Chase violated the Truth-in-Lending Act, breached its customers' HELOC Agreements, and violated consumer protection laws.

Chase denies that these allegations are true and maintains that it did nothing unlawful or improper.

The Court has not determined who was right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses that will result from further litigation. This notice is not an admission of wrongdoing by any party.

## 3. Why is this a class action?

In a class action, one or more people called "Class Representatives" (in this case William Cavanagh, Robert M. Frank and Maria I. Frank, Shannon Hackett, Michael Malcolm, Daryl Mayes, Michael Walsh, and Robert Wilder) sue on behalf of people who have similar claims. Together these people are called a "Class" or "Class Members." This settlement includes a large group of Class Members and a smaller subgroup of people called "Subclass Members." Shannon Hackett and Michael Walsh are also Subclass Representatives. One court will resolve the issues for all Class Members, except for those who exclude themselves from the Class.

## 4. Why is there a proposed Settlement?

The Court did not make a decision about who is right. Instead, the Parties agreed to settle the lawsuit to avoid the costs and risks of further litigation. This notice is not an admission of wrongdoing by any party. The Class Representatives and their lawyers think the settlement is best for all Class and Subclass Members.

# WHO IS INCLUDED IN THE SETTLEMENT

## 5. How do I know if I am included in the Settlement?

If you received a Notice in the mail about this Settlement, Chase's records show that you are a Class Member. The Notice also states whether you are a Former Customer Subclass Member.

**You are a Class Member** if you are or were a Chase HELOC customer in the United States and your HELOC was suspended or reduced by Chase between January 1, 2007 and September 30, 2012 based on its determination that the property securing the HELOC significantly declined in value.

**You are a Former Customer Subclass Member** if, as of September 30, 2012, you closed your HELOC account, and when you closed your HELOC account, your account was still suspended or reduced based on Chase's determination that your property value had significantly declined.

---

**6. What if I am still not sure whether I am included in the Settlement?**

---

If you are not sure whether you are included in the settlement or you don't know if you are both a Class and Subclass Member, call the Settlement Administrator at 1-877-208-9278.

## THE SETTLEMENT BENEFITS

---

**7. What benefits does the Settlement provide?**

---

If the settlement is approved by the Court and becomes final, it will provide benefits to Class and Former Customer Subclass Members as described below.

**A.** <u>**Notice of Right to Request Reinstatement**</u>. Chase will send a Notice of Right to Request Reinstatement to Class Members whose HELOC accounts are open and still suspended or reduced due to a decline in property value, and who have more than 90 days left to draw from the account as of the date the Settlement becomes final. The Notice of Right to Request Reinstatement will explain that Chase has revised some of its standards for reinstating HELOC accounts and that Class Members may be considered for reinstatement or partial reinstatement under Chase's revised policies. It will also inform Class Members that they have the right to request reinstatement.

**B.** <u>**Proactive Offer of Account Reinstatement**</u>. Chase will proactively offer account reinstatement to certain Class Members who satisfy Chase's current internal property value and credit guidelines and other criteria. Within 90 days of the date the Settlement becomes final, Chase will send a letter to qualifying Class Members offering reinstatement of their HELOCs up to a limit set by Chase. The Class Member may accept Chase's offer to reinstate the HELOC by checking a box indicating acceptance and returning the letter to Chase. Class Members who fail to check the box and timely return the letter to Chase will not have their HELOC reinstated through the Proactive Offer of Account Reinstatement Process.

**C.** <u>**Limitation on Use of Automated Valuation Models (AVMs)**</u>. For one year after the date the Settlement becomes final, Chase will not rely on its Tier 3b, 4b or 5b AVMs when determining whether to suspend or reduce a HELOC due to a decline in property value.

**D.** <u>**Enhanced Account Treatment Notices**</u>. For one year after the date the Settlement becomes final, all of Chase's notices informing HELOC customers that their account is being suspended or reduced due to a decline in property value will include an appraisal amount that will be needed in order to reinstate the HELOC.

**E.** <u>**Reimbursement of Appraisal Fee**</u>. For one year after the date the Settlement becomes final, Chase will continue its policy of providing refunds of any appraisal fees paid by customers who successfully appeal the suspension or reduction of their HELOC based on a significant decline in home value.

**F.** <u>**Limitation on Use of 5% reduction criterion for future reductions and suspension**</u>. For one year after the date the Settlement becomes final, for future reductions and suspensions, Chase will limit its use of a 5% reduction in value criterion as an indication of a significant decline in home value to "high CLTV" situations, *i.e.*, when a borrower's combined loan-to-value ratio is 90% or more.

**G.** **Service Assurances**. For one year after the date the Settlement becomes final, Chase will only use AVMs that have gone through its testing and validation processes. In addition, Chase will not make any substantial changes to its customer service processes for: (i) notifying borrowers of account suspensions or reductions; and (ii) addressing customer requests for reinstatement, unless the changes benefit borrowers.

**H.** **Payments to Subclass Members**. Subclass Members who complete and submit valid Claim Forms stating that they were damaged by the suspension of their HELOC may receive a cash payment in the amount of $35.

| |
|---|
| **8. How do Former Customer Subclass Members get a payment?** |

If you are a Subclass Member you must complete and submit a Claim Form by **April 7, 2013** to receive a $35 cash payment. Follow the steps below to file a claim.

**Step 1 – Access the Claim Form.** You may submit or download a paper copy of the Claim Form online using the secure website by clicking **here**. You may also get a Claim Form by calling 1-877-208-9278.

**Step 2 – Complete the Claim Form.** Fill out all the required fields and information.

**Step 3 – Submit the Claim Form.** If you are submitting your Claim Form online, click "submit" after completing the required information. If you print a copy of the Claim Form, <u>sign</u> and mail it to the address below postmarked by April 7, 2013.

**Chase HELOC Settlement Administrator**
c/o KCC Class Action Services
P.O. Box 43142
Providence, RI 02940-3142

| |
|---|
| **9. If I am a Former Customer Subclass Member and submit a valid Claim Form, when will I receive my payment?** |

Payments will be mailed to Former Customer Subclass Members who submit valid Claim Forms after the Court grants "final approval" to the settlement and after any appeals are resolved. The final approval hearing is currently scheduled for March 8, 2013 (see the section "The Court's Fairness Hearing" below); however, there may be additional delays. Please be patient.

| |
|---|
| **10. What am I giving up in exchange for the Settlement?** |

If the settlement becomes final, Class Members will be releasing Chase and all related people and entities from all of their claims relating to Chase's policies, systems, standards, and procedures for suspending HELOCs based on a decline in property value.

The **Settlement Agreement**, provides more detailed information about the release and describes the release claims in necessary, accurate legal terminology. You can talk to one of the lawyers representing Class Members listed in Question 22 below for free or you can, of course, talk to your own lawyer at your expense if you have questions about the Released Claims or what they mean.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you don't want to participate in this settlement and want to keep the right to sue Chase about the issues in this case, then you must take steps to get out of the settlement. This is called excluding yourself or "opting out" of the Class.

## 11. If I exclude myself, can I get anything from the Settlement?

No. If you exclude yourself, you cannot get any benefits from this settlement and you cannot object to it. But you will keep any right to sue or continue to sue Chase about the suspension or reduction of your HELOC account. If you ask to be excluded, you will not be bound by anything that happens in this lawsuit.

## 12. If I don't exclude myself, can I sue later?

No. Unless you exclude yourself from this settlement, you give up the right to sue Chase for all of the claims that this settlement resolves. You must exclude yourself from this settlement to start your own lawsuit or be part of a different lawsuit against Chase and its related people and entities.

## 13. How do I get out of the Settlement?

To exclude yourself from the settlement, you must send a **Request for Exclusion Form** or send a letter by mail stating that you want to be excluded from *In re JP Morgan Chase Bank Home Equity Line of Credit Litigation,* Case No. 10-cv-3647, MDL No. 2167. Your request for exclusion must include **(1)** your name; **(2)** the address of the HELOC property; **(3)** the case name or number (*In Re JPMorgan Chase Bank Home Equity Line of Credit Litigation,* Case No. 10-cv-3647, MDL 2167); and **(4)** a statement that says "I wish to be excluded from the Settlement" or words clearly to that effect; and **(5)** your signature. Your request for exclusion must be mailed and postmarked by **February 15, 2013**, and sent to:

**Chase HELOC Settlement Administrator**
c/o KCC Class Action Services
P.O. Box 43142
Providence, RI 02940-3142

Only Class Members can opt out of the settlement. You cannot submit an opt-out on behalf of another person. "Mass" or "class" opt-outs will not be accepted.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court if you don't agree with the Settlement or some part of it.

## 14. How do I tell the Court if I don't like the Settlement?

Class Members who do not request to be excluded can object to the settlement. To object, you must send a letter by mail that includes: **(1)** your name and address; **(2)** telephone number; **(3)** the case name and number (*In re JP Morgan Chase Bank Home Equity Line of Credit Litigation*, Case No. 10-cv-3647, MDL No. 2167); **(4)** a statement that you are a Class Member; **(5)** the reasons why you think the Court should not approve the settlement; **(6)** a statement indicating whether you and/or your attorney intend to appear at the Court's Fairness Hearing; and **(7)** your signature. Be sure to include copies of any supporting materials or legal briefs that you want the Court to consider. The Court will consider your objection if it is mailed to all four addresses below and postmarked on or before **February 15, 2013**.

| Clerk of the Court | Settlement Administrator |
| --- | --- |

| Office of the Clerk | Chase HELOC Settlement Administrator |
|---|---|
| United States District Court | c/o KCC Class Action Services |
| 219 S. Dearborn Street | P.O. Box 43142 |
| Chicago, IL 60604 | Providence, RI 02940-3142 |
| **Class Counsel** | **Chase's Counsel** |
| EDELSON MCGUIRE, LLC | LeAnn Pedersen Pope, Esq. |
| Attn: Chase MDL HELOC Settlement | Victoria Collado, Esq. |
| 350 North LaSalle, Suite 1300 | Burke, Warren, MacKay & Serritella, P.C. |
| Chicago, IL 60654 | 330 North Wabash, 22nd Floor |
| | Chicago, IL 60611 |

## 15. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you cannot object to the Settlement because the lawsuit no longer affects you.

# THE LAWYERS REPRESENTING YOU

## 16. Do I have a lawyer in this case?

The Court has appointed attorneys from Edelson McGuire, LLC, Murray Frank, LLP, and Abbey Spanier Rodd & Abrams, LLP to represent you and other Class Members as "Class Counsel." You do not have to pay Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 17. How will the lawyers be paid?

Class Counsel will ask the Court to approve a fee award consisting of attorneys' fees, costs and expenses of up $1,800,000 for investigating the facts, litigating the case, and negotiating the settlement in this lawsuit. Class Counsel will also ask the Court to approve an award of $4,500 for each Class Representative (the Franks will receive one payment of $4,500), totaling $31,500, for their help in the settlement. Chase has agreed not to contest these amounts. If approved, these fees, costs and expenses and awards will be paid separately by Chase.

# THE COURT'S FAIRNESS HEARING

## 18. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing on March 8, 2013 at 10:30 a.m. in the United States Courthouse, Courtroom 2119, 219 S. Dearborn Street, Chicago, Illinois 60604. At the Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable and adequate. The Court will also consider Class Counsel's request for attorneys' fees, costs and expenses and incentive awards to the Class Representatives. If there are objections, the Court will consider them. The hearing may be moved to a different date or time, so it is a good idea to periodically check the settlement website, **www.ChaseHELOCSettlement.com**, for updates.

## 19. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense.

**20.  May I speak at the hearing?**

Yes. To speak at the Fairness Hearing, you must send a letter stating that it is your "Notice of Intent to Appear and Object." Your Notice of Intent to Appear and Object must include all of the information requested in Question 16 and be sent to those same four addresses postmarked on or before **February 15, 2013**.

**21. What happens if the Court does not approve the Settlement?**

If the Settlement is not finally approved, the case will proceed as if no settlement had been attempted or agreed upon. There can be no assurance that if the Settlement is not approved, the Class will recover more than is provided in the Settlement, if anything at all.

## GETTING MORE INFORMATION

**22.  How do I get more information?**

This notice summarizes the proposed Settlement. More details are available in the **Settlement Agreement**. You may also contact Class Counsel at (866) 354-3015 or at one of the addresses below. If you write to Class Counsel, please include the case name and number, as well as your name and current address on both the letter and envelope**.**

| **Class Counsel** | | |
|---|---|---|
| Edelson McGuire, LLC<br>350 North LaSalle, Suite1300<br>Chicago, IL 60654<br>Tel: (866) 354-3015<br>www.edelson.com | Murray Frank, LLP<br>275 Madison Avenue,<br>8th Floor<br>New York, NY 10016<br>Tel: (212) 682-1818<br>www.murrayfrank.com | Abbey Spanier Rodd &<br>Abrams, LLP<br>212 East 39th Street<br>New York, NY 10016<br>Tel: (212) 889-3700<br>www.abbeyspanier.com |

**Please do not contact the Court.**

By Order of the Court Dated: 12/10/2012

Exhibit 4

# LEGAL NOTICE

**IF YOUR HOME EQUITY LINE OF CREDIT ("HELOC") WAS SUSPENDED OR REDUCED BY JPMORGAN CHASE BANK BASED ON ITS DETERMINATION THAT YOUR PROPERTY SIGNIFICANTLY DECLINED IN VALUE, YOU**

**COULD GET BENEFITS FROM A                    CLASS ACTION SETTLEMENT.**

*In re JP Morgan Chase Bank Home Equity Line of Credit Litigation*, Case No. 10-cv-3647, MDL 2167
***Visit www.ChaseHELOCSettlement.com for more information***

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

A nationwide settlement has been proposed in a class action lawsuit against, JPMorgan Chase Bank, N.A. ("Chase"). The lawsuit, called *In re JPMorgan Chase Bank Home Equity Line of Credit Litigation*, is pending in the United States District Court for the Northern District of Illinois. Your legal rights may be affected whether you act or don't act. Please read this notice carefully. Please also visit **www.ChaseHELOCSettlement.com** to learn more about the Settlement.

### What is This Case About?

The lawsuit claims that Chase improperly suspended and reduced borrowers' home equity lines of credit ("HELOCs") based on Chase's determination that the borrowers' property values had significantly declined. Chase denies that it violated any law and maintains that it did nothing wrong. The Court has not determined who is right. Instead, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses of further litigation.

### How Do I Know if I am Included in the Settlement?

The settlement includes a large group of people called a "Class Members" and a subset of Class Members called a "Subclass Members."

■ You are a Class Member if you are a current or former Chase home equity line of credit "HELOC" customer whose account was suspended or reduced by Chase between January 1, 2007 and September 30, 2012 based on Chase's determination that the property securing the HELOC significantly declined in value. **If you received this Notice in the mail and it was addressed to you, Chase's records show that you are a Class Member.**

■ You are a Former Customer Subclass Member if, as of September 30, 2012, you closed your Chase HELOC account prior to maturity, and your account was still suspended or reduced based on Chase's determination that your property value had significantly declined**. If this Notice says "**You Are a Former Customer Subclass Member**" at the top, Chase's records show that you are a Subclass Member.** If this Notice says "**You are Not a Subclass Member**" at the top, then Chase's records show that you are <u>not</u> a Subclass Member.

### What Can I Get From the Settlement?

If approved, the settlement will provide the following benefits:

- All Class Members will benefit from the enhancements to Chase's HELOC procedures.

- Certain Class Members will further benefit from a Notice of Right to Request Reinstatement.

- Certain other Class Members will benefit from the Proactive Offer of Account Reinstatements contemplated by the Settlement.

- Members of the Former Customer Subclass who submit valid Claim Forms attesting that they have incurred damages may receive a cash award of $35.

### How Can I Receive a Cash Payment from the Settlement?

Only Former Customer Subclass Members who have incurred damages as a result of their HELOC suspension and submit a valid Claim Form can receive a cash payment.

If you are a Former Subclass Member, a copy of the Claim Form is enclosed with this Notice. A Claim Form is also available from the settlement website at **www.ChaseHELOCSettlement.com**. You can submit the Claim Form by mail or online.

**Claim Forms must be submitted through the website or postmarked by no later than April 7, 2013.**

Each Former Customer Subclass Member who submits a valid Claim Form will receive a $35 payment.

Payments will be made only if the Court approves the Settlement.

### What Are My Other Options?

You may choose to stay in the lawsuit, request to exclude yourself from the lawsuit, object, and/or appear in court.

If you do nothing, you are choosing to stay in the Class. If

1267021.2

the settlement is approved, you will be bound by all orders and judgments of the Court and you will not be able to sue or continue to sue Chase for the claims that this settlement resolves.

If you stay in the lawsuit, you can object to the settlement. You or your lawyer may also ask to appear before the Court. Your written objection and/or request to appear must be submitted by **February 15, 2013**.

If you want to keep your right to sue Chase for the same claims in a different lawsuit, you must submit a request for exclusion. If you exclude yourself, you cannot receive any of the benefits this settlement provides, but you will keep your right to sue Chase for the same claims in a different lawsuit. You will not be bound by any orders and judgments of the Court. Your exclusion request must be submitted by **February 15, 2013**. The detailed notice, available at **www.ChaseHELOCSettlement.com**, explains all of your rights and options and how to act on them.

### Who Represents Me?

The Court has approved Edelson McGuire, LLC, Murray Frank, LLP, and Abbey Spanier Rodd & Abrams, LLP to represent the Class as "Class Counsel" in this case. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense. Class Counsel will ask the Court for attorneys' fees and expenses of up to $1,800,000. They will also ask for seven payments of $4,500 to be paid to the eight Class Representatives for their services in this case. The Court may award less than these amounts. If approved, these amounts will be paid separately by Chase.

### The Court's Fairness Hearing.

The Court will hold the Final Approval Hearing at **10:30 a.m.** on **March 8, 2013** at the U.S. District Court for the Northern District of Illinois located at United States Courthouse, Courtroom 2119, 219 South Dearborn Street, Chicago, IL 60604. At this hearing, the Court will consider whether to approve the settlement, attorneys' fees and expenses and the Class Representative payments, and will hear any objections concerning the Settlement. You are not required to come to the Final Approval Hearing.

### How Do I Get More Information?

More information, including the Settlement Agreement, detailed notice and Claim Form is available at **www.ChaseHELOCSettlement.com.** You may also call

**1-877-208-9278 toll-free**, or contact Class Counsel at the addresses or phone numbers below.

### CLASS COUNSEL

Edelson McGuire, LLC
350 North LaSalle, Suite1300
Chicago, IL 60654
Tel: (866) 354-3015
www.edelson.com

Murray Frank, LLP
275 Madison Avenue, 8th Floor
New York, NY 10016
Tel: (212) 682-1818
www.murrayfrank.com

Abbey Spanier Rodd & Abrams, LLP
212 East 39th Street
New York, NY 10016
Tel: (212) 889-3700
www.abbeyspanier.com

**1-877-208-9278**
**www.ChaseHELOCSettlement.com**