# Group Exhibit D

Exhibit D-1

Victor S. Aiello & Deborah L. Craig
5 King Ct
Middletown, Delaware 19709
Home Phone: 302-378-7234
E-mail: scott@aiellos.net

Office of the Clerk United States                                      January 21, 2013
District Court
219 S. Dearborn Street
Chicago, IL 60604

Re:     Case - JP Morgan Chase Bank Home Equity Line Of Credit Litigation,
        Case No. 10-cv-3647, MDL No. 2167
        Claim #: JPL-1006469601 1546

Dear Clerk of the Court:

We are a Class Member of the above referenced case and wish to submit our objection. The
following statement explains why we object to the Court's approval of the settlement.

Our Equity Line with Morgan Chase was being exercised for home improvements which
included a deck, patio and walkway. Due to our home value decline, Morgan Chase reduced our
equity line to zero. We sought a replacement Equity Line to allow us to continue the work and
make payment for these home improvements. Our cost to obtain the replacement Equity Line
was $1,105.65 greater than the proposed $35.00 settlement of the Class Action Lawsuit. We
would like to be awarded $1,140.65 to cover our actual costs of replacing the Morgan Chase
Bank Equity Line of Credit.

Enclosed is a copy of the HUD settlement statement between my wife and I and Wachovia Bank,
N.A. (now operating as Wells Fargo Bank) indicating our cost to replace the Morgan Chase Bank
Equity Line.

We do not plan to attend or have representation at the Court's Fairness Hearing. Thank you for
consideration.

Respectively,

Victor S. Aiello                                    Deborah L. Craig

Cc:     Chase HELOC Settlement Administrator c/o KCC Class Action Services – includes
        enclosure
        EDELSON MCGUIRE, LLC, Attn: Chase MDL HELOC Settlement – includes enclosure
        LeAnn Pedersen Pope, Esq. Victoria Collado, Esq., Burke, Warren, MacKay &
        Serritella,P.C. – includes enclosure

| A. | | B. TYPE OF LOAN: |
|---|---|---|

**U.S. DEPARTMENT OF HOUSING & URBAN DEVELOPMENT**

**SETTLEMENT STATEMENT**

1. ☐ FHA   2. ☐ FmHA   3. ☐ CONV. UNINS.   4. ☐ VA   5. ☒ CONV. INS.

6. FILE NUMBER: 1001-0130

7. LOAN NUMBER: 0931495733

8. MORTGAGE INS CASE NUMBER:

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked *[POC]* were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. NAME AND ADDRESS OF BORROWER: | E. NAME AND ADDRESS OF SELLER: | F. NAME AND ADDRESS OF LENDER: |
|---|---|---|
| Victor S. Aiello and Deborah L. Craig 5 King Court Middletown, DE 19709 | | Wachovia Bank, N.A. 4340 Innslake Drive Glen Allen, VA 23060 |

| G. PROPERTY LOCATION: | H. SETTLEMENT AGENT: 51-0321226 | I. SETTLEMENT DATE: |
|---|---|---|
| 5 King Court Middletown, DE 19709 New Castle County, Delaware 23-002.00-155 Middletown Town | Gary A. Bryde, P.A. PLACE OF SETTLEMENT 1011 Centre Road, Suite 300 Wilmington, DE 19805 | February 12, 2010 Disburse:02/18/10 |

| J. SUMMARY OF BORROWER'S TRANSACTION | | K. SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | |
| 101. Contract Sales Price | | 401. Contract Sales Price | |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to Borrower (Line 1400) | 1,140.65 | 403. | |
| 104. Payoff 1st Mortgage to Chase | 4,014.37 | 404. | |
| 105. | | 405. | |
| *Adjustments For Items Paid By Seller in advance* | | *Adjustments For Items Paid By Seller in advance* | |
| 106. County Taxes to | | 406. County Taxes to | |
| 107. School Taxes to | | 407. School Taxes to | |
| 108. City/Town Taxes to | | 408. City/Town Taxes to | |
| 109. Sewer | | 409. Sewer | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 5,155.02 | **420. GROSS AMOUNT DUE TO SELLER** | |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | | 501. Excess Deposit (See instructions) | |
| 202. Principal Amount of New loan(s) | 62,498.00 | 502. Settlement Charges to Seller (Line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff First Mortgage | |
| 205. | | 505. Payoff Second Mortgage | |
| 206. | | 506. | |
| 207. Construction Draw | 4,014.37 | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| *Adjustments For Items Unpaid By Seller* | | *Adjustments For Items Unpaid By Seller* | |
| 210. County Taxes to | | 510. County Taxes to | |
| 211. School Taxes to | | 511. School Taxes to | |
| 212. City/Town Taxes to | | 512. City/Town Taxes to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 4,014.37 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER:** | |
| 301. Gross Amount Due From Borrower (Line 120) | 5,155.02 | 601. Gross Amount Due To Seller (Line 420) | |
| 302. Less Amount Paid By/For Borrower (Line 220) | (4,014.37) | 602. Less Reductions Due Seller (Line 520) | ( ) |
| **303. CASH ( X FROM )( TO ) BORROWER** | 1,140.65 | **603. CASH ( TO )( FROM ) SELLER** | 0.00 |

The undersigned hereby acknowledge receipt of a completed copy of pages 1&2 of this statement & any attachments referred to herein.
I HAVE CAREFULLY REVIEWED THE HUD-1 SETTLEMENT STATEMENT AND TO THE BEST OF MY KNOWLEDGE AND BELIEF, IT IS A TRUE AND ACCURATE STATEMENT OF ALL RECEIPTS AND DISBURSEMENTS MADE ON MY ACCOUNT OR BY ME IN THIS TRANSACTION. I FURTHER CERTIFY THAT I HAVE RECEIVED A COPY OF THE HUD-1 SETTLEMENT STATEMENT.

Borrower                                                                        Seller

Victor S. Aiello

Deborah L. Craig

TO THE BEST OF MY KNOWLEDGE, THE HUD-1 SETTLEMENT STATEMENT WHICH I HAVE PREPARED IS A TRUE AND ACCURATE ACCOUNT OF THE FUNDS WHICH WERE RECEIVED AND HAVE BEEN OR WILL BE DISBURSED BY THE UNDERSIGNED AS PART OF THE SETTLEMENT OF THIS TRANSACTION.

Tyler Nixon, Esquire
Settlement Agent

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE: TITLE 18 U.S. CODE SECTION 1001 & SECTION 1010.

## L. SETTLEMENT CHARGES

| | | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|
| **700. TOTAL COMMISSION Based on** $ @ % | | | | |
| *Division of Commission (line 700) ...lows:* | | | | |
| 701. $ to | | | | |
| 702. $ to | | | | |
| 703. Commission Paid at Settlement | | | | |
| 704. | to | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | | |
| 801. Loan Origination Fee % | to | | | |
| 802. Loan Discount % | to | | | |
| 803. Appraisal Fee | to Wachovia Bank, N.A. | | | |
| 804. Flood Search | to Wachovia Bank, N.A. | | 2.65 | |
| 805. Lender's Inspection Fee | to | | 15.00 | |
| 806. Mortgage Ins. App. Fee | to | | | |
| 807. Assumption Fee | to | | | |
| 808. Title Search Fee | to Wachovia Bank, N.A. | POC:L90.00 | | |
| 809. | | | | |
| 810. | | | | |
| 811. | | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | | |
| 901. Interest From 02/18/10 to 03/01/10 @ $ /day ( 11 days %) | | | | |
| 902. Mortgage Insurance Premium for months to | | | | |
| 903. Hazard Insurance Premium for 1.0 years to | | | | |
| 904. | | | | |
| 905. | | | | |
| **1000. RESERVES DEPOSITED WITH LENDER** | | | | |
| 1001. Hazard Insurance | months @ $ per month | | | |
| 1002. Mortgage Insurance | months @ $ per month | | | |
| 1003. County Taxes | months @ $ per month | | | |
| 1004. School Taxes | months @ $ per month | | | |
| 1005. City/Town Taxes | months @ $ per month | | | |
| 1006. | months @ $ per month | | | |
| 1007. | months @ $ per month | | | |
| 1008. Aggregate Adjustment | months @ $ per month | | | |
| **1100. TITLE CHARGES** | | | | |
| 1101. Settlement or Closing Fee | to | | | |
| 1102. Abstract or Title Search | to LandAmerica | | | |
| 1103. Title Examination | to | | 115.00 | |
| 1104. Title Insurance Binder | to | | | |
| 1105. Mtg Release Preparation | to Gary A. Bryde, P.A. | | | |
| 1106. Photocopy/Fax/Runner Fee | to Gary A. Bryde, P.A. | | 100.00 | |
| 1107. Attorney's Fees | to Gary A. Bryde, P.A. | | 25.00 | |
| *(includes above item numbers:* | *)* | | 395.00 | |
| 1108. Title Insurance | to Lawyers Title Insurance Corporation | | | |
| *(includes above item numbers:* | *)* | | 120.00 | |
| 1109. Lender's Coverage | $ 62,498.00 120.00 Reissue | | | |
| 1110. Owner's Coverage | $ | | | |
| 1111. | | | | |
| 1112. Mtg Sat Admin Fee | to Gary A. Bryde, P.A. | | | |
| 1113. | | | 30.00 | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | | |
| 1201. Recording Fees: Deed $ ; Mortgage $ 273.00; Releases $ | | | 273.00 | |
| 1202. City/County Tax/Stamps: Deed ; Mortgage | | | | |
| 1203. State Tax/Stamps: Deed ; Mortgage | | | | |
| 1204. | | | | |
| 1205. | | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | | |
| 1301. Survey | to | | | |
| 1302. Pest Inspection | to | | | |
| 1303. Overnight Mail/Fedex | to Gary A. Bryde, P.A. | | 65.00 | |
| 1304. | | | | |
| 1305. | | | | |
| **1400. TOTAL SETTLEMENT CHARGES (Enter on Lines 103, Section J and 502, Section K)** | | | 1,140.65 | |

By signing page 1 of this statement, the signatories acknowledge receipt of a completed copy of page 2 of this two page statement.

Tyler Nixon, Esquire, Settlement Agent

Certified to be a true copy.

Exhibit D-2

To:

      Office of the Clerk
      United States District Court
      219 S. Dearborn Street
      Chicago, Illinois 60604

From:

      Jerry Bartos
      248 East 13560 South
      Draper, Utah 84020
      Phone: 801-816-1462

Subject:

      JP Morgan Chase Bank Home Equity Line of Credit Litigation
      Case No. 10-cv-3647, MDL No. 2167

To Whom It May Concern,

I, Jerry Bartos, am a Former Customer Subclass Member. I sincerely object to the settlement, and believe that the Court should consider other possible settlement options.

I believe that the settlement value does not begin to compensate for the financial hardship that was caused by Chase in this instance.

In my specific case, the freezing of my Chase HELOC forced me to pursue another line at a significantly higher rate. Since, for my loan, Chase gave interest rates 1% *below prime* to increase business as part of their purchase of WAMU, I incurred additional interest costs over the life of my new HELOC, not to mention the time incurred meeting numerous times with Branch Managers of Chase, Wells Fargo, Mountain America, and America First, in an effort to secure the most cost efficient rate for a new HELOC. The net result of Chases actions has cause me to pay thousands of dollars of additional interest, not to mention, the inconvenience of spending hours of my personal time to secure a new HELOC. For these reasons, I see the proposed settlement as a severe undervalue of my additional personal costs in this matter.

I will regrettably not be able to appear at the Court's Fairness Hearing, but thank everyone for considering my written response.

Sincerely,

*Jerry Bartos*

Jerry Bartos

Exhibit D-3

Garth Collins
1190 Palou Avenue
San Francisco, CA.
94124

Mr. Edelson McGuire, L.L.C.
350 North LaSalle, Duite1300
Chicago, IL 60654

Dear Mr. McGuire,

I recently received the legal notice regarding the class action suit against the Chase Bank for suspending the lines of credit for borrowers who have home equity lines of credit. I am a member of the class of this suit.

I was shocked to find out my line of credit was eliminated because there was a bank assessment that concluded the property in question had a market value less than the balance of the loan. There was no explanation or clarification about what would be the bank's position about restoring the line of credit in the event of positive changes to property values and market rates in the region of the property in question. Regional variations on housing market rates seem to have some influence on the bank's assumptions regarding the policies pertaining to the *Home Equity LIne of Credit*. Obviously regional market variations have or had no bearing on Chase's policy to consider reinstating the line of credit provisions of their home equity loans. When I received Chase's communication about the line of credit for my home equity loan being eliminated, I was angry and frustrated. However I had few avenues to do anything about the issue. So I was pleased to see that some legal action has been taken. It is my feeling that modifications to a bank's policies are extremely difficult and mostly intractable. Legal suits, especially class action suits seem the most effective venue for obtaining some form of basic equity as a remedy for a bank's rigid action. I am writing to you to suggest considering additional elements to the suit settlement, if they have not already been factored in the current settlement strategy.

As a member of the class I would like to see language in the settlement that addresses restoring/reinstating the line of credit provisions in the particular loans (i.e., Home Equity), with stipulations that there are no hidden penalties/fees attached to it. Hopefully this might prevent the bank from creating a profit center from the outcome of the settlement and further victimizing the borrower. This particular action may represent an additional benefit to the entire group in the class as well as potentially having some impact on the bank's future policy making process.

I have been a member of several class action suits in the past, however, very seldom do I get a notice about the final outcome of a suit. I would officially like to request a notice of the outcome of this suit, as a member of the class.

Sincerely,

*Garth B. Collins*

Garth B. Collins

Exhibit D-4

Robert M. De Santo
171 Massingale Road
Tellico Plains, Tennessee 37385-6132
423-261-2644 land and fax

January 15, 2013

Edelson McGuire, LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654
Tel: (866) 354-3015
www.edelson.com

Sub: Class Action Litigation, Chase Bank H.E.L.O.C.
Loan #00447022052156

To whom it may concern,

I am Robert M. De Santo a Viet Nam era Army Vet, and retired disabled public employee. I have been a Chase H.E.L.O.C "patsy" since 2006. I, too, have standing to be compensated in the instant case.

If memory serves me, in 2005 my property appraised at $425,000. I owed $211,000. My original H.E.L.O.C. was for $140K. The first month following my only draw, of $45,000, Chase wrote me saying I could no longer draw from the H.E.L.O.C. *I can supply documents in support of these numbers.*

**I do not agree with the entire "Civil legal process" to date.**

   **First**, if you were able to ID and notify me as a party to the instant case, I believe you were obligated to do so prior to a settlement. *I wanted a trial by jury*! For, at trial I, and countless others could prove Chase would be held to answer to all charges.

   **Second,** Chase agreeing to settle only gives Plaintiff's Attorneys their usual "*pot of gold,*" and leaves others and me with only a pot, and no opportunity to litigate as individual victims. What a damn shame.

   **Third**, had a trial ensued, I know chase would have been held to answer as charged, and this would have cost them lots and lots of $$$$$! I know this from personal sources in Congress. Congress is responsible for the financial dilemma that brings about this "SETTLEMENT" in the instant case. My sources assure me, this and other suits follow from the "*housing collapse*" Mr. Bush reported, to Congress, and that the Congress was lied to by Henry Paulson. Paulson testified all is well Fanny and Freddy. They are sufficiently capitalized, when the irrefutable fact was

they were more than $500.000.000.000 in the red. Then, Mr. Obama and his minions kicked out the forth leg of the "Derivative table", and behold Chase is now pressured to settle. My sources inform me the Obama Admin. will pay back Chase, with my $$$$$, the total settlement cost via a back door deal.

**Finally,** the only settlement that suits me is to have Chase forgive my balance due of $39,501.02 I would have rather litigated this matter with my own Attorneys.

Now, I have only the possibility of a $35.00 slap in the face. Chase forbid me taking **my** additional $95,000, while corrupt members of the Congress and Attorneys did the rest.

You may keep my $35.00 of this fiasco caused by Attorneys and corrupt mutts in Congress!

Respectfully,

Robert M. De Santo

Cc: Murray Frank, LLP
275 Madison Avenue, 8th Floor
New York, N.Y. 10016
Tel: (212) 682-1818
www.murrayfrank.com

Abbey Spanier Rodd & Adams, LLP
212 East 39th Street
New York, NY 1016
Tel: (212) 889-3700
www.abbeyspanier.com

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
FULLERTON, CA
PERMIT NO. 47

Rec'd 1-14-13

Claim #: JPL-1159_69001 117665
Robert M. DeSantis
171 Massingale Rd.
Tellico Plains, TN 37385-6135

Chase HELOC MDL Claims
c/o KCC Class Action Services
P.O. Box 43142
Providence, RI 02940-3142

**\*\*You Are Not a Subclass Member\*\***

# LEGAL NOTICE

**IF YOUR HOME EQUITY LINE OF CREDIT ("HELOC") WAS SUSPENDED OR REDUCED BY JPMORGAN CHASE BANK BASED ON ITS DETERMINATION THAT YOUR PROPERTY SIGNIFICANTLY DECLINED IN VALUE, YOU COULD GET BENEFITS FROM A CLASS ACTION SETTLEMENT.**

*In re JP Morgan Chase Bank Home Equity Line of Credit Litigation,* Case No. 10-cv-3647, MDL 2167
*Visit www.ChaseHELOCSettlement.com for more information*

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

A nationwide settlement has been proposed in a class action lawsuit against, JPMorgan Chase Bank, N.A. ("Chase"). The lawsuit, called *In re JPMorgan Bank Home Equity of Credit Litigation,* is pending in the United States District Court for the Northern District of Illinois. Your legal rights may be affected whether you act or don't act. Please read this notice carefully. Please also visit **www.ChaseHELOCSettlement.com** to learn more about the Settlement.

### What is This Case About?

The lawsuit claims that Chase improperly suspended and reduced borrowers' home equity lines of credit ("HELOCs") based on Chase's determination that the borrowers' property values had significantly declined. Chase denies that it violated any law and maintains that it did nothing wrong. The Court has not determined who is right. Instead, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses of further litigation.

### How Do I Know if I am Included in the Settlement?

The settlement includes a large group of people called a "Class Members" and a subset of Class Members called a "Subclass Members."

- You are a Class Member if you are a current or former Chase home equity line of credit "HELOC" customer whose account was suspended or reduced by Chase between January 1, 2007 and September 30, 2012 based on Chase's determination that the property securing the HELOC significantly declined in value. **If you received this Notice in the mail and it was addressed to you, Chase's records show that you are a Class Member.**
- You are a Former Customer Subclass Member if, as of September 30, 2012, you closed your Chase HELOC account prior to maturity, and your account was still suspended or reduced based on Chase's determination that your property value had significantly declined. **If this Notice says "\*\*You Are a Former Customer Subclass Member\*\*" at the top, Chase's records show that you are a Subclass Member.** If this Notice says "\*\*You are Not a Subclass Member\*\*" at the top,

then Chase's records show that you are **not** a Subclass Member.

### What Can I Get From the Settlement?

If approved, the settlement will provide the following benefits:

- All Class Members will benefit from the enhancements to Chase's HELOC procedures.
- Certain Class Members will further benefit from a Notice of Right to Request Reinstatement.
- Certain other Class Members will benefit from the Proactive Offer of Account Reinstatements contemplated by the Settlement.
- Members of the Former Customer Subclass who submit valid Claim Forms attesting that they have incurred damages may receive a cash award of $35.

### How Can I Receive a Cash Payment from the Settlement?

Only Former Customer Subclass Members who have incurred damages as a result of their HELOC suspension and submit a valid Claim Form can receive a cash payment.

If you are a Former Subclass Member, a copy of the Claim Form is enclosed with this Notice. A Claim Form is also available from the settlement website at **www.ChaseHELOCSettlement.com**. You can submit the Claim Form by mail or online.

**Claim Forms must be submitted through the website or postmarked by no later than April 7, 2013.**

Each Former Customer Subclass Member who submits a valid Claim Form will receive a $35 payment.

Payments will be made only if the Court approves the Settlement.



# CHASE

**Account Number:** 00447022052156
Last Payment Received: 12-02-12  $122.00
New Minimum Payment Due:  01-08-13
New Minimum Payment Amount:  $125.07

Line Information as of 12-14-12
Credit Line:  $140,000.00
Available for use:  $0.00
YTD Interest:  $1,477.29



|||||||||||||||||||||||||||||||||||||||||
0030050 HLS 001 34912 D - BRE TX RC GC

ROBERT M DESANTO
171 MASSINGALE RD
TELLICO PLAINS, TN 37385-6135

*MAILED 1-2-13*
*CK 1965*
*$126*

## News You Can Use

**Tax Interest Statement Available by the End of January.** Your IRS Form 1098 (Mortgage Interest Statement) for home equity interest will be included in your January statement or mailed to you by the end of January. You can also visit chase.com to access your information. Log on to your home equity account and select "See/print 1098 tax statement" or call 1-800-836-5656. Note: there may be some accounts that cannot be viewed online.

**Chase has many programs and benefits available to meet the unique needs of our military and veteran customers and their families.** For more information, visit ChaseMilitary.com.

**MANAGE YOUR ACCOUNT ONLINE.** Visit our website at chase.com for updated account information and special offers exclusively for Chase customers.

*YOUR ACCOUNT IS CURRENT. THANK YOU.*

| | |
|---|---|
| Previous Statement Balance | $39,497.95 |
| (-) Payments/Credits | $122.00 |
| (+) Debits/Advances | $0.00 |
| (+) Debits/Fees/Finance Charges | $125.07 |
| (=) Current Statement Balance** | $39,501.02 |

**This is not a payoff amount. Please contact us to request a payoff quote.

**To Contact Us:**

| | |
|---|---|
| By Phone: | (800) 836-5656 |
| Para Español: | (800) 800-5626 |
| Hearing Impaired: | (800) 582-0542 |
| Internet: | www.chase.com |

## Activity Since Your Last Statement

| Post Date | Description | Payments/ Credits | Debits/ Advances/Fees | Principal Balance After Transaction |
|---|---|---|---|---|
| | | | | $39,376.92 |
| 11-14-12 | Balance Forward | | | |
| 11-14-12 | Beginning ANNUAL PERCENTAGE RATE 3.75% Daily Periodic Rate .00010245 | | | $39,375.95 |
| 12-02-12 | Payment - Thank You (Principal $0.97, Interest $121.03) | -$122.00 | | |
| 12-14-12 | FINANCE CHARGE (Interest) Accrued 11-14-12 Thru 12-14-12 | | $125.07 | $39,375.95 |
| | Total | $122.00 | $125.07 | $39,375.95 |

| Current Statement Balance | = | Current Fees and Finance Charges | + | Previous Unpaid Fees and Finance Charges | + | Principal Balance |
|---|---|---|---|---|---|---|
| $39,501.02 | | $125.07 | | $0.00 | | $39,375.95 |

Exhibit D-5

**Sonia W. Doyle**
**3430 W. Tulsa St.**
**Chandler, AZ 85226**
**602-330-5445 Cell- Home**



January 16th, 2013

My Chase loans secured by real property in Chandler, Arizona
Loan # 414800019571 1st Lien- Heloc   line amount $222,400   Balance $221,898
Loan # 416010843085 1st Lien- Heloc   line amount  $200,000  Balance $199,512

Case: 10-cv-3647, MDL 2167  JP Morgan Chase Home Equity Line of Credit Litigation
Attn :
 US District Court for the Northern District of Illinois Located at US Courthouse,  Courtroom 2119,
219 South Dearborn Street
Chicago, IL 60604
Attn: Judge Rebecca R. Pallmeyer

Edelson, McGuire, LLC
350 North LaSalle, Ste 1300
Chicago, IL 60654
866-354-3015  (Left message, No one called back)

Murray, Frank, LLP
275 Madison Ave, 8th Floor
New York, NY 10016
212-682-1818  (Left message, No one called back)

Abbey Spanier Rodd & Abrams, LLP
212 East 39th Street
New York, NY 10016
212-889-3700  (left message, No one called back)

JP Morgan Chase Corporate Headquarters
Attn: Jamie Dimon
270 Park Ave
New York, New York 10017
212-270-6000

Chase Heloc Settlement Administrator
C/o KCC Class Action Services
PO BOX 43142
Providence, RI  02940-3142

Chase's Counsel
LeAnn Pedersen Pope, Esq
Victoria Collado,  Esq
Burke, Warren, MacKay & Serritella, PC
330 North Wabash, 22nd Floor
Chicago, IL 60611

**Sonia W. Doyle**
**3430 W. Tulsa St.**
**Chandler, AZ 85226**
**602-330-5445 Cell- Home**

To the court regarding case listed above:   Opt Out and Object to terms of Settlement

I object to the agreed upon terms in the settlement, they are worthless.
The Attorneys get $1.8 Million, but potentially harmed consumers considered subclass member get $35, others get the line of credit reinstated or an offer to reinstate, which in most cases is immaterial as most of the lines of credit are coming to the end of the draw period and will then be in the payback period so who does that help.  What enhanced heloc procedures?  Chase no longer offers 1st position helocs and give rates of 2nd position helocs which are much higher.

Additional Item  I propose:
Chase to offer 1st mortgage loans stream lined for documents and fees to fixed term, fixed rates 15, 20, 30 year mortgages, omitting the ltv factor up to 200%, for paying customers. Also offering competitive interest rates based on current markets omitting the LTV factor as they already have the burden of the high ltv loan.   Many of the helocs are upside down and when they mature they will not be able to be refinanced if they are upside down on the loan. With a high LTV they are stuck and many may loose those homes.  The terms of the note will automatically go to a 20 year amortized loan at whatever rate Chase is handing out that day.  The large banks including Chase have been required to do Refinances in  every other lawsuits and settlements, with the government and other class actions; OCC, Harp, Hamp,  Hamp II, Department of Justice,  Attorney General

My heloc is at 2.24% interest currently on a Interest only pmt for 10 years which ends in 3 years, then goes to a fully amortized loan for pay back for 20 year.   I requested they let me refinance now at the going rate as we can not predict what rates will be in 3 years and go to a 30 year rate. I can do it on a streamline with the terms of the loan but my rate jumps to 9.125% with an additional 1% fee for a full balance rate lock, basically 10.125% rate.   My credit is very good 776 fico, I have never paid Chase or any other bill late, I feel that is excessive, when going rates are 3-4%. My credit card rates are less than that, if that tells you anything.

**Therefore I hereby request this go back for additional options for settlement and actually speak to heloc customers to seek out their needs prior to settling or dismiss the case, without prejudice.  If this can not be done then I request to omitted on my loans from the settlement as the terms do not meet my needs, goal or objectives now or in the future.**

I have attached some additional documentation as proof of my situation, as I have contacted the Office of the president at Chase 4 (four) times requesting a refinance with reasonable interest rates and for an LTV exception.  I have been rejected and denied on all attempts.

I have attempted to contact the first 3 Attorneys on this legal notice but have not heard back from any of them at this time.  I would be happy to discuss my situation if any of the Attorneys want to call.

Regards,

Sonia Doyle

# REQUEST FOR EXCLUSION FORM

Only Class Members can opt out of the settlement. You cannot submit an opt-out on behalf of another person. "Mass" or "class" opt-outs will not be accepted.

By completing this form you are acknowledging that you want to be excluded from *In re JP Morgan Chase Bank Home Equity Line of Credit Litigation,* Case No. 10-cv-3647, MDL No. 2167.

First Name: _Sonia_

Last Name: _Doyle_

Address of the HELOC Property: _3605 W Galveston St_  _Chandler, Az 85226_

Signature: _Sonia Doyle_

Date: _1-16-12_

Your request for exclusion must be mailed and postmarked by **February 15, 2013**, and sent to:

**Chase HELOC Settlement Administrator**
c/o KCC Class Action Services
P.O. Box 43142
Providence, RI 02940-3142

Loan # 4160108430 85   1st Lien Heloc

## REQUEST FOR EXCLUSION FORM

Only Class Members can opt out of the settlement. You cannot submit an opt-out on behalf of another person. "Mass" or "class" opt-outs will not be accepted.

By completing this form you are acknowledging that you want to be excluded from *In re JP Morgan Chase Bank Home Equity Line of Credit Litigation,* Case No. 10-cv-3647, MDL No. 2167.

First Name: Sonia

Last Name: Doyle

Address of the HELOC Property: 3430 W Tulsa St Chandler, Az 85226

Signature: Sonia WDoyle

Date: 1-16-12

Your request for exclusion must be mailed and postmarked by **February 15, 2013**, and sent to:

**Chase HELOC Settlement Administrator**
c/o KCC Class Action Services
P.O. Box 43142
Providence, RI 02940-3142

Loan # 4148000 19571   1st Lien Heloc



**Chase (OH4-7120)**
3415 Vision Drive
Columbus, OH 43219-6009

December 27, 2012

Sonia W. Doyle
3430 West Tulsa Street
Chandler, AZ 85226

**We are responding to your request**

| | |
|---|---|
| Borrower Name: | Sonia W. Doyle |
| Account: | ******9571 |
| Reference Number: | 20121205EOTLB0081-1 |
| Property Address: | 3430 West Tulsa Street |
| | Chandler, AZ 85226 |

Dear Sonia W. Doyle:

This letter is in response to your correspondence dated December 5, 2012, addressed Jamie Dimon, Chairman and Chief Executive Officer of JPMorgan Chase & Co., and your telephone call of December 14, 2012, regarding account information for your mortgage loan.

Our records indicate that you were prequalified for refinance on December 14, 2012. The prequalification was for an interest rate of 4.25%, and a base loan amount of $225,655. On December 17, 2012, the prequalification was declined due to loan-to-value (LTV) of 180.00%, which is higher than guidelines allow. We are unable to offer exceptions to overturn the decision with such a high LTV. The decision letters would have been generated and sent to you in 7-10 days from December 17, 2012.

We are unable to make an exception to interest rates. Chase calculated the 9.125% interest rate offered to you on December 6, 2012; however, the rates that are being offered as of the date of this letter for a Chase interest rate lock in is 9.00% with 1.00% fee of the total balance. This is a variable rate used with the Prime Rate in second lien position. Mortgage rates that are currently being offered at 3.25%, are used with the Libor in first lien position.

You may lock in the current interest rate on the Home Equity Line of Credit (HELOC) at 9.00%. No exception can be made to the current interest rate offering due to Fair Lending laws. We no longer offer products for HELOCs in first position. The rate is offered as a second lien, and the rates are higher because second liens are more of a liability.

Please understand that each loan application for a refinance is reviewed on an individual basis. Chase appreciates your feedback about the level of service you received, as we take these matters seriously. However, the records of your loan application show that your application was processed in good faith and in accordance with our lending guidelines.

888-810-1975 X 5200259

Karen ClaaR

Fax Dispute

866-282-5682 1

Office of President Executive Office

Loan Number 414800019571

**Chase**
P.O. Box 469030
Glendale, CO 80246-9030

**CHASE**

November 30, 2012

SONIA W DOYLE
3430 W TULSA ST
CHANDLER, ARIZONA 85226

**Update on your mortgage assistance request**

Account: 414800019571
Property Address: 3430 W TULSA ST
CHANDLER, ARIZONA 85226

*Denied mod*

Dear SONIA W DOYLE:

We're writing to let you know we received your request for a mortgage modification. After completing two reviews of the information you sent us, we determined that you are not eligible for a modification under the Home Affordable Modification Program (HAMP) or under any other modification programs.

## You still have options to avoid foreclosure

We would like to help you find the best option for your mortgage loan. After you review this letter, please call us right away at one of the telephone numbers listed below to discuss your possible options.

Note: If your loan was evaluated on or after June 1, 2012, you can reapply for a modification only if your circumstances have changed since your application was submitted and you can provide written proof of the change. For example, you can reapply if:

- You have lost or gained full-time or part-time employment
- Your income has increased or decreased
- A borrower on the mortgage has passed away

If your loan was evaluated prior to June 1, 2012 and you would like to reapply for a modification, you do not need to provide proof of a change in circumstances. Please call us so we can explain the steps.

Please see below for details about why you are not eligible for a mortgage modification, as well as important next steps and options.

We are not able to reduce your principal and interest payment by at least 10%.

Based on your gross pre-tax monthly income, your housing expense is at an affordable level. We calculated affordability by using the ratio of your current monthly housing expense to your gross pre-tax monthly income. Your monthly housing expense includes your mortgage principal and interest payment, plus any property taxes, hazard insurance, and homeowner's dues.

## Your options and next steps

*Reference*

OP302
DL

12/5/12 X1640006

Marcy Reyes 877-658-5560

2-12-270-1111

Sincerely,

KAREN COTTRELL

Customer Assistance Specialist
Chase
888-708-7116 ext 3255034 Phone
866-282-5682 Fax
800-582-0542 TDD / Text Telephone
www.chase.com

Enclosure
- NPV Input Data Fields and Values

**We are a debt collector.**

**If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.**

**To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.**

### AN IMPORTANT REMINDER TO ALL OUR CUSTOMERS

As stated in the "Questions and Answers for Borrowers about the Homeowner Affordability and Stability Plan" distributed by the Obama Administration, "Borrowers should beware of any organization that attempts to charge a fee for housing counseling or modification of a delinquent loan, especially if they require a fee in advance." Loan modification scams should be reported to PreventLoanScams.org or by calling 888-995-HOPE; 888-995-4673. We offer loan modification assistance free of charge (i.e., no modification fee required). Please call us immediately at 866-550-5705 to discuss your options. The longer you delay, the fewer options you may have.

### IMPORTANT NOTICE TO SERVICEMEMBERS AND THEIR DEPENDENTS

If you are or recently were on active duty or active service, you may be eligible for benefits and protections under the federal Servicemembers Civil Relief Act (SCRA). This includes protection from foreclosure or eviction. You may also be eligible for benefits and protections under state law. SCRA and state Military benefits and protections also may be available if you are the dependent of an eligible Servicemember.

Eligible service may include:

- Active duty with the Army, Navy, Air Force, Marine Corps, or Coast Guard, or
- Active service as a commissioned officer of the National Oceanic and Atmospheric Administration, or
- Active service as a commissioned officer of the Public Health Service, or
- Service with the forces of a nation with which the United States is allied in a war or Military action, or
- Service with the National Guard of a state militia under a state call of duty, or
- Any period when you are absent from duty because of sickness, wounds, leave, or other lawful cause.

For more information, please call Chase Military Services at 877-469-0110.

We may have ordered a property valuation as part of our modification evaluation. You have the right to a copy of the property valuation used in connection with our decision on your request for a modification. If you want to receive a copy, please write to us within 90 days of the date of this notification at the following address:

    Chase Imminent Default
    One Chase Square
    Unit 12



Here is some of the information that was considered while reviewing your mortgage loan for a modification.

## NPV Input Data Fields and Values

| Input Data Fields | Explanation | Value used in NPV calculation to determine the eligibility of your mortgage |
|---|---|---|
| 1.   Monthly Gross Income | This field identifies the monthly gross income of all borrowers on your loan before any payroll deductions or taxes. | $7,954.86 |
| 2.   Property Value | This field identifies the estimated fair market value of the property for which you are applying for a modification that was used for this analysis. | $150,000.00 |





December 26, 2012

IIaIaIdaIaIdaIddIadaIIIaaaIIaIdaaIIdIaaaIdI

000091 - 1 of 1 NSP0MBS0-Z1 000000

SONIA W DOYLE

3430 W TULSA ST

CHANDLER, AZ 85226

### We need additional time to research your request

Account:            414800019571

Reference Number: 20121205EQTLB0081-1

Property Address:  3430 W TULSA ST

CHANDLER, AZ 85226

Dear Sonia W Doyle :

We are writing to follow up on your recent request and inform you we need additional research time because we are still pending additional research to resolve your inquiry or request.

We will have an answer or a status update for you by January 10, 2013.

In the meantime, if you have additional questions please call the Chase Executive Specialist dedicated specifically to this issue, Kesha Rogers at (888) 310-7995.

We appreciate your patience as we complete our research.

Sincerely,

Chase

(888) 310-7995

(866) 221-1019 Fax

(800) 582-0542 TDD/Text Telephone

www.chase.com

**An Important Note:**   If you are not fully satisfied with any aspect of the service you receive from us, please let me know right away.  If I am not able to address your concerns, I will put you directly in touch with a supervisor on our team.

**We are a debt collector.**

**If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.**

**To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.**

EX027

**To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.**

EX077



## Your Credit Score and the Price You Pay for Credit

**JPMorgan Chase Bank, N.A.**
**1111 Polaris Pkwy**
**Columbus, OH 43240**

Score Date:  12/14/2012
Report ID:   D2250BX21060523

### RETURN SERVICE REQUESTED

Sonia W Doyle
3430 W Tulsa St
Chandler, AZ  85226

*[handwritten: FICO Score W/A 9% Int Rate Please! MOB Rates Correction Organized Curve]*

### Your Credit Score

**776**

**Source:**  TransUnion Consumer Relations
PO Box 1000
Chester, PA  19022
(800) 916-8800
www.transunion.com/myoptions

Date: 12/14/2012

### Understanding Your Credit Score

Your credit score is a number that reflects the information in your credit report.

Your credit report is a record of your credit history. It includes information about whether you pay your bills on time and how much you owe creditors.

Your credit score can change, depending on how your credit history changes.

Your credit score can affect whether you can get a loan and how much you will have to pay for that loan.

Scores range from a low of **309** to a high of **839.**

Generally, the higher your score, the more likely you are to be offered better credit terms.

| Credit Score Range | % of Consumers with Scores in a Particular Range |
|---|---|
| 309-499 | 4% |
| 500-549 | 8% |
| 550-599 | 9% |
| 600-649 | 10% |
| 650-699 | 13% |
| 700-749 | 14% |
| 750-799 | 26% |
| 800-839 | 16% |

3430 W Tulsa St
Chandler, AZ 85226

**776**

**Source:** **TransUnion Consumer Relations**          Date: 12/14/2012
PO Box 1000
Chester, PA 19022
(800) 916-8800
www.transunion.com/myoptions

## Understanding Your Credit Score

Your credit score is a number that reflects the information in your credit report.

Your credit report is a record of your credit history. It includes information about whether you pay your bills on time and how much you owe creditors.

Your credit score can change, depending on how your credit history changes.

Your credit score can affect whether you can get a loan and how much you will have to pay for that loan.

Scores range from a low of **309** to a high of **839**.

Generally, the higher your score, the more likely you are to be offered better credit terms.



Time since most recent account opening is too short — *not true*
Length of time revolving accounts have been established — *Long time Accounts*
Proportion of balances to credit limits is too high on bank revolving or other revolving accounts
Too many inquiries last 12 months
Facta: inquiries impacted the credit score.


**CHASE** ◯

JPMorgan Chase Bank, N.A.
1111 Polaris Parkway
Columbus, OH 43240

Reference # : 8455836
Property   3430 W TULSA ST
Address :  CHANDLER, AZ 85226-4035
Date:      12/20/2012

SONIA W DOYLE

## In Response To Your Recent Pre-Qualification Request

Dear   SONIA W DOYLE:

Thank you for discussing a new Chase mortgage with me. We reviewed the information you provided, and we cannot offer you a pre-qualification at this time because of the reason(s) shown below:

> Time since most recent account opening is too short — *Small credit cards paid off*

> Length of time revolving accounts have been established  *Small credit cards paid off*

> Proportion of balances to credit limits is too high on bank revolving or other revolving accounts — *Chase Helocs*

> Too many inquiries last 12 months    *Never Late!*

> Insufficient assets ____

*(High LTV) only Factor.*    *Credit Card Never Late!*

This is not a credit decision. We are not stating that you do not qualify for credit. Our action is based on limited and unverified information. Credit decisions are made only after an application has been completed, verified and fully evaluated in accordance with our underwriting criteria.

If you decide to complete a full mortgage application, which includes a non-refundable application fee, we will be able to provide a comprehensive underwriting review and determine if we can offer you a mortgage. To discuss this further, please call me at the number below.

Sincerely,

AMANDA LABBAD
Mortgage Consultant
614-244-4281
amanda.x.labbad@chase.com
NMLS ID:  497833

**Notice:** The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided that the applicant has the capacity to enter into a binding contract), because all or part of the applicant's income derives from any public assistance program, or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act.

[×] If this box is checked, our decision was based in whole or in part on information obtained in a report from the consumer reporting agency* listed below. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. The reporting agency played no part in our decision and is unable to supply specific reasons why we have made this decision. You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

TransUnion Consumer Relations
2 Baldwin Place
PO BOX 1000
Chester PA 19022
800-888-4213
www.transunion.com/myoptions


We also obtained your credit score from the consumer reporting agency and used it in making our credit decision. Your credit score is a number that reflects the information in your consumer report. Your credit score can change, depending on how the information in your consumer report changes.

Your credit score: 776

Date: 12/14/2012

Scores range from a low of 309 to a high of 839

Key Factors that adversely affected your credit score:

> Time since most recent account opening is too short

> Length of time revolving accounts have been established

> Proportion of balances to credit limits is too high on bank revolving or other revolving accounts

> Too many inquiries last 12 months

> FACTA: Risk Score Value - inquiries impacted the credit score.

Exhibit D-6

Chase HELOC Settlement Administrator
c/o KCC Class Action Services
P.O. Box 43142
Providence, RI 02940-3142

td- 323 637 0030
Andrew Irlam
3881 N. Broadway
Los Angeles,
California, 90031

01/23/2013

To whom it may concern, I am writing to object to the proposed settlement in the case *JP Morgan Chase Bank Home Equity Line of Credit Litigation*, Case No. 10-cv-3647, MDL No. 2167). I am a class member in this case.

I propose that the settlement is far too lenient towards Chase in this case. Chase has potentially committed violations of the federal truth and lending act and for deceptive practices under California section 17200.

I am very suspicious of an automated valuation model that would value my property on Broadway at $425,000 in November of 2008 when the property had been appraised for $580,000 in person by a Chase approved appraiser in March of the same year. Very convenient for Chase that the property declined 27% in 8 months under their new AVM.

I was then further discouraged to challenge the valuation by the Chase representative on the phone. In her words "they've done it to everyone, even me and I'm an employee."

I was therefore reluctant to spend the money required on another appraisal as it seems any attempt to reinstate the loan would be futile.

The damages to me for Chase's action were immense. I had secured this loan as a safety net in order to ride out the coming financial storm. Being a construction contractor in southern California with 3 children the downturn was quite harsh on my finances. With no heloc I was forced to turn to high interest credit cards. These quickly snowballed out of control with high interest payments. I still today pay thousands a month on these cards.

For Chase to remove my safety net in my time of need was very damaging. The morality of their action became further questionable as Chase themselves were extended a safety net of sorts by the federal government in their time of need.

I do not have an attorney for this matter and I do not intend to be present at the courts fairness hearing as it would require travel out of state.

Yours faithfully Andrew Irlam.

Exhibit D-7

Chase HELOC MDL Claims
c/o KCC Class Action Services
PO Box 43142
Providence, RI 02940-3142

January 21, 2013

RE: JP Morgan Chase Bank Home Equity Line of Credit Litigation
MDL No. 2167, Case No. 10-cv-3647

We received the Claim Form (#JPL-1321389601 84592) and agree that we are members of the "Former Customer Subclass" as outlined. However, we object to the $35 settlement as we do not feel it even comes close to adequately reimbursing us for damages incurred from the forced closure of our Chase (formerly WA MU) HELOC.

We used our Line of Credit to remodel our rental property and were in the midst of a remodel on our principal residence, when we received the notice that our HELOC was frozen. We had no choice at that point and we were forced to use our savings and credit cards to finish the remodel. We have since paid thousands in higher interest rates and finance charges, and have been unable to pay off the balances. This has damaged our credit.

Additional out of pocket cost directly associated includes the cost of an appraisal (approx. $400). When the HELOC was first frozen, we were told we could apply to reopen it by having an appraisal done. We had to pay for the appraisal, but because we were in the midst of remodel, Chase declined to accept the appraisal on an "unfinished" project, and refused to reopen the HELOC. We spent more money and gained NOTHING by doing the appraisal that Chase asked for.

At that same time, the recession began to impact our business. We were struggling to make payments and wanted to refinance for a lower interest rate on our principal loan. Because of the frozen HELOC, no bank would refinance without folding that HELOC balance into our principal loan. This increased the loan amount and further reduced our Loan-to-Value ratio. We were able to refinance, but in effect, because our previous HELOC rates were adjustable /lower even than the new rate (3.35% vs. the new 4.5%), we have been paying MORE in interest on our new loan than we would have, had we been able to keep our HELOC separate. If we had been able to use our HELOC as planned, we would have finished the remodel and paid down the HELOC, and refinanced our home later, when mortgage rates were even more favorable. Now we have not been able to refinance to take advantage of even better rates (denied due to high credit card debt – because of the frozen HELOC and lowered property values). We also were not eligible for any of the Home Affordable Act government refinance programs because the date we were forced to refinance was after the cutoff.

The WA Mutual bank crisis and Chase's subsequent forced closure of our HELOC is the root cause of the financial hole we are now in. We do not accept that a $35 settlement is fair to us. What are does this settlement do to address the financial hardships and continuing impacts to borrowers like us?

Sincerely,

Kim E and Martin E Josund
18115 33rd Ave NE
Lake Forest Park, WA 98155

CC: Class Counsel

Exhibit D-8

Office of the Clerk
United States District Court
219 S. Dearborn Street
Chicago, IL 60604

Chase HELOC Settlement Administrator
c/o KCC Class Action Services
P.O. Box 43142
Providence, RI 02940-3142

EDELSON MCGUIRE, LLC
Attn: Chase MDL HELOC Settlement
350 North LaSalle, Suite 1300
Chicago, IL 60654

LeAnn Pedersen Pope, Esq.
Victoria Collado, Esq.
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash, 22nd Floor
Chicago, Il 60611

January 11, 2013

My name and address is Gary King, 1718 E. Main Street, Stockton, CA 95205. My phone number is (209) 462-4088. The case name and number is *In re JP Morgan Chase Bank Home Equity Line of Credit Litigation*, **Case No. 10-cv-3647, MDL No. 2167.** I am a Class Member.

I do not believe the Court should approve the settlement. I believe that the damage to borrowers is higher than the remedies being offered. Here are my reasons:

1. Exhibit A. At the time when the line of credit was cut, I reviewed my loan documents. I could not find the Truth in Lending/Reg Z document as required. Several times, I asked for copies of the Reg Z and Chase refused to send a copy of the document. I believe that Chase did not properly disclose the terms of the loan in violation of the Federal Truth in Lending Act.

2. Exhibit B. At the time the loan was taken, there was a non-refundable annual fee of $50 during the draw period. Although Chase closed the line of credit, ending the draw period, it has continued to charge an annual fee. I believe that Chase should reimburse all HELOC borrowers for the annual fees from the time that the line of credit was closed

until Chase allows draws again on the line of credit. If no draws are allowed, Chase should not be permitted to charge an annual fee.

Unfortunately, neither my attorney nor I will be able to appear at the Court's Fairness Hearing. I have enclosed appropriate documentation with this letter.

Sincerely,

Gary A. King
1718 E. Main Street
Stockton, CA 95205



**Answers to some questions you may have about this change to your account:**

**Q. Why did Chase take this action at this time?**
A. We are doing everything we can to keep homeowners from owing more than their home is worth, especially as home values in many areas of the country are falling. Your property's value no longer supports your full Home Equity Line of Credit.

**Q. How did you get the new value for my home? I have not met with an appraiser from Chase.**
A. We used an Automated Valuation Method commonly used for property valuations. It uses both historical data and projected property values.

**Q. I wrote some checks before I received your letter. What should I do?**
A. You can view whether or not your checks have cleared by logging into chase.com or call us at 1-866-333-9859.

**Q. My taxes just increased. How could my home value have decreased?**
A. You will need to contact your local Taxing Authority about how your home is valued for tax purposes and to inquire about its appeals process, if necessary.

**Q. When will I be able to access my line again? How do I remove the block on my account?**
A. We will review your line when we receive from you satisfactory documentation that the property's value has increased.

**Q. My house has not declined in value and is worth much more than your estimate. How do I prove this to Chase and restore access to my account?**
A. While we believe the automated valuation of your property is accurate, **you may appeal the valuation in writing** at your own expense. **You may also appeal in the future if your property increases in value.** Your appeal must include a full appraisal that is dated no more than 60 days prior to the date on the front of this letter as well as your full name, account number and your preferred phone number and address for correspondence related to the appeal. The included full appraisal must be completed by a licensed appraiser in your name or that of a financial institution and must be a FNMA: 1004, 1004C, 1025, 1073, or 2090 as is appropriate for your property type. Please note that all appeals are subject to review and approval by Chase. You can send us your appeal by mail to the following address:

> JPMorgan Chase
> Attn: Credit Line Review
> Suite AZ1-1113
> 201 N. Central Ave.
> Phoenix, AZ 85004

All appeals will be responded to within 30 days of receipt by Chase.

**Q. How is Chase permitted to block my line of credit limit? Where in my contract does it state that Chase has the right to block my credit limit?**
A. Federal law (Truth in Lending Act/Regulation Z) allows home equity creditors to freeze the credit line or reduce the credit limit if there is a significant decline in collateral value. That authority is normally found in the "Default, Cancellation of Credit Privileges" or "Lender's Rights" section of your Chase document.

**Q. Does this action affect my rate, my fixed rate locks or how my payment is calculated?**
A. This action does not impact your rate, any locks you may have on your account or how your payment is calculated.

N-A-00136503

June 13, 2008

JPMorgan Chase
Attn: Credit Line Review
Suite AZ1-1113
201 N. Central Ave.
Phoenix, AZ 85004

Dear Credit Line Review Dept.,

You recently sent me notice that my home equity line of credit account ending in 5682 will no longer allow me to make additional draws. In your letter, you refer to the Truth in Lending Act/Regulation Z and state that federal law allows home equity creditors to freeze the credit line or reduce the credit limit.

When I reviewed my files, I could not find a copy of the TIL/Reg Z. Will you please send me a copy of the signed TIL so that I can compare the document with the statement that you made?

Obviously, I am disappointed that Chase blocked my credit line, especially when I have been careful to use the credit line sparingly and even if I used the entire credit line, the total mortgages on my home would still have been less than 80% of Chase's new estimated value of my home.

Thank you for your help in providing the documentation requested.

Sincerely,

Gary A. King
1718 E. Main St.
Stockton, CA 95205
(209) 462-4088

October 6, 2008

JPMorgan Chase
Attn: Credit Line Review
Suite AZ1-1113
201 N. Central Ave.
Phoenix, AZ 85004

Re: Home Equity Line of Credit Account ending in 5682

Dear Credit Line Review Dept.,

On June 13, I asked you to send me a copy of the TIL/Reg Z from my home equity line after the document was referred to in a letter from you closing my home equity line of credit.

In three and a half months, I have not heard from you.

Therefore, I am requesting that the above documents be sent to me before the end of the month or I will send a letter to the FTC asking them to review your loans for violation of the Federal Truth in Lending Act.

Sincerely,

Gary A. King
1718 E. Main St.
Stockton, CA 95205
(209) 462-4088



**CHASE** 

Gary A. King
1718 E Main St.
Stockton, CA 95205-5523

Ilhludllmdllhuuldulddulddulludllhduldd

JPMorgan Chase Bank, N.A.
Chase Home Equity
201 North Central Avenue
Mail Code AZ1-1113
Phoenix, Arizona 85004

Important Information about your Home Equity Line of Credit:
You Cannot Draw Additional Amounts on the Account Ending in: 5682

Dear Gary A. King:

At Chase we are committed to helping customers achieve and sustain homeownership, and we're doing everything we can to help homeowners from borrowing more than their home is worth. With home values falling in many parts of the country, we've used a proven automated valuation method to estimate your home's value at $284,000. Unfortunately, that valuation no longer supports the full amount of your Line of Credit, so we are suspending future draws against your account as of 6/9/2008.

What does this mean for you?
1. This is occurring only because of the change in your property value; we appreciate the responsible way you have handled your line of credit.
2. You will not be able to draw on the line.
3. You will continue to receive a monthly statement which will include current payment information, and you should continue to make payments on any outstanding balance on your Home Equity Line.
4. If you have automatic deduction for the monthly payment on your line, this service will continue.
5. If you use your line to automatically pay other bills you should advise the payee(s) and use an alternate payment method.
6. While we believe the automated valuation of your property is accurate, you may appeal the valuation in writing. Please see the attached Q & A for details on the appeal process.

We appreciate that you have handled your home equity account responsibly, and want to make sure you know this change is being made simply because your home's value has declined.

If you have any questions, please contact us toll free, at 1-866-333-9859 between 10 AM to 8 PM, ET, Monday to Friday.

Sincerely,

Chase Home Equity

Notice: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is: Office of the Comptroller of the Currency, Customer Assistance Unit, 1301 McKinney Ave., Suite 3710, Houston, TX 77010.

C556-0508
N-A-00136503

## 15. ANNUAL FEE.

You agree to pay us a non-refundable Annual Fee of $ 50.00 during the Draw Period and any extension of the Draw Period. Unless you terminate your Credit Account and pay the outstanding balance, the Annual Fee will be charged to your Credit Account annually during the Draw Period in the Monthly Statement Period ending in your anniversary month which we assign to your Credit Account.

## 16. FEE TO CLOSE ACCOUNT.

Your Credit Account may be charged the lesser of  1 % of your Credit Limit or $400.00  if you close or terminate your Credit Account within three years from the date of this Agreement.  You will not be charged this fee if we suspend or terminate your Credit Account. You may prepay your Credit Account without paying this fee as long as you do not close or terminate your Credit Account.

## 17. ACCOUNT RETURN DRAW CHECK CHARGE.

We may charge you a fee of $25.00 for the return of a Draw Check because you are delinquent or in default in any respect concerning the Credit Account.

## 18. DEFAULT.

You will be in default if:
- a) You engage in fraud or material misrepresentation at any time in connection with your Credit Account.
- b) You fail to meet the repayment terms of this Agreement.
- c) Your action or inaction adversely affects the Property or our rights in it.  Examples of these actions and inactions include, but are not limited to circumstances in which:
  1. You are the sole borrower on this Credit Account and you die.
  2. The Property is used for an illegal purpose.
  3. You transfer or attempt to transfer all or part of your interest in the Property without our written consent.
  4. All or part of the Property is taken by condemnation or eminent domain.
  5. You are in default on any mortgage or lien on the Property.
  6. You fail to keep the Property properly insured.
  7. You fail to pay real property taxes and assessments on the Property when they are due.
  8. You fail to keep the Property properly maintained and in good repair.

  If you default, we have the right, at our option, to cancel your credit privileges, to require the immediate payment of the entire amount owed to us, and/or to cause your home to be sold at foreclosure sale.  If we refer your account to an attorney for collection or foreclosure, you agree to pay our reasonable attorney's fees as permitted by applicable law, but not to exceed 20 % of the amount owed, plus court costs and the costs related to foreclosure.

## 19. CANCELLATION OF CREDIT PRIVILEGES.

We can refuse to make additional extensions of credit, or reduce your Credit Limit if:
- a) The value of the Property declines significantly below its original appraised value for purposes of this

Exhibit E

# CHASE ◘

**Home Equity Line Of Credit Statement**
Statement Period: 06-20-11 through 07-20-11

**Account Number: 00447021935682**
Last Payment Received: 06-30-11     $100.00
New Minimum Payment Due:     08-14-11
New Minimum Payment Amount:     $136.09

**Line Information as of 07-20-11**
Credit Line:     $60,000.00
Available for use:     $0.00



0006934 HLS 001 20111 D - BRE MI RC
GARY A KING
1718 E MAIN ST
STOCKTON, CA 95205-5523

## News You Can Use

**EASILY MANAGE YOUR HOME EQUITY ACCOUNT ONLINE.** Our online services can help you manage your account whenever and wherever you want. Just log on to chase.com to enroll and see all the tools available from Chase.

*YOUR ACCOUNT IS CURRENT. THANK YOU.*

| | |
|---|---|
| Previous Statement Balance | $31,283.17 |
| (-) Payments/Credits | $100.00 |
| (+) Debits/Advances | $0.00 |
| (+) Debits/Fees/Finance Charges | $136.09 |
| (=) Current Statement Balance** | $31,319.26 |

**This is not a payoff amount. Please contact us to request a payoff quote.

| To Contact Us: | |
|---|---|
| By Phone: | (800) 836-5656 |
| Para Español: | (800) 800-5626 |
| Hearing Impaired: | (800) 582-0542 |
| Internet: | www.chase.com |

Exhibit 8

## Activity Since Your Last Statement

| Post Date | Description | Payments/ Credits | Debits/ Advances/Fees | Principal Balance After Transaction |
|---|---|---|---|---|
| 06-20-11 | Balance Forward | | | $31,199.80 |
| 06-20-11 | Beginning **ANNUAL PERCENTAGE RATE** 3.25% Daily Periodic Rate .00008904 | | | |
| 06-30-11 | **Payment - Thank You (Principal $16.63, Interest $83.37)** | -$100.00 | | $31,183.17 |
| 06-30-11 | Annual Fee | | $50.00 | |
| 07-20-11 | **FINANCE CHARGE** (Interest) Accrued 06-20-11 Thru 07-20-11 | | $86.09 | |
| | **Total** | **$100.00** | **$136.09** | **$31,183.17** |

| Current Statement Balance | = | Current Fees and Finance Charges | + | Previous Unpaid Fees and Finance Charges | + | Principal Balance |
|---|---|---|---|---|---|---|
| $31,319.26 | | $136.09 | | $0.00 | | $31,183.17 |

Please detach and return the bottom portion of this statement with your payment using the enclosed windowed envelope.

GARY A KING

**Payment Coupon**    Home Equity Line Of Credit

| | |
|---|---|
| Account Number | 00447021935682 |
| Due Date | 08-14-11 |
| Payment Due | $86.09 |
| Amount Past Due as of 07-20-11 | $0.00 |
| Fees | $50.00 |
| Minimum Payment Due | $136.09 |

☐ Check box if address has changed; indicate changes on reverse side.
- Please make check payable to Chase.
- Write your account number on your check; include coupon with payment.

Amount Enclosed $ [                    ]

50000900000002000000044702193568200136090008609D

CHASE
P.O. BOX 78035
PHOENIX, AZ 85062-8035

⑆500009022⑆  44702193568 2⑆

# Exhibit D-9

Sheilah McClinton
4016 Elkridge Drive
Las Vegas, NV 89129
(702) 839-5733(h)
(702) 373-7727 (c)

January 16, 2013

Office of the Clerk
United States District Court
219 S. Dearborn Street
Chicago, IL 60604

Chase HELOC Settlement Administrator
c/o KCC Class Action Services
P.O. Box 43142
Providence, RI 02940-3142

Edelson, McGuire, LLC
Attn: Chase MDL HELOC Settlement
350 North LaSalle, Suite 1300
Chicago, IL 60654

LeAnn Pederson Pope, Esq.
Victoria Collado, Esq.
Burke, Warren, MacKay & Serritella, PC
330 North Wabash, 22nd Floor
Chicago, IL 60611

In re:  ***JP Morgan Chase Bank Home Equity Line of Credit Litigation***
Case No.  ***10-cv-3647, MDL No. 2167***

To Whom it May Concern:

I am a Class Member in the above referenced lawsuit. Please let this letter serve as my OBJECTION to the proposed settlement. I reviewed the settlement documents and it appears to me that the only parties that are receiving anything of value in this settlement are the lawyers. They will receive $1,800,000 in settlement fees and costs. The seven named Plaintiffs will receive $4,500.00 each. Other class members like myself will receive the opportunity to possibly do business with Chase again in the form of:

A) Notice of Right to Request Reinstatement;
B) Proactive Offer of Account Reinstatement;
C) Limitation on Use of Automated Valuation Models;
D) Enhanced Account Treatment Notices;
E) Reimbursement of Appraisal Fee;
F) Limitation on Use of 5% reduction criterion for future reductions and suspension.

These settlement terms for the class members is unacceptable. Even the named Plaintiffs are receiving little to nothing for the probable harm done to them by Chase. As stated above, the only parties receiving anything substantial from this lawsuit are the lawyers.

In re: JP Morgan Chase Bank Home
Equity Line of Credit Litigation
MDL No. 2167
Case No. 10-cv-3647
1/16/2013
Page 2

The last thing I want is to do business with Chase again. After I lost my job, I lived off my savings while trying to obtain new employment. After I depleted my savings, I used my Chase equity line to live and pay my bills. They suspended my account without Notice. The only way I found out is when the account was frozen in 2010 and I called Chase Customer Service to inquire and they gave me no reason other than the account was suspended and she was sorry. That is a pretty tacky way to do business with people.

Having no family whatsoever to rely on or seek help from, I was in dire straights for several months and I believe Chase treated me unfairly. I have never been late or missed a payment to Chase. I have never been late or missed my mortgage payment.

As I stated above, the last thing I want is to resume doing business with Chase. I find them to be morally reprehensible. All I want to do is to pay off my balance with Chase and be done with them forever.

Therefore, I too am requesting a cash settlement from Chase. I too am willing to settle with Chase in the amount of $4,500.00. If I don't hear from you regarding this request for settlement by February 10, 2013, I will timely file my Notice of Exclusion by February 15, 2013 and retain a lawyer to file a similar lawsuit on my behalf, and perhaps on the behalf of other excluded Class Members.

Neither I, nor any attorney representing me will attend the Fairness hearing on March 8, 2013 in Chicago, Illinois. I will calendar the deadlines and proceed accordingly.

RESPECTFULLY SUBMITTED,

Sheilah McClinton

Exhibit D-10

OBJECTION TO SETTLEMENT

January 23, 2013

1. Robert G. Musselman
   Kristine L. Musselman
   13412 E 186th Street
   Noblesville, IN 46060

2. Robert (cell) 317-437-5294

3. In re JP Morgan Chase Bank Home Equity Line of Credit Litigation, Case No. 10-cv-3647,
   MDL No. 2167

4. I am a Class Member

5. In addition to the proposed settlement, I would like Chase to reimburse me the $50
   annual fees (3 total for $150) they charged my HELOC account after they suspended my
   "draw" option. The Chase Conditions Under Which Other Charges May Be Imposed:
   "The annual Fee for the first year is waived. The remaining Annual Fees will be assessed
   beginning on your first anniversary date and will continue annually throughout the Draw
   Period." Chase suspended my draw option but continued to charge an annual fee.

6. I do not intend to appear at the Court's Fairness Hearing nor, do I intend to send counsel
   on my behalf.

7. _Robert G. Munsn_ 1/23/13          _Kristine L. Musselson_ 1-23-13
   Robert G. Musselman                 Kristine L. Musselman

... ... ... ... ... PERCENTAGE RATE ... ... ... the Periodic Rate by the number of days in a year (daily). This result is the ANNUAL PERCENTAGE RATE ... ... ... First Payment Stream. To determine the Periodic Rate that will apply to your Second Payment Stream, ... ... ... ... ... of the index, then divide the value by the number of days in a year (daily). To obtain the ANNUAL PERCENTAGE RATE ... ... ... the Periodic Rate by the number of days in a year (daily). This result is the ANNUAL PERCENTAGE RATE for ... Second Payment Stream. The ANNUAL PERCENTAGE RATE includes only interest and no other costs.

The Periodic Rate and the corresponding ANNUAL PERCENTAGE RATE on your Credit Line will increase or decrease as the Index increases or decreases from time to time. Any increase in the Periodic Rate during the Second Payment Stream will take the form of a higher Minimum Payment amount. Adjustments to the Periodic Rate and the corresponding ANNUAL PERCENTAGE RATE resulting from changes in the Index will take effect on the first calendar day following the publication of a new Prime Rate. In no event will the corresponding ANNUAL PERCENTAGE RATE be more than the greater of 21.00000% or the maximum rate we would be allowed to charge or collect by federal law or the law of the State of Ohio (as applicable). On the day we prepared this document, the Index was 7.750% per annum, and therefore the Initial Periodic Rate and the corresponding ANNUAL PERCENTAGE RATE on your Credit Line are estimated below. Your Initial Periodic Rate and corresponding ANNUAL PERCENTAGE RATE will be based on the Index in effect on your closing date.

### Current Rates for the First Payment Stream

| Range of Balance or Conditions | Margin Added to Index | ANNUAL PERCENTAGE RATE | Daily Periodic Rate |
| --- | --- | --- | --- |
| All Balances | -0.260 % | 7.490 % | 0.02052 % |

### Current Rates for the Second Payment Stream

| Range of Balance or Conditions | Margin Added to Index | ANNUAL PERCENTAGE RATE | Daily Periodic Rate |
| --- | --- | --- | --- |
| All Balances | -0.260 % | 7.490 % | 0.02052 % |

Notwithstanding any other provision of this Agreement, we will not charge interest on any undisbursed loan proceeds, except as may be permitted during any Right of Rescission period. No matter what else may be stated in any other provision of this Agreement or in any other document you may have with us, you do not agree or intend to pay, and we do not agree or intend to charge any interest or fee for the HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE STATEMENT which would in any way cause us to contract for, charge or collect more for the Credit Line Account than the maximum we would be permitted to charge or collect by any applicable federal or Ohio state law. Any such excess interest or unauthorized fee will be applied first to reduce the unpaid principal balance of the Credit Line Account, and when the principal has been paid in full, be refunded to you.

Conversion Option. This Agreement contains an option to convert the interest rate from a variable rate with interest rate limits to a fixed rate as calculated below. The following information is representative of conversion features recently offered by us.

ANNUAL PERCENTAGE RATE Increase. Your ANNUAL PERCENTAGE RATE may increase if you exercise this option to convert to a fixed rate.

Conversion Periods. You can exercise the option to convert to a fixed rate only during the following period or periods: At any time during the Draw Period, with our written consent, any one of you may convert the repayment schedule for either the entire outstanding balance on the Credit Line Account or any portion thereof (but not less than $1,000.00) for a term up to the lesser of thirty (30) years or the remaining originally scheduled term of your Credit Line Account (a "Lock"). Therefore, you can take a Lock of up to thirty (30) years only if you obtain a lock on the date you opened this Credit Line Account. You may have up to five (5) Locks outstanding at any one time but may not make additional advances to any one Lock once established. The total outstanding balance on any Lock will not be subject to the "Credit Advances" and "Minimum Payment" section of this Agreement. Instead, when each Lock is established, we will determine the payment amount that would be required to pay off the balance in that Lock in substantially equal payments over the term of the Lock at the fixed rate applicable to that Lock. Therefore, your Minimum Payment due each month will be the sum of the fixed payment amount for each Lock plus the minimum payment amount for the balance of your Account which has not been designated as a Lock (the "Credit Line"), calculated using the formula set forth in the "Minimum Payment" section of this agreement. Additional payments in any Lock may be made at any time but shall not affect your obligation to pay succeeding lock payments as long as any amount is still owing on the Lock. Any payment made upon your outstanding principal balance in any Lock will be available on the Credit Line for you to draw against upon posting of such payment prior to the maturity date. If your outstanding balance includes one or more Locks as well as a balance on your Credit Line, unless you properly designate otherwise on a payment coupon we provide you, then each additional payment we receive will be first applied to the Credit Line until paid in full. Also, unless you properly designate otherwise on a payment coupon we provide you, if there is no Credit Line to which to apply an additional principal payment, then the additional principal payment will be applied to the Lock first opened until paid in full. Additional lock payments will not affect your obligation to pay succeeding lock payments as long as any amount is still owing on the Lock unless we otherwise agree in writing.

Upon conversion, the converted outstanding balance will accrue interest at a fixed rate as calculated in the Rate Determination section and will amortize over a specific period of time.

Conversion Fees. You will be required to pay the following fees at the time of conversion to a fixed rate: We may charge you $50.00 for each Lock that we set up at your request.

Rate Determination. The fixed rate will be determined as follows: We will start with the "Lock Index," which is the yield on U.S. Treasury securities having a comparable period of maturity to the scheduled maturity of the requested Lock as of the 15th day of the month immediately preceding the month in which you request your Lock. If the Lock Index becomes unavailable during the term of this Agreement, we may designate a substitute index after notice to you. We will then add 10 percentage points to the Lock Index. Your fixed lock rate (the "Fixed Lock Rate") will be the lowest of the following: the amount arrived at from the foregoing calculation, 21%, or the maximum rate we are allowed to charge you at the time of your lock under federal law, which for the purposes of 12 U.S.C. Section 85 incorporates Ohio law. We will then review the rates and terms available for a comparable Home Equity Loan offered by us at the time of your request based upon a like loan to value ratio, loan term and your credit profile at that time. If, after that review we determine that we can offer you a lower rate than the Fixed Lock Rate, we will give you the lower rate. We will provide a complete disclosure of the terms of the Lock at the time the Lock is established.

Conditions Under Which Other Charges May Be Imposed. You agree to pay all the other fees and charges related to your Credit Line as set forth below:

Annual Fee. A nonrefundable Annual Fee of $50.00 will be charged to your Credit Line at the following time: The Annual Fee for the first year is waived. The remaining Annual Fees will be assessed beginning on your first anniversary date and will continue annually throughout the Draw Period.

Payment of Closing Costs. If you elect to charge your Credit Line Account to pay the closing costs associated with your Credit Line (such as title insurance premiums, appraisal fees, credit report fees, and recording fees), the total of these charges will be reflected as "closing costs" on your first periodic billing statement.

My Accounts > See Transaction History

# Transaction History

## Review recent account transactions
Review your transaction history below. Please note that the informationyou on this page does not replace your monthly statement.

### Home Equity Line Account Activity
< Previous | Next >

| Effective Date | Description | Check Number | Amount | Principal | Interest | Fees | Principal Balance |
|---|---|---|---|---|---|---|---|
| 02/15/2011 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $806.83 | $193.17 | $0.00 | $74,792.09 |
| 01/09/2011 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $804.72 | $195.28 | $0.00 | $75,598.92 |
| 12/10/2010 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $809.00 | $191.00 | $0.00 | $76,403.64 |
| 11/10/2010 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $800.77 | $199.23 | $0.00 | $77,212.64 |
| 10/08/2010 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $805.12 | $194.88 | $0.00 | $78,013.41 |
| 09/09/2010 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $796.59 | $203.41 | $0.00 | $78,818.53 |
| 08/10/2010 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $794.76 | $205.24 | $0.00 | $79,615.12 |
| 07/08/2010 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $749.31 | $200.69 | $50.00 | $80,409.88 |
| 06/10/2010 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $790.79 | $209.21 | $0.00 | $81,159.19 |
| 05/31/2010 | FEE ASSESSMENT | N/A | $50.00 | $0.00 | $0.00 | $50.00 | $81,949.98 |
| 05/08/2010 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $795.55 | $204.45 | $0.00 | $81,949.98 |
| 04/08/2010 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $786.56 | $213.44 | $0.00 | $82,745.53 |
| 03/11/2010 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $805.27 | $194.73 | $0.00 | $83,532.09 |
| 02/11/2010 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $782.69 | $217.31 | $0.00 | $84,337.36 |
| 01/09/2010 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $780.64 | $219.36 | $0.00 | $85,120.05 |
| 12/10/2009 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $785.94 | $214.06 | $0.00 | $85,900.69 |
| 11/07/2009 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $776.81 | $223.19 | $0.00 | $86,686.63 |
| 10/08/2009 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $781.93 | $218.07 | $0.00 | $87,463.44 |
| 09/10/2009 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $772.87 | $227.13 | $0.00 | $88,245.37 |

| | PAYMENT | | | | | | |
|---|---|---|---|---|---|---|---|
| 08/15/2011 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $821.38 | $178.62 | $0.00 | $68,918.90 |
| 07/15/2011 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $775.10 | $174.90 | $50.00 | $69,740.28 |
| 06/15/2011 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $817.37 | $182.63 | $0.00 | $70,515.38 |
| 05/31/2011 | FEE ASSESSMENT | N/A | $50.00 | $0.00 | $0.00 | $50.00 | $71,332.75 |
| 05/13/2011 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $821.09 | $178.91 | $0.00 | $71,332.75 |
| 04/15/2011 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $811.38 | $188.62 | $0.00 | $72,153.84 |
| 03/15/2011 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $1,000.00 | $0.00 | $0.00 | $72,965.22 |
| 03/11/2011 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $826.87 | $173.13 | $0.00 | $73,965.22 |

| Next >

© 2013 JPMorgan Chase & Co.

Chase Home Finance

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | PAYMENT | | | | | | |
| 08/08/2009 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $770.91 | $229.09 | $0.00 | $89,018.24 |
| 07/09/2009 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $726.30 | $223.70 | $50.00 | $89,789.15 |
| 06/11/2009 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $767.05 | $232.95 | $0.00 | $90,515.45 |
| 05/31/2009 | FEE ASSESSMENT | N/A | $50.00 | $0.00 | $0.00 | $50.00 | $91,282.50 |
| 05/09/2009 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $772.64 | $227.36 | $0.00 | $91,282.50 |
| 04/09/2009 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $764.88 | $235.12 | $0.00 | $92,055.14 |
| 03/10/2009 | REGULAR PAYMENT | 0000000000 | $1,000.00 | $801.37 | $198.63 | $0.00 | $92,820.02 |

< Previous | Next >

© 2013 JPMorgan Chase & Co.

Exhibit D-11



**Belinda Roberson**
In response to JP Morgan Chase Bank Home Equity Line of Credit Litigation, Case No. 10-cv-3647, MDL 2167
January 14, 2013 3:49 PM
www.murrayfrank.com, www.abbeyspanier.com, www.edelson.com

In response to JP Morgan Chase Bank Home Equity Line of Credit Litigation, Case No. 10-cv-3647, MDL 2167

Honorable Judge,

I object to the fairness settlement concerning the part that a class member will be reimbursed if they request a "Reinstatement" of original equity line of credit.

My argument concerns the agreement in this action is that it will be the class members burden to prove their property value has dropped below the equity to loan value by taking money out of their pocket before any action is taken. My wife and I do not believe that we should have to pay for any appraisal to reverse Chase's determination that our line of credit amount was not within their parameter. We never were provided any details as to what parameters they used at the time of their action.

Historical information: Chase sent a letter to us sometime in 2008, stating they decreased our equity line from approximately 72,000.00 to 22,000 with no explanation. I called and asked them to look at us as an individual and not lump us into the loans that were appraised too high. Our home was bought before the housing mania period. We currently only have a line of credit with Chase as we have paid off the original note.

Argument is that we have a concern Chase again does not want to take responsibility for their decision, and wishes to put the burden back on class members. They did not look at our value to loan as justification, and actually arbitrarily lowered the line of credit, with no due process. This settlement does not remedy the original harm that Chase lowered class members HELOC loans without provided factual reasons for its determination. Actually they did not want to pay for another appraisal or use industry standards to determine value to loan adjustments when they decreased our HELOC. This settlement allows them to not take responsibility by not putting the burden back into their lap. This is not a balanced approach and is weighted heavily in favor of Chase.

We bought the home in May 2004 and was appraised for 129,000.00 and we only owed 78,000 at the time our equity was decreased. We should not have to pay for any readjustment or correction and if the apprasial comes within another paramiter then we will be reimbursed. We are not asking for the line of credit be reinstated to the original amount, but want some form of fairness and relieve that does not put the burden back on the class member.

Possible recommendation by us could be instead of the class members paying for a full appraisal Chase can use an industry tool that shows the appraisal of the value of like homes in the area. This can be reviewed and approved by Chase and the parties involved. I do not think it would be prudent that Chase again be allowed to choose how they will value a home. It is the fox guarding the chicken coup. If they decreased the HELOC before without due process, what will stop them after this settlement.

With respect the court can set this agreement, or any other agreement the court deems necessary with court over site attached to this settlement. With some form of review every quarter until the court is satisfied with Chase's proactive offer of account reinstatements would provide some form of protection for Class members. In addition, an independent accounting firm paid for by Chase may be very helpful to the court to determine Chase is doing the right thing.

Thank you,

Jon and Belinda Roberson

Date: Jan 14, 2013

Sent from Roberson's IPad.

Exhibit D-12

Office of the Clerk
United States District Court
219 S. Dearborn Street
Chicago, IL 60604

Chase HELOC Settlement Administrator
c/o KCC Class Action Services
P.O. Box 43142
Providence, RI 02940-3142

EDELSON MCGUIRE, LLC
Attn: Chase MDL HELOC Settlement
350 North LaSalle, Suite 1300
Chicago, IL 60654

LeAnn Pedersen Pope, Esq.
Victoria Collado, Esq.
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash, 22nd Floor
Chicago, IL 60611

**Re: JP MORGAN CHASE BANK HOME EQUITY LINE OF CREDIT LITIGATION**

Please consider this as our official Objection to the Settlement proposed in the class action lawsuit referenced above. Below is the information required to object to the settlement:

| | |
|---|---|
| **Our names and address:** | *Stacey Street* |
| | *Michael Alsip* |
| | *9 W. Kenilworth Avenue* |
| | *Prospect Heights, IL 60070* |
| **Our telephone number:** | *847.363.0713* |
| **Our claim number:** | *JPL-1631168501 166726* |
| **The case name and #:** | *JP Morgan Chase Bank Home Equity Line of Credit Litigation, Case No. 10-cv-3647, MDL No. 2167* |
| **Statement:** | *We are Class Members* |

**Reasons we think the Court should not approve the settlement:** *We do not think that the Court should approve the proposed settlement because the $35 cash benefit sought under the Class Action Settlement is laughably small considering the damage caused by Chase's decision to suspend and reduce our HELOC due to what they claimed was a decline in property value.*

*Our Loan To Value (LTV) ratio was very low, so even if our property declined in value, there was sufficient equity to secure the HELOC as appropriate collateral. We had made our payments as agreed. Because we used the HELOC for cash flow management and a savings instrument, Chase's unexpected freeze of the line caused a significant and immediate problem for us that we are STILL struggling to recover from. We had made several large payments to reduce the outstanding balance, including a $10,000 payment immediately before the freeze. The funds we paid toward the balance were intended for large real estate taxes coming due. We were completely surprised when we were notified that our tax payment was denied because Chase had frozen our line.*

*We don't have detailed records for the time, but believe our balance was approximately $30,000 on a $100,000 line. We didn't have another way to pay the real estate taxes because we had put those funds into the HELOC line, anticipating that Chase would hold up their end of the HELOC agreement, as we had held up ours. Our home had been valued at approximately $1,100,000. Our 1st mortgage was $417,000. So our LTV was under 50% initially, even with a*

*fully extended line. Even if our home value dropped by 30% to $770,000, the LTV would still be under 70%, fully extended.*

*In our case, Chase's blanket decision to freeze, suspend and/or reduce our line (however they want to define it), was extremely damaging and completely unwarranted. And for this action, they have agreed to pay us $35? This is insulting and worse than no agreement at all. Receiving notice of this pitiful settlement has been upsetting beyond words and has reminded us of the long-term damage Chase caused us through their unjustified and careless decision. We have been behind on real estate taxes ever since Chase's action, struggling to catch up from the loss of access to OUR funds.*

*If the Court ultimately finds Chase's actions to have been legally wrong, we propose that the settlement per borrower be much greater than $35. It should be in an amount that adequately compensates Chase's customers for the damage suffered. We cannot afford to hire our own attorney in this case, so our hope is that the Court earnestly takes into consideration our experience and that of others like us when deciding this case.*

**Statement:**          *We do not intend to appear at the Court's Fairness Hearing.*


Michael Alsip                                    Stacey Street
9 W. Kenilworth Avenue                           9 W. Kenilworth Avenue
Prospect Heights, IL  60070                      Prospect Heights, IL  60070


cc:    Murray Frank, LLP
       275 Madison Avenue, 8th Floor
       New York, NY  10016

       Abbey Spanier Rodd & Abrams, LLP
       212 East 39th Street
       New York, NY  10016

Exhibit D-13

I wanted my voice to be heard in regards to my experience with Chase bank and the handling of my HELOC. I won't bore you with the humiliation, embarrassment and stress that Chase put on me and my family during the Period of March 07, 2008 thru April 6, 2008. Let me get right to my history with Chase.

March 6, 2008-Patrick Sullivan (Chase Customer) writes check to Supervisor at work to purchase his 2002 Ford Focus from HELOC account for 4700.00.

March 7, 2008 - Patrick Sullivan receives form letter in the mail telling him his account is frozen. I call Ford Focus owner and tell him not to cash the check. It will bounce. I call Chase and they tell me I have bad credit and I can appeal their decision. I spend hours on the phone and faxing documents. I was told that they would review my case. I was leaving for a Spring Break family vacation and was planning to use HELOC funds to finance our trip. My Daughter had just gotten accepted into University of Oregon (she just graduated YEAH Leah!) I had to tell her that it was going to be tough and maybe Community College might be a better alternative. I just want the court to understand what this bank put us through for that 30 day period. We were never late on a payment and are still prompt with our HELOC.

April 5, 2008 – HELOC unfrozen, but reduced 38,000 to 112,000 from 150,000. I am relieved and immediately write a check to cover the balance owed for 3700.00 on the Ford Focus to my supervisor. I had to pay him 1,000 dollars out of my pocket when I found out my check would bounce. Our vacation was on a shoestring budget and not so great. We were very relieved to be back on track when we arrived home and got a letter stating that our account was UNFROZEN.

December 2011- I called Chase after hearing that they were very profitable after the Bailout. I asked that my HELOC be adjusted to its original amount of 150,000. They told me I would have to pay fees, appraisal, and apply for a new loan and still may get turned down. I was not surprised.

I ask the court to consider my case and make Chase pay me 5000.00 and write a letter of apology to me and my family for treating me like a deadbeat. It was a terrible experience that we went through with this bank. They need to be held accountable.

Patrick Sullivan
Chase Acct # 00414830017920

Patrick Gannon Sullivan
1184 South Kenilworth Avenue
Oak Park, IL 60304

(7)

(4) I AM A CLASS MEMBER.

(6) I cannot afford AN attorney for the FAIRNESS HEARING. I would like to read my STATEMENT. (above)(EXHIBIT #5)

(1)

(2) (708) 660-0181

(3) CASE: JP MORGAN CHASE HELOC Litigation
CASE: # 10-CV-3647 MDL No. 2167



# LISA MADIGAN

Illinois Attorney General
Consumer Fraud Bureau
500 South Second Street
Springfield, IL 62706
217-782-1090
1-800-243-0618 (Toll free in IL)
TTY: 1-877-844-5461
www.IllinoisAttorneyGeneral.gov

| Office Use Only |
| --- |
| CLMS: |
| AG: |

Fill out the form online, then print and mail to the address above. Include copies (no originals please) of any supporting documents.

**YOUR INFORMATION:**

Name: Mr. ☒ Mrs. ☐ Ms. ☐ (check one)

Patrick Sullivan

Address:

1184 South Kenilworth

City: Oak Park    State: IL    Zip Code: 6 0 3 0 4    County: cook

Your Telephone Number:

Daytime: 7 0 8 - 6 6 0 - 0 1 8 1 Ext.:

Evening: _ - _ - _ Ext.:

Your e-mail address (optional): tullaben@sbcglobal.net

Are you a senior citizen? Yes ☐ No ☒
Are you a veteran? Yes ☐ No ☒
Are you a service member? Yes ☐ No ☒

**NAME OF SELLER OR PROVIDER OF SERVICE:**

Name: JP Morgan Chase

Address: PO Box 90010020

City: Louisville    State: KY    Zip Code: 4 0 2 9 0

Telephone: 8 7 7 - 4 6 9 - 0 1 1 0 Ext.:

Website: chase.com

Additional seller or provider of service involved in transaction:

Name:

Address:

City:    State:    Zip Code:

Telephone: _ - _ - _ Ext.:

Website:

Has this matter been submitted to another government agency, an arbitration service, or to any attorney? Yes ☐ No ☒

If yes, please give name, address, telephone:

Is court action pending? Yes ☒ No ☐    class action

## INFORMATION ABOUT THE TRANSACTION

Date of Transaction: 0 6 0 4

Did you sign a contract? Yes ☒ No ☐
(If yes, please attach a copy)

Date contract was signed: 0 6 0 4

Was the product or service advertised? Yes ☒ No ☐ When? 0 1 0 4    (Please attach a copy of the advertisement, if applicable.)

**How was the service advertised?**
☒ Newspaper/magazine
☒ Radio advertisement
☒ Television advertisement
☒ Internet advertisement
☒ E-mail solicitation
☐ Direct mail solicitation
☒ Telephone solicitation
☐ Yellow pages of the telephone book
☐ Facsimile solicitation
☐ Door-to-door solicitation
☒ Display at merchant's place of business
☐ Display at a trade show/convention, etc.
☐ Other

Total Cost of product/service: $0.00

Amount paid to date/down payment: $0.00

Method of payment (check one) (Please attach a copy.)

Cash ☐    Check ☐    Money Order ☐    Credit Card ☐    Debit Card ☐    Bank Draft ☐
Wire Transfer ☐    Automatic Debit ☐    Other

*If you paid with a credit card, have you contacted your credit card company to register a dispute?* Yes ☐ No ☐

*(Under the Federal Fair Credit Billing Act, you have 60 days from the time that you receive your statement to dispute the charge.)*

| Where did the transaction take place? | Have you complained to the company or individual? |
|---|---|
| ☐ At my home<br>☐ Over the telephone<br>☐ By mail<br>☐ Over the Internet<br>☐ Trade show/convention/home show<br>☒ At the firm's place of business<br>☐ By facsimile<br>☐ Other (Please specify) _____<br>☐ There was no transaction | Yes ☒　　No ☐<br><br>If yes, provide name and phone number of the individual(s):<br><br>Chase bank, documents provided in this appeal. Customer service and loan<br><br>appeal department. |

## FOR COMPLAINTS REGARDING MOTOR VEHICLES, PLEASE COMPLETE THIS BOX:

| Make: Ford | Model: Focus | Year: 2 0 0 2 | New: Yes ☐ No ☒ | As-Is: Yes ☒ No ☐ |
|---|---|---|---|---|
| Warranty: Yes ☐ No ☒<br>Expiration Date: | Name of Extended Warranty: | Purchase Date:<br><br>0 3 0 5 2 0 0 8 | Current Mileage:<br><br>93,147 | Mileage at Purchase:<br><br>61,452 |

Briefly describe the transaction and your complaint. You may use additional sheets if necessary. **Please attach copies of all contracts, letters, receipts, cancelled checks (front and back), advertisements, or any other documents that relate to your complaint.**

**PLEASE DO NOT SEND ORIGINALS.**

I wrote a check for to purchase a 2002 Ford Focus and Chase Bank froze my account for no reason that I can understand causing me great hardship, embarrassment and humiliation.

What form of relief are you seeking? (E.g., exchange, repair, money back, product delivery, etc.)

I am asking the court for 5000.00 and an apology from Chase Bank for what they have done to me and my family.

### READ THE FOLLOWING BEFORE SIGNING BELOW:

- In filing this complaint, I understand that the Attorney General is not my private attorney, but rather enforces laws designed to protect the public from misleading or unlawful practices. I also understand that if I have any questions concerning my legal rights or responsibilities, I should contact a private attorney. I have no objection to the contents of this complaint being forwarded to the business or the person the complaint is directed against, unless the box below is checked.

- By filing this complaint, I hereby give the business complained about my consent to communicate, including disclosure of non-public personal information, with the Office of the Attorney General about any and all matters connected with this complaint.

Signature: _____　　　Date: 0 1 1 2 2 0 1 3

☐ Please do not send this complaint to the business complained about.

Please print and send the completed form to the address at the top of this complaint form.

| Print Form | | Reset Form |
|---|---|---|

Rev 6/21/12 (lfs)

# Transaction History

## Review recent account transactions Review your

transaction history below. Please note that the information you on this
page does not replace your monthly statement.

### Home Equity Line Account Activity
< Previous | Next >

| Effective Date | Description | Check Number | Amount | Principal | Interest | Fees | Principal Balance |
|---|---|---|---|---|---|---|---|
| 04/21/2008 | ONLINE TRANSFER TO TC | 1558939604 | $200.00 | $0.00 | $0.00 | $0.00 | $61,140.04 |
| 04/10/2008 | BALANCE ADVANCE | 0000001020 | $3,700.00 | $0.00 | $0.00 | $0.00 | $60,940.04 |
| 04/07/2008 | ONLINE TRANSFER TO INTERBANK | 1759393022 | $200.00 | $0.00 | $0.00 | $0.00 | $57,240.04 |
| 04/01/2008 | REGULAR PAYMENT | 0000000000 | $246.48 | $0.00 | $246.48 | $0.00 | $57,040.04 |
| 03/19/2008 | RATE CHANGE | N/A | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/29/2008 | REGULAR PAYMENT | 0000000000 | $259.00 | $0.94 | $258.06 | $0.00 | $57,040.04 |
| 02/26/2008 | ONLINE PAYMENT TO COOK COUNTY TRE | 1028470848 | $2,306.08 | $0.00 | $0.00 | $0.00 | $57,040.98 |
| 02/25/2008 | ONLINE PAYMENT TO CHASE CARDMEMBE | 1042651579 | $34.90 | $0.00 | $0.00 | $0.00 | $54,734.90 |
| 02/05/2008 | BALANCE ADVANCE | 0000001018 | $115.00 | $0.00 | $0.00 | $0.00 | $54,700.00 |
| 02/01/2008 | REGULAR PAYMENT | 0000000000 | $292.00 | $0.78 | $291.22 | $0.00 | $54,585.00 |
| 01/31/2008 | RATE CHANGE | N/A | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 01/25/2008 | ONLINE TRANSFER TO TC | 1177025857 | $400.00 | $0.00 | $0.00 | $0.00 | $54,585.78 |
| 01/25/2008 | ONLINE PAYMENT TO CHASE CARDMEMBE | 1077280806 | $243.43 | $0.00 | $0.00 | $0.00 | $54,185.78 |

*3/05/08 account frozen 30 DAYS*

*4/7/12 CHECK WRITTEN for balance on FORD Focus*

## STATE OF ILLINOIS

## CERTIFICATE OF TITLE OF A VEHICLE

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | MODEL | BODY STYLE | TITLE NO. |
|---|---|---|---|---|---|
| 1FAFP33P92W265411 | 2002 | FORD | FOCUS LX | 4 DOOR | X8084646090 |

1FAFP33P92W265411

| DATE ISSUED | ODOMETER | CCM | PURCHASED | PURCHASE DATE |
|---|---|---|---|---|
| 03/24/08 | 64412 | | USED | 03/10/08 |

64412

MOBILE HOME SQ. FT.

TYPE OF TITLE
ORIGINAL

MAILING ADDRESS

PATRICK G SULLIVAN
1184 S KENILWORTH AVE
OAK PARK IL 60304-1945

LEGEND(S)

ACTUAL MILEAGE

OWNER(S) NAME AND ADDRESS

PATRICK G SULLIVAN
1184 S KENILWORTH AVE
OAK PARK IL 60304-1945

FIRST LIENHOLDER NAME AND ADDRESS

SECOND LIENHOLDER NAME AND ADDRESS

### RELEASE OF LIEN
The holder of Lien on the vehicle described in this Certificate does hereby state that the lien is released and discharged

| Firm Name | By | Signature of Authorized Agent | Date |
|---|---|---|---|
| Firm Name | By | Signature of Authorized Agent | Date |

**NEW LIEN ASSIGNMENT:** The information below must be on an application for title and presented to the Secretary of State
Secured Party: _____ Address: _____

► Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

### ASSIGNMENT OF TITLE
The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address:

"I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

- ☐ 1. The mileage stated is in excess of its mechanical limits.
- ☐ 2. The odometer reading is not the actual mileage."
  WARNING—ODOMETER DISCREPANCY

☐ NO TENTHS

"If this vehicle is one of more than 5 commercial vehicles owned by me, I certify also that the vehicle is not damaged in excess of 33 1/3% of its fair market value unless this document is accompanied by a salvage application."

ODOMETER READING
Signature(s) of Seller(s) _____

Printed Name(s) of Seller(s) _____     DATE OF SALE _____
"I am aware of the above odometer certification made by seller"

Signature(s) of Buyer(s) _____     Printed Name _____

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any. IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS, AT SPRINGFIELD.

G05580355
CONTROL NO.

*Jesse White*
JESSE WHITE, Secretary of State