# Group Exhibit F

# Exhibit F-1

Sean P. Reis (SBN 184044)
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (714) 352-5200
Facsimile: (714) 352-5201
Email: sreis@edelson.com

Jay Edelson (Admitted *Pro Hac Vice*)
Steven L. Woodrow (Admitted *Pro Hac Vice*)
Evan Meyers (Admitted *Pro Hac Vice*)
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
Email: jedelson@edelson.com
Email: swoodrow@edelson.com
Email: emeyers@edelson.com

*Counsel for Plaintiffs*
[additional counsel appear on signature page]

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CITIBANK HELOC REDUCTION LITIGATION | No. 09-CV-0350-MMC |
| | **CLASS ACTION** |
| | **SETTLEMENT AGREEMENT** |
| | The Honorable Maxine M. Chesney |

This Class Action Settlement Agreement ("Agreement") is entered into by and among David Levin, Loren S. Siegel, Gary Cohen, Marie Cohen, Mark Winkler and Jennie Lapointe, on behalf of a class defined herein (collectively the "Plaintiffs") and Citibank, N.A., on behalf of itself ("Citibank" or "Defendant"), by and through their respective counsel of record. This Agreement is intended by Plaintiffs and Citibank (collectively "the Parties") to fully, finally and forever compromise, resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof, and subject to the approval of the Court.

**RECITALS**

A.     On January 26, 2009, Plaintiff Levin filed a putative class action complaint against Citibank in the Northern District of California, Case No. 3:09-cv-00350-MMC, which was assigned to the Honorable Maxine M. Chesney.  Plaintiff Levin sought relief on behalf of a putative nationwide class of home equity line of credit ("HELOC") customers, asserting claims for purported breaches of contract and violations of the Truth-in-Lending Act, 15 U.S.C. § 1647 *et. seq.*, its implementing regulation, Regulation Z, 12 C.F.R. § 226.5b, and California state laws based on Citibank's suspension or reduction of customers' HELOC loans.

B.     On September 11, 2009, Mark Winkler brought a similar putative class action against Citibank in the United States District Court for the Southern District of California, Case No. 09-cv-1999-BTM, which was assigned to the Honorable Barry T. Moskowitz.  Plaintiff Winkler sought relief on behalf of a nationwide putative class of HELOC customers, asserting claims for purported breaches of contract and violations of the Truth-in-Lending Act, 15 U.S.C. § 1647 *et. seq.*, its implementing regulation, Regulation Z, 12 C.F.R. § 226.5b, and certain state laws based on Citibank's suspension or reduction of customers' HELOC loans.

C.     On April 14, 2010, Plaintiff Levin filed a Motion to Consolidate Related Cases, Grant Leave to Add Named Plaintiffs, and Appoint Interim Class Co-Lead Counsel (Dkt. 88) which the Court granted on May 18, 2010.  (Dkt. 96).  The Motion sought to consolidate the *Winkler* and *Levin* matters, transfer the *Winkler* matter to this Court, and to add Gary and Marie Cohen as additional named plaintiffs.  On May 18, 2010, the Court granted Plaintiffs' Motion. (Dkt. 97.)

D.     On May 24, 2010, Plaintiffs filed a Second Amended Consolidated Complaint. (Dkt. 97.)  On August 30, 2010, the Court granted in part and denied in part Citibank's Motion to Dismiss Plaintiffs' Second Amended Complaint.  (Dkt. 114.)  Plaintiffs filed their Third Amended Complaint on September 20, 2010 (Dkt. 117) and Citibank filed its Answer on October 14, 2010. (Dkt. 121.)

D.     The Parties have vigorously litigated the issues involved in the cases.  The Parties have briefed several motions, including motions to dismiss that were granted in part and denied in

- 2 -

part, and exchanged informal and formal discovery. The Parties additionally engaged in preliminary settlement discussions and face-to-face meetings that culminated in a formal mediation before the Honorable Edward Infante (Ret.) on November 9, 2010. The settlement negotiations centered around Citibank's alleged practices with respect to suspending or reducing a customer's HELOC based on Citibank's claim of Collateral Deterioration of the customer's home. Through mediation and arms-length negotiations, the Parties reached agreement as to the material terms of a proposed class-wide settlement. Following agreement as to the basic parameters of a classwide settlement, the parties continued to negotiate over attorneys' fees and class member incentive awards and participated in a further mediation session, via telephone, with Judge Infante on November 2, 2011, which resulted in an agreement as to fees and incentive awards. The Parties thereafter have reduced their settlement to this Agreement.

E.    Citibank has denied and continues to deny that it committed, threatened or attempted to commit any of the alleged wrongful acts or violations that are alleged in Plaintiffs' pleadings, or that it has engaged in any other wrongdoing. Citibank contends that there was Collateral Deterioration of the properties securing the HELOCs of customers whose accounts were suspended or reduced; that it complied with the terms of the HELOC agreements; that it complied with the Truth-in-Lending Act; that customers who comprise the putative class have incurred no damages and are not entitled to any relief from Citibank. Citibank further contends that it has meritorious defenses to Plaintiffs' claims, and that it is prepared to vigorously defend the case on various procedural and substantive grounds. Nonetheless, taking into account the uncertainty, risks, and distractions inherent in any litigation, Citibank desires to settle this matter.

F.    Plaintiffs believe that the claims asserted in the Actions have merit. But Plaintiffs and Class Counsel also recognize and acknowledge the risk, uncertainty, expense and delay associated with continued prosecution of the Actions against Citibank through trial and any subsequent appeals. Plaintiffs have also taken into consideration that Citibank has already implemented various modifications to its policies and procedures for suspending or restricting HELOC Accounts, and that Citibank has reinstated a number of the HELOC Accounts that were previously suspended or reduced, which is a benefit to many Class members. Therefore, Plaintiffs

- 3 -

1 and Class Counsel believe that this Agreement is in the best interests of the Class, and that the
2 Released Claims should be fully and finally compromised, settled, and resolved with prejudice
3 pursuant to this Agreement.

4       NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the
5 Parties, by and through their respective undersigned counsel that, subject to approval of the Court
6 after a hearing or hearings as provided for in this Agreement, in consideration of the benefits
7 flowing to the Parties as set forth herein, that the Actions and the Released Claims shall be finally
8 and fully compromised, settled and released, and the Actions shall be dismissed with prejudice,
9 upon and subject to the terms and conditions of this Agreement.

10 **1. DEFINITIONS**.

11       As used in this Agreement, the following terms have the meanings specified below:

12       **1.1 "Actions" or "Litigation"** means the complaint filed by David Levin on or
13 about January 26, 2009 against Citibank in the Northern District of California, Case No. 3:09-cv-
14 00350-MMC ("*Levin* matter") , the complaint filed by Mark Winkler on or about September 11,
15 2009 in the United States District Court for the Southern District of California, Case No. 09-cv-
16 1999-BTM and subsequently transferred to the Northern District of California as Case No. 3:10-
17 cv-00572-MMC and consolidated with the *Levin* matter ("*Winkler* matter"), and all subsequent
18 amendments to the *Levin* and/or *Winkler* matters.

19       **1.2 "Amended Complaint"** means the Fourth Amended Consolidated Class
20 Action Complaint to be filed solely for the purpose of effectuating this Settlement Agreement.

21       **1.3 "Approved Claim"** means a Claim Form submitted by a Class Member that is
22 (a) timely and submitted in accordance with the directions on the Claim Form and the provisions
23 of the Agreement; and (b) verified by the Class Member. A claim shall be deemed to have been
24 timely submitted only if it is mailed to the return address specified therein and postmarked or
25 submitted online via the Settlement Website no later than midnight, Pacific Time, on the Claims
26 Deadline.

27       **1.4 "Award"** means or refers to the amount of the settlement award of one
28 hundred twenty dollars ($120.00)  per Eligible Loan (as defined in Paragraph 1.22 herein), and

- 4 -

which is available to Settlement Class Members with an Eligible Loan on a claims-made basis and based on the eligibility criteria set forth in Paragraph 3.2 below.

**1.5** **"Charged Off"** means a loan in default for which no payment has been made on the account in one hundred eighty (180) or more days.

**1.6** **"Citibank's Counsel"** means Lucia Nale and Debra Bogo-Ernst of Mayer Brown LLP.

**1.7** **"Claimant"** means a Settlement Class Member who timely submits a valid Claim Form.

**1.8** **"Claim Dispute Deadline"** means the deadline thirty (30) days after mailing the Claims Report for Class Counsel to dispute any Claims denied by Defendant as invalid or otherwise ineligible for an Award.

**1.9** **"Claims Administrator"** means Epic Systems, who Citibank will retain to oversee the provision of Notice to the Class Members as set forth in this Agreement, the processing of Requests for Exclusion from and Objections to this Agreement, the processing of Claim Forms submitted by Class Members as set forth in this Agreement and the resulting distribution of Settlement Benefits afforded to approved Claimants.

**1.10** **"Claims Deadline"** means the deadline for mailing the Claim Form, which must be postmarked or submitted online by midnight, Pacific Time, on January 31, 2013.

**1.11** **"Claims Report"** refers to the report that Defendant will email to Class Counsel within forty-five (45) days after the later of the Claims Deadline or the Effective Date, which provides notice of those Claims denied by Defendant as invalid or otherwise ineligible for an Award under the terms of this Agreement together with copies of each claim so denied.

**1.12** **"Claim Form"** means the document as set forth in Paragraph 3.2 and substantially in the form attached hereto as Exhibit C, as approved by the Court. The Claim Form shall be available in paper format and in downloadable form on the settlement website. The Claim Form will require Class Members to provide basic information, including the property address associated with the customer's Citibank HELOC account. The Claim Form will provide certain Class Members who were former Citibank HELOC customers the option to provide certain

Class Members who were former Citibank HELOC customers the option to provide certain information in order to receive a Settlement Benefit. The loan that is the subject of the Claim Form must be an Eligible Loan, and the Claim Form will be mailed only to Eligible Loans. The Claim Form accompanying and comprising part of the Class Notice shall include a section requesting that Class Members provide any updated address information and shall likewise request that they provide notice of any subsequent change in their address, which notice shall be sent, by a time certain, to a P.O. Box to be provided by Citibank.

1.13 **"Class Definition"** means, for the purposes of settlement only, the Parties agree to the certification the following "Settlement Class" or "Class": All persons in the United States from January 1, 2008 to January 31, 2012 whose Citibank HELOC Accounts were suspended or reduced based on a claim by Citibank of Collateral Deterioration regarding the value of the property securing the HELOC. The persons comprising the proposed Settlement Class are set forth on the Class List (as defined below). Excluded from the proposed Class are any judge presiding over this case and the judge's immediate family members.

1.14 **"Class Counsel"** means Jay Edelson, Steven Woodrow and Evan Meyers of Edelson McGuire LLC and Jim Patterson of Patterson Law Group.

1.15 **"Class List"** refers to a list of those borrowers with Citibank HELOC Accounts, as identified by Citibank's computer records, whose HELOCs were suspended or reduced based on Citibank's claim of a Collateral Deterioration during the period January 1, 2008 to January 31, 2012. Defendant shall keep custody of the Class List and the Parties stipulate and agree that the Class List shall be kept and maintained as confidential and may not be used for any purpose other than effectuating this Agreement. Citibank's counsel shall maintain a copy of the Class List and, upon written request and reasonable notice by Class Counsel, Citibank's counsel shall make the Class List available for Class Counsel's review.

1.16 **"Class Representatives"** means the named Plaintiffs in the Litigation as set forth in the Amended Complaint, David Levin, Loren S. Siegel, Gary Cohen, Marie Cohen, Mark Winkler, and Jennie Lapointe, whom the Court approves as being Class Representatives for the Settlement Class.

1    **1.17**       **"Collateral Deterioration"** means a significant decline in the value of the
2 property or dwelling securing the HELOC.

3    **1.18**       **"Complaint"** means the Third Amended Consolidated Class Action
4 Complaint filed on or about September 20, 2010.

5    **1.19**       **"Court"** means the United States District Court for the Northern District of
6 California.

7    **1.20**       **"Early Closure Release Fee"** means the fee charged to those Citibank
8 customers whose accounts were closed following the suspension or reduction of their Citibank
9 HELOC.

10    **1.21**       **"Effective Date"** means the date that is ten (10) days after the last to occur of
11 each and all of the following conditions and events:  (i) This Agreement has been signed by each
12 proposed Class Representative, proposed Class Counsel, Citibank and Citibank's counsel; (ii)
13 Orders have been entered by the Court conditionally certifying the Settlement Class, granting
14 preliminary approval of the settlement and approving the Notice; (iii) The Court-approved Notice
15 has been duly provided as ordered by the Court; (iv) The Court has entered a final Order
16 approving the settlement and this Agreement without material change; (v) The Court has entered a
17 final Order with respect to any Fee Award to Class Counsel and that Order is Final and non-
18 appealable; (vi) The Court has entered a final Order with respect to the Incentive Award to each or
19 any Class Representatives and each and any such Order is Final and non-appealable; and (vii) The
20 Court has entered a final Judgment dismissing the Action with prejudice and that final Judgment
21 has become Final.

22    **1.22**       **"Eligible Loan"** means proposed Settlement Class members who closed their
23 Citibank HELOC Accounts following a suspension or reduction of their HELOC Accounts based
24 on Collateral Deterioration and, in connection with that account suspension or reduction,
25 subsequently incurred and paid an early closure release fee to Citibank, as such members are
26 identified on the Class List.  The proposed Settlement Class Members with Eligible Loan shall be
27 eligible, on a "claims made" basis, to receive an Award, in accordance with the terms and criteria
28 set forth in Paragraph 3.2 below.

**1.23** **"Fairness Hearing"** means the final approval hearing before the Court where the Parties will request Judgment be entered by the Court approving the Agreement as fair, reasonable and adequate, and ruling on the requests for Fee Award, and the incentive awards to the proposed Class Representatives.

**1.24** **"Fee Award"** means the amount of attorneys' fees and reimbursement of costs awarded by the Court to Class Counsel.

**1.25** **"Final"** means the later of the following events: (i) thirty-five (35) days after the final Judgment is entered if no document is timely filed seeking appeal, review, rehearing, reconsideration or any other action regarding that Judgment; or (ii) if any such document is filed, then fourteen (14) days after the date upon which all appellate and/or other proceedings resulting from the document have been finally terminated in such a manner as to permit no further judicial action in this litigation.

**1.26** **"HELOC Account"** means a home equity line of credit provided by Citibank and secured by a mortgage on the borrower's primary residence, which was suspended or reduced by Citibank.

**1.27** **"HELOC Suspension Policies"** refers to the current policies under which Citibank exercises its right to reduce or suspend customers' HELOCs based on a decline in the value of the underlying property.

**1.28** **"Incentive Award"** means the monetary award to each of the Class Representatives as approved by the Court, to compensate them for their efforts and time in connection with pursuing this action on behalf of the Class.

**1.29** **"Judgment"** means the order granting final approval to this Settlement Agreement to be entered by the Court at the Fairness Hearing or such other time approving this Agreement substantially in the form of Exhibit G hereto, without modifications that are unacceptable to either party, as fair, adequate and reasonable in accordance with applicable jurisprudence, confirming the certification of the Class, and issuing such other findings and determinations as the Court or the Parties deem necessary and appropriate to effectuate the terms of this Agreement.

- 8 -

1.30 **"Notice" or "Notice Plan"** means the documents disseminated to the persons in the Settlement Class describing this Agreement that shall be provided in the manner described in Paragraph 5 below, and includes a "long form" notice form to be posted on a website administered by the Claims Administrator, as well as summary notice forms sent by U.S. Mail in the manner described in Paragraph 5. The Parties' proposed forms of which are attached hereto as Exhibits B and E, and are incorporated herein by reference. The Notice states that only Eligible Loans will be mailed Claim Forms.

1.31 **"Notice Date"** means no later than forty-five (45) days after the Court grants Preliminary Approval and as soon as reasonably practicable thereafter.

1.32 **"Notice of Intention to Appear and Object"** is the written communication that must be filed with the Court prior to the last day of the Opt-out/Objection Deadline by a member of the Class in order to object to the approval of any portion of this Agreement. A copy of such Notice of Intention to Appear and Object must also be sent to the Claims Administrator, Class Counsel, and Citibank's Counsel at the time of filing.

1.33 **"Opt-Out/Objection Deadline"** means the date to be set by the Court in this Action for a member of the Class to mail a Request For Exclusion or a Notice of Intention to Appear and Object to the Settlement Administrator and counsel for the parties. The deadline for filing a Request For Exclusion or a Notice of Intention to Appear and Object shall be no later midnight, Pacific Time, on the date specified in the Class Notice and the Preliminary Approval Order (in the form attached hereto as Exhibit A and to be entered by the Court without material modification), and shall be no later than forty-five (45) days after the Class Notice is mailed and no fewer than two weeks following the filing and posting to the Settlement Website of Class Counsel's petition for any Fee Award.

1.34 **"Payment Deadline"** means the deadline for making Award payments which is one-hundred (100) days after the Effective Date.

1.35 **"Preliminary Approval"** means the Court's certification of the Class solely for settlement purposes, entry of the attached proposed order granting preliminary approval of this Agreement (Ex. A hereto) without material modification (except to the extent agreed to between

- 9 -

the parties), as well as approval of the form and methods of dissemination of the Notice, the Notice Plan, and the Claim Form.

**1.36** **"Parties"** means collectively the Plaintiffs and Citibank.

**1.37** **"Party"** means any or each of the Plaintiffs or Citibank in the Action.

**1.38** **"Person"** means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

**1.39** **"Plaintiff" or "Plaintiffs"** means David Levin, Loren S. Siegel, Gary Cohen, Marie Cohen, Mark Winkler and Jennie Lapointe.

**1.40** **"Released Claims"** mean any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law, whether by Constitution, statute, contract, common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, and including, but not limited to, breach of contract, breach of implied covenant of good faith and fair dealing, violation of California's UCL, Cal. Bus. & Prof. Code § 17200, violation of state or federal consumer protection statutes and violation of the Truth in Lending Act and Regulation Z promulgated thereunder at any time from the beginning of time up to and including the Effective Date of the Settlement Agreement, that relate to or arise out of any of the following in any way: (i) any and all acts, omissions, facts, transactions, occurrences, claims, demands, actions, causes of actions, rights, offsets, liens or liabilities alleged, asserted, or referred to in any pleading or brief filed in the above-referenced lawsuit as a claim asserted on behalf of a putative class; and (ii) Citibank's HELOC suspension, reduction, and/or reinstatement policies, systems, standards and procedures for suspensions, reductions, and/or reinstatements based in whole or in part on Collateral Deterioration. The release shall also apply to any and all claims of the releasing parties that would be barred by the doctrines of *res judicata* and collateral estoppel had the issues in the case been litigated by each proposed Settlement Class member to a final judgment on the merits, and to any and all past, present, and future claims, administrative or

otherwise, actions, causes of action, rights or liabilities, known or unknown, based on, or arising out of, or in any way relating or pertaining to the facts, events or transactions and/or fees at issue in the lawsuit, including unknown claims. Citibank will also receive a full and complete general release from each Class Representative for any and all claims related in any way to their HELOC account with Citibank, as set forth in Paragraph 4.3.

        **1.41**        **"Releasing Parties"** means the Plaintiffs, each on their own behalf and on behalf of each Settlement Class Member who has not opted out, and on behalf of their respective present or past heirs, executors, estates, authorized users, guarantors, administrators, representatives, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, any authorized users of their accounts, and each of their affiliates' present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, attorneys, consultants, insurers, directors, managing directors, officers, partners, principals, members, accountants, financial and other advisors, investment bankers, underwriters, lenders and any other representatives of any of these Persons and entities.

        **1.42**        **"Released Parties"** means Citibank, N.A., Citigroup Inc., and CitiMortgage, Inc. and any and all of their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, divisions, subsidiaries, associates, affiliates, representatives, employees, agents, consultants, insurers, directors, committees, managing directors, officers, partners, principals, members, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trusts, trustees, corporations, officers, directors, other individuals or entities in which Citibank, N.A., Citigroup Inc., and CitiMortgage, Inc. have a controlling interest or which is related to or affiliated with any of them or any other representatives of any of these Persons and entities including each of their affiliates' present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries,

- 11 -

associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trusts, corporations, officers, and directors.

1.43 **"Request For Exclusion"** is a written communication by or on behalf of a Person in the Class stating that he or she wishes to opt out/be excluded from the Class.

1.44 **"Settlement Agreement" or "Agreement"** means this Agreement.

1.45 **"Settlement Administration Expenses"** means the expenses incurred by the Claims Administrator in disseminating and providing Notice to and handling claims by the Class, which is to be paid solely by Citibank in addition to amounts to be paid or credited to Class Members under this Agreement.

1.46 **"Settlement Benefit"** means the benefits a Settlement Class Member may receive pursuant to this Agreement.

1.47 **"Settlement Class Member"** means a Person who falls within the definition of the Class as set forth above and who has not submitted a valid Request For Exclusion.

1.48 **"Settlement Website"** means and refers to the Internet Publication notice described in Paragraph 5.2(a) below, available at www.[url].com which will host the traditional "Long Form" notice as well as key documents regarding the Settlement including the Settlement Agreement, Motion for Preliminary Approval, the Order Granting Preliminary Approval, Class Counsel's Petition for Reasonable Attorneys' Fees. Former customers who qualify for cash benefits may submit claim forms via the Settlement Website.

1.49 **"Suspension" or "Account Reduction"** means Citibank's suspension of a particular HELOC account or accounts from further draws or reduction of the available credit limit.

1.50 **"Restriction" "Treatment" "Reduction" and "Suspension,"** and their reasonable variants, shall have the same meaning when referred to HELOC Accounts.

- 12 -

1.51 **"Unknown Claims"** means claims that could have been raised in these Actions, and that the Plaintiffs or any or all other Persons and entities whose claims are being released, or any of them, do not know or suspect to exist, which, if known by him, her or it, might have affected his, her or its decision to accept this agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, and solely with respect to the Released Claims, Plaintiffs and all other Persons and entities whose claims are being released shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Plaintiffs and all other Persons and entities whose claims are being released, also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Plaintiffs acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Released Claims and that the law applicable to such claims may change, but that it is their intention to finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

## 2. REQUIRED EVENTS AND COOPERATION BY THE PARTIES

2.1 *Preliminary Approval*: Promptly, but no later than thirty (30) days, following the full execution of this Agreement, the Parties shall request that the Court in the Action enter a Preliminary Approval Order, in the form attached as Exhibit A hereto, specifically including provisions that:

(a) Preliminarily approve the Settlement reflected herein;

(b) Conditionally certify the Settlement Class (for settlement purposes only)

- 13 -

and appoint the Plaintiffs as Class Representatives and appoint Class Counsel as counsel for the Settlement Class;

(c)     Approve the form of notice to be provided to the Settlement Class in the form attached hereto as Exhibits B and E, and find that the form and manner of notice set forth in this Agreement constitutes the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure;

(d)     Direct that Notice be provided to the Settlement Class, in accordance with the terms of the Settlement, as set forth in Paragraph 5 below;

(e)     Establish a procedure, as set forth in this Agreement, for the Class to object to the Settlement or exclude themselves from the Settlement Class and set the Opt-Out/Objection Deadline;

(f)     Pending final determination of whether the Settlement should be approved, bar the Class, directly, on a representative basis or in any other capacity, from commencing or prosecuting against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims;

(g)     Pending final determination of whether the Settlement should be approved, stay all proceedings in the Action except those related to the effectuation of the Settlement; and

(h)     Schedule the Fairness Hearing for final approval of the Settlement (which final approval hearing shall take place after the Opt-Out/Objection Deadline and no later than one hundred and thirty-five (135) days from Citibank's Notice under the Class Action Fairness Act, as described in Paragraph 5.2(c) herein).

**2.2**     *Final Approval:*  Following issuance of the Preliminary Approval Order, the provision of Class Notice as set forth herein and the Opt-Out/Objection Deadline, Class Counsel shall promptly request from the Court entry of a "Final Approval Order" granting final approval and entering Judgment in the forms attached hereto as Exhibits F and G, the contents and  terms of which are incorporated herein by reference.  This Agreement is expressly contingent upon the entry of said order, in the form attached as Exhibit F hereto, specifically including provisions that

- 14 -

by its terms shall:

(a) Enter the Judgment contemplated by this Agreement finding that, among other things, each Plaintiff and each Settlement Class Member has forever released and discharged each Released Party from liability for any and all Released Claims and permanently enjoin the Plaintiffs and all Settlement Class Members from asserting, commencing, prosecuting or continuing any of the Released Claims against Citibank or any of the Released Parties;

(b) Approve the Settlement and find that this Agreement is fair, reasonable and adequate and in the best interests of the Settlement Class;

(c) Direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions;

(d) Find that the notice and the notice methodology implemented pursuant to the Agreement constituted the best notice practicable under the circumstances and was reasonable, due, adequate and sufficient notice to all persons entitled to receive notice, and met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court;

(e) Find that Class Counsel and the Class Representatives adequately represented the Class for purposes of entering into and implementing the Agreement;

(f) Approve the agreed upon Fee Award to Class Counsel and Incentive Awards to the Class Representatives;

(g) Dismiss the Action with prejudice, subject to the Court's retaining jurisdiction over the enforcement of the terms of this Agreement; and

(h) Without affecting the finality of the Judgment for purposes of appeal, the Court shall retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Agreement and the Judgment and for any other necessary purpose.

(i) Entry of the Final Approval Order shall not be conditioned or delayed by the Court's failure to approve the Fee Award to Class Counsel or Incentive Awards to the Class Representatives.

**2.3** *Filing of Complaint*: The Parties agree that at the time of Preliminary Approval,

Plaintiffs shall seek leave of Court to file a Fourth Amended Consolidated Class Action Complaint substantially in the form attached hereto as Ex. H, solely to effectuate the terms of this Settlement Agreement.

2.4    *Cooperation*:  The Parties shall, in good faith, cooperate, assist and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court.

2.5    *Certification of Class*:  For settlement purposes only, and notwithstanding and without prejudice to Citibank's positions and arguments in the Litigation, Citibank and the Class Representatives stipulate to the certification of the Class.  This Agreement is expressly contingent upon the Court certifying the Class, or some other class or classes agreeable to both Parties for the purposes of settlement only.  Should the Effective Date not occur, the order certifying the Class will be null and void, the Parties and the case shall be restored to the status quo ante, and the Parties may not cite or otherwise use this Agreement for any purpose related to class certification in this Litigation or any other action.

**3.    SETTLEMENT BENEFITS**

3.1    *Relief Available to Settlement Class Members*.

a.    Notice of Right to Request Reinstatement.  Citibank agrees to send a Notice of Right to Request Reinstatement, in a form substantially similar to the one attached hereto as Exhibit D, to all current proposed Settlement Class members explaining the procedure for appealing HELOC suspension or reduction decisions made by Citibank based on Collateral Deterioration.  This Notice of Right to Request Reinstatement would be a part of—or inserted with—the Notice defined in Paragraph 1.30 above.

b.    Changes in Policies.  Citibank will commit for eighteen (18) months following the Effective Date to not change its HELOC suspension and reduction policies for the suspensions and reductions of HELOC Accounts based on claims of Collateral Deterioration in any material manner that would be less beneficial to its borrowers except that, for any prospective relief agreed to in Paragraphs 3.1(a)-(d) of this Agreement, Citibank will maintain the full ability to modify its policies and practices based on amendments or clarifications of applicable law as

enacted or interpreted by the courts, Congress, or federal regulators or as necessary for Citibank to comply with any such amendment, interpretation or clarification.

        c.   <u>Enhanced Suspension Notices</u>.  Citibank further agrees that, so long as it is feasible and/or not cost-prohibitive or unduly burdensome, as reasonably determined by Citibank, for HELOC suspensions and reductions based on Collateral Deterioration and for the eighteen-month (18) period commencing thirty (30) days after the Effective Date of the Settlement, to include in its HELOC suspension and reduction notices for suspensions and reductions based on Collateral Deterioration: (1) the present value of the property as calculated by Citibank in connection with such line action; and (2) the appraised value required to be eligible to seek account reinstatement.  In the event that Citibank determines that it is not feasible, or that it is cost-prohibitive or unduly burdensome, to include such information in its suspension and reduction notices, the notices shall state that the customers may request such information by writing to Citibank at the address provided for in the suspension and/or reduction notice.  Citibank will also commit for that time period to having its suspension and reduction notices based on Collateral Deterioration advise customers that they may seek reinstatement if the customers believe: (i) the value of their home has not significantly declined by seeking a valuation from Citibank's approved property appraisal vendor for review appraisals for HELOCs; and/or (ii) they have significantly paid down their first mortgage balance by providing a copy of their most recent first mortgage statement showing their current first mortgage balance.  A customer's request for reinstatement, including purchasing an appraisal and/or submitting information related to the first mortgage balance, does not guarantee that Citibank will reinstate the line of credit.  The borrower would still need to meet any and all other applicable criteria to qualify for reinstatement.

        d.   <u>Appraisals</u>.  Citibank will work with LSI, its approved property appraisal vendor for review appraisals with respect to the HELOC appeals process, or any other property appraisal vendor it chooses to retain, to generally confirm that appraisal fees charged by LSI or such other vendor to Citibank customers are reasonable based on industry-standard factors. Nothing herein shall be construed as creating an obligation on Citibank to independently monitor or negotiate the appraisal fees charged by LSI or any other third-party vendors to any particular

1    customer, nor create any obligation on Citibank to ensure that the amount of the appraisal fees

2    assessed by any such vendor is the lowest fee available by comparison to other appraisal service

3    providers.

4        **3.2**    *Award Payments.*

5        Settlement Class Members with Eligible Loans will be entitled, on a claims made basis, to

6    receive an $120 Award, provided they follow the procedures set forth in the Notice and the Claim

7    Form for such payment and qualify for such an Award payment in accordance with the criteria set

8    forth in this Agreement.  The terms of the Notice and the content and terms of the Claim Form are

9    to be in the form of Exhibits B, E, and C hereto.  Each cash payment issued to a Settlement Class

10   Member with an Eligible Loan will be issued via check and will state on the face of the check that

11   the check will expire and become null and void, and the Settlement Class Member shall have

12   forfeited his or her claim and right to payment, unless cashed within ninety (90) days of the date of

13   issuance.  There will be a thirty (30) day grace period for Settlement Class Members to cash any

14   checks following expiration of the original  ninety (90) day time period to do so.  To the extent

15   that a check issued to a Settlement Class Member is not cashed within 120 days of the date of

16   issuance, such funds thereafter shall revert to Citibank.

17            (a)        Citibank will make Awards available to Settlement Class Members with

18   Eligible Loans on the following claims-made basis.  To be eligible to obtain an Award, Settlement

19   Class Members: (i) must have an Eligible Loan; (ii) must not opt-out of the settlement, (iii) must

20   not be deemed ineligible under any other provision of this Agreement; (iv) must fully complete

21   and timely submit an Approved Claim by the Claims Deadline (as defined above in Paragraphs 1.3

22   and 1.10) to the address specified in the Claim Form attached hereto as Exhibit C and incorporated

23   herein by reference, and (v) must meet such other criteria as set forth in the Claim Form and/or

24   this Agreement for submission of a claim.

25            (b)        Even if a Claim Form is otherwise an Approved Claim, any Claim Form

26   that is materially false or that is not fully completed as provided herein shall be deemed invalid

27   and shall not be eligible for compensation under this Agreement.  In addition, a claim shall be

28   deemed invalid if not signed by at least one living borrower on the loan.  Moreover, if any living

borrower on the loan submits a Request for Exclusion, even if another living borrower on the same loan submits a claim, the claim is deemed invalid and ineligible for an Award.  In the event that all borrowers to a given loan are deceased, then such account shall not be eligible for an Award and any claim submitted on such an account shall be deemed invalid.

(c)     Any Claim Form that is not submitted by the Claims Deadline or that is sent to the wrong location shall be deemed invalid and shall not be eligible for an Award.

(d)     No claims may be submitted as a group, aggregate or class of persons, or by an outside firm or entity.  Any such claim shall be deemed invalid and ineligible for an Award.

(e)     <u>Charged Off Eligible Loans</u>.  Awards to Settlement Class Members who have, or who once had but no longer have, an existing Eligible Loan for which past due amounts have been previously Charged Off, or were otherwise not paid will be governed as follows: (i) If the Charged Off amount exceeds the Award amount contemplated by this Agreement, the Settlement Class Member is not eligible to receive an Award; and (ii) If the Charged Off amount is less than the Award amount, Citibank may, at its discretion, pay the Settlement Class Member by check or by a credit of the Settlement Class Member's Award against amounts due or previously charged off.

(f)     <u>One Claim Per Eligible Loan</u>.  Only one valid claim will be honored per Eligible Loan.  No interest shall accrue at any time on the Awards made available through the Settlement.

(g)     <u>Form Of Awards</u>.  Awards to Settlement Class Members will be made by check, will be mailed, and only one check per account will be issued.  There will be no re-mailing of returned Awards.  Checks shall be mailed to the borrower(s) submitting the Claim to the address of record for such borrowers on Citibank's account records, or to such updated address as the borrower(s) may provide in accordance with the provisions of the Class Notice and Claim Form.  Checks shall be made payable to the borrower submitting the Claim.

(h)     <u>Claim Form Requirements</u>.  The Claim Form must be signed and fully completed (including providing all information requested in the Claim Form) by at least one Settlement Class Member on each Eligible Loan.  However, if any living borrower on the loan

submits a Request for Exclusion, even if another living borrower on the same loan submits a claim, the claim is deemed invalid and ineligible for an Award. The loan that is the subject of the Claim Form must be an Eligible Loan. The Claim Form accompanying and comprising part of the Class Notice shall include a section requesting that Class Members provide any updated address information and shall likewise request that they provide notice of any subsequent change in their address, which notice shall be sent, by a time certain, to a P.O. Box to be provided by Citibank.

(i) <u>Verification of Claims</u>. Citibank, at its discretion shall have the right (but not the obligation) to verify the Claim Forms. Within forty-five (45) days after the later of the Claims Deadline or the Effective Date, Citibank will provide to Class Counsel the Claims Report, identifying those claims denied as invalid under the terms of this Settlement Agreement together with the Claim Forms so denied. All Proof of Claims not so denied in the Claims Report shall be deemed admitted. With regard to denied claims, Class Counsel must dispute any denied claims by the Claim Dispute Deadline. Claims that are not timely disputed will remain denied and be deemed invalid. The Parties will attempt in good faith to resolve any disputed denied claims and, should they fail to resolve any dispute, either Party may submit the dispute to the Court for summary and non-appealable resolution within forty-five (45) days of receiving the Claims Report; otherwise, the claims will remain denied and be deemed invalid. All Claims timely submitted to the Court for resolution and determined to be valid by the Court shall, provided the Effective Date occurs, be deemed eligible for an Award.

(j) <u>Award Payment Deadline</u>. Award payments shall be made to Settlement Class Members eligible for an Award under the Settlement (other than those Settlement Class Members for which there is a disagreement regarding validity of their Claim and for which judicial resolution of the dispute has been sought) by the Payment Deadline. Awards on disputed claims determined to be valid by the Court shall, provided the Effective Date has occurred, be made thirty (30) days after the later of the date on which Citibank receives notice of the Court's resolution of the disputed claim or the Payment Deadline.

(k) <u>Third Party Claims.</u> In the event a third party, such as a bankruptcy trustee, has a claim against any settlement Award made to a Settlement Class Member or a Plaintiff, it is

the responsibility of the Settlement Class Member or the Plaintiff to transmit the funds to such third party and Citibank shall have no obligations or liability relative thereto.

**4.      THE RELEASE**

    **4.1**      The obligations incurred pursuant to this Agreement shall be a full and final disposition of the Actions and any and all Released Claims as against all Released Parties.

    **4.2**      As of the Effective Date of this Agreement, each of the Releasing Parties acknowledge full satisfaction of, and fully, finally and forever settles with, releases and discharges the Released Parties of and from all Released Claims. Subject to Court approval of this Agreement, all Settlement Class Members who do not opt out shall be bound by this Agreement and all of their claims shall be dismissed with prejudice and released even if they never received personal notice of the Action or its settlement or submitted a Claim Form. The releases contained in this Paragraph 4 shall apply to and bind all members of the Settlement Class who do not opt-out, including but not limited to those Settlement Class Members whose Class Notices are returned undeliverable, those who do not negotiate Awards, if any, sent to them, and/or those for whom no current address is provided to Defendant.

    **4.3**      For purposes of the Settlement and with reference specifically to the proposed Class Representatives, "Released Claims" further specifically extends to and includes any and all claims, actions, causes of action or liabilities, whether arising under local, state, or federal law, whether by Constitution, statute, contract, common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, that relate to or arise out of in any way, to the loans at issue in the Action, including but not limited to the origination, servicing, payoff, and/or release of the loans at issue or any other action or payment in any way related thereto or in any way arising therefrom.

    **4.4**      The proposed Class Representatives and each Settlement Class Member understand and acknowledge the significance of these waivers of California Civil Code Section 1542, Section 20-7-11 of the South Dakota Codified Laws and/or of any other applicable law relating to limitations on releases.  In connection with such waivers and relinquishment, the proposed Class Representatives and each Settlement Class Member acknowledge that they are

aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the settlement, but that it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**4.5**     Except to the extent released by the Settlement Agreement, nothing contained within this Paragraph 4 or the referenced definitions therein shall otherwise amend or modify the rights or obligations of any party as set forth in the HELOC agreements currently or formerly existing between the parties.

**4.6**     Upon the Effective Date, the proposed Class Representatives, and every Settlement Class Member, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties.

**5.    NOTICE**

**5.1**     Following  entry of the Order granting Preliminary Approval of this Agreement, Citibank shall give Notice or cause Notice to be given to the proposed Settlement Class Members, as such members are identified on the Class List.  The Notice shall be effectuated pursuant to the Notice plan described below.

**5.2**     The Notice plan shall include:

(a)     Internet Publication:  Within fourteen days of entry of the Order granting Preliminary Approval of the Agreement, the Claims Administrator shall establish and maintain a settlement website with links on the home page to only the Complaint, the Settlement Agreement, and the Preliminary Approval Order at a domain name to be mutually agreed upon by the Parties. On the Notice Date, a link to the traditional "long form" notice shall be added to the settlement website substantially in the form attached as Exhibit E.  Notice by Internet publication, which link shall be added on the Notice Date, shall include the ability of Settlement Class Members who fit the criteria set forth in Paragraph 3.2 above to download and submit Claim Forms via the settlement website.  Plaintiffs' anticipated Motion for Approval of Attorney Fees and Incentive

Awards shall also be posted on the website no later than 14 days prior to the Opt-out/Objection deadline set by the Court. No other documents shall be included on the website without the Court's approval. The website shall not include the names, logos, legends or any other information of or attributable to Citibank. The website shall remain in place until 120 days after the Effective Date.

(b) <u>Direct Notice</u>: On or before the Notice Date, Citibank shall cause Notice, substantially in the form of Exhibit B hereto, to be sent to the Class via U.S. Mail to the last known mailing address of record on Citibank's account records, which addresses are to be updated by the national change of address resources offered by the United States Postal Service. The Direct Notice mailing will include the Notice of Right to Request Reinstatement discussed in Paragraph 3.1(a) above as well as Claim Forms for Settlement Class Members who fit the criteria set forth in Paragraph 3.2 above. At Citibank's discretion, the Direct Notice to current customers may be provided through a billing statement insert, stand alone direct mail notice, or a combination of the two. Citibank shall mail direct notice to former customers. Citibank shall have no obligation to re-mail any returned mail or attempt to obtain forwarding addresses for any returned mail.

(c) <u>Notice under Class Action Fairness Act</u>. To the extent applicable, Citibank shall cause notice of the Agreement, together with all required documents, to be sent to the appropriate federal and/or state governmental authorities in accordance with the Class Action Fairness Act.

**5.3** No later than fourteen (14) days before the Final Fairness Hearing, Citibank and/or the Claims Administrator will provide affidavits to Class Counsel verifying that Citibank caused Notice to be sent to the Settlement Class Members in accordance with this Agreement, as approved by the Court.

# 6. OPT-OUTS AND OBJECTIONS

**6.1** Any Settlement Class Member may request to be excluded from the Class at any time before the Opt-Out/Objection Deadline, by complying with the procedures for doing so as set forth in the Court-approved Notice. In order to exercise the right to opt-out and be excluded

- 23 -

from the Class, the Class member seeking to do so must complete and return a Request For Exclusion by the Opt-Out/Objection Deadline to the Claims Administrator. Requests for Exclusion filed or post-marked or otherwise delivered after the Opt-Out/Objection Deadline will be considered invalid and of no effect, and the Class member who untimely submits a Request for Exclusion will remain a Settlement Class Member and will be bound by any Orders entered by the Court (including a Judgment approving the Agreement and implementing the Release contemplated thereby). All Settlement Class Members (except for customers who submit a valid request for exclusion) will be bound by this Agreement and the Judgment, including the Release herein contained. Any Class member who timely and properly submits a Request for Exclusion shall not: (i) be bound by any orders or Judgment entered in this Litigation nor by the Release herein contained; (ii) be entitled to any Settlement Benefit under this Agreement; (iii) gain any rights by virtue of this Agreement; and (iv) be entitled to object to any aspect of this Agreement, or this Litigation. Each Person requesting exclusion from the Class must personally sign his or her own individual Request For Exclusion. No Person may opt-out from the Settlement Class any other person or be opted-out by any other person, and no Person shall be deemed opted-out of the Settlement Class through any purported "mass" or "class" opt-outs.

**6.2** Any Settlement Class Member who intends to object to this Agreement must file with the Court by the Opt-Out/Objection Deadline, either *pro se* or through counsel hired at the Settlement Class Member's own expense, a Notice of Intent to Appear and Object that includes his/her personal signature, his or her full name and address, and all arguments, citations, and evidence supporting the objection, states that he or she is a Settlement Class Member, and provides a statement whether the objector intends to appear at the Fairness Hearing, either with or without counsel. A copy of such appearance and Notice of Intention to Appear and Object must also be sent to the Claims Administrator, Class Counsel, and Citibank's Counsel at the time of filing. Objections must be filed and postmarked by the Opt-Out/Objection Deadline. No Settlement Class Member shall be heard and no papers, briefs or pleadings submitted by such Settlement Class Member shall be received and considered by the Court unless the Court receives the Settlement Class Member's properly completed and signed statement of objection and Notice

- 24 -

of Intent to Appear and Object by the Opt-Out/Objection Deadline. Any Settlement Class Member who fails to timely or properly submit his or her Notice of Intent to Appear and Object shall be deemed to have waived his or her objections and be forever barred from making any such objections in these Actions, any appeal or in any other action or proceeding.

6.3     In the event that the number of class members submitting a valid request for exclusion exceeds two hundred (200), Citibank shall have the option of terminating this Settlement Agreement, but shall not be obligated to do so. Any decision by Citibank to terminate the settlement based upon this provision shall be communicated to Class Counsel, in writing, within twenty (20) days following the Opt-Out/Objection Deadline. In the event that Citibank exercises this right, the settlement shall become null and void for all purposes, the Parties and the case shall be returned to the status quo ante, and neither this Settlement Agreement nor the Parties' willingness to enter into the settlement shall be used or referred to for any purpose.

7.     TERMINATION OF AGREEMENT

7.1     Plaintiffs, on behalf of the Class, or Citibank, shall have the right to terminate this Agreement by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) days of: (i) the Court's decision to decline to enter an Order granting Preliminary Approval in any material respect; (ii) the Court's decision to refuse to approve this Agreement; (iii) the Court's decision to decline to enter the Judgment in any respect; or (iv) the date upon which the Judgment is modified or reversed in any material respect by the 9th Circuit Court of Appeals or the United States Supreme Court.

8.     CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.

8.1     Citibank has agreed to pay Class Counsel, subject to Court approval, an amount up to $1,214,000.00 in attorneys' fees and reimbursement of costs. Citibank will not object to or otherwise challenge Class Counsel's application for reasonable attorneys' fees and for reimbursement of costs and other expenses if limited to the above amount. Class Counsel has, in turn, agreed not to seek more than above amount from the Court.

- 25 -

**8.2**     Class Counsel must submit a petition for a Fee Award, consistent with the terms of this Agreement, fourteen (14) days prior to the Request for Opt Out/Objection Deadline.

**8.3**     Citibank shall pay (by wire) to Class Counsel the Fee Award approved by the Court not exceeding the total amount of $1,214,000.00 within thirty (30) days after the later of the Effective Date of this Agreement or after any order on the Fee Award is final and non-appealable.

**8.4**     In addition to any award under the Agreement, and in recognition of their efforts on behalf of the Class, David Levin, Loren S. Siegel, Gary Cohen, Marie Cohen, Mark Winkler and Jennie Lapointe shall, subject to Court approval, receive an Incentive Award of the sum of $36,000.00 collectively to be divided in six (6) equal parts ($6,000 each) to the Class Representatives David Levin, Loren S. Siegel, Gary Cohen, Marie Cohen, Mark Winkler, and Jennie Lapointe as appropriate compensation for their time and effort serving as the class representatives in this Litigation.  Citibank will not object to or otherwise challenge any request to the Court for such amount.  Class Counsel has, in turn, agreed not to seek more than above amount from the Court on behalf of the Class Representatives.  Class Counsel must submit any motion to approve the Incentive Award(s) no later than fourteen (14) days prior to the date set for the Opt Out/Objection Deadline.  Citibank shall pay such amounts by check within thirty (30) days of the Effective Date, to be paid to each Class Representative, in care of Class Counsel.

## 9.     CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.

**9.1**     If the Court does not approve this Agreement, or the Agreement is terminated or fails to become effective in accordance with its terms, this Agreement shall be terminated, unless Plaintiff, Citibank, Class Counsel, and Citibank's Counsel have full knowledge of such defect(s) and with such knowledge mutually agree in writing to proceed with the Agreement.  If any of the Parties are in material breach of the terms of this Agreement, any of the opposing Parties, provided that they are in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Parties.

**9.2**     If this Agreement is terminated or fails to become Final for any of the reasons set forth above, the Parties shall be restored to their respective positions in their respective Actions

as of the date of signing this Agreement.  In such event, the Judgment granted by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

**9.3**     Notwithstanding anything herein, the Court's failure to approve, in whole or in part, the request for a Fee Award to Class Counsel set forth in Paragraph 8.1 or the request for Incentive Awards to the Class Representatives set forth in Paragraph 8.4 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.  In the event the Court declines or reduces any request for a Fee Award or an Incentive Award, this Agreement shall otherwise remain valid and enforceable.

**10.   STAY**

**10.1**     All proceedings in the Actions will be stayed following preliminary approval of the settlement, except as may be necessary to implement the settlement or comply with the terms of the settlement.  Pending determination of whether the settlement should be granted final approval, the Parties agree not to pursue in the Action any claims or defenses otherwise available to them in the Action, and no Settlement Class Member, either directly, on a representative basis or in any other capacity, will commence or prosecute against any of the Released Persons any action or proceeding asserting any of the Released Claims.  The parties' proposed form of Preliminary Approval Order contains an injunction provision enjoining the commencement or prosecution of Released Claims by Settlement Class Members or persons purporting to act on their behalf pending final approval of the settlement.  The settlement is conditioned upon the entry of such an injunction.

**11.   NO PUBLICITY BEYOND NOTICE PROCEDURES**

**11.1**     Except as required by law or as agreed upon in writing by the Parties, Class Counsel and/or Plaintiffs will not issue press releases or make other public statements regarding the settlement unless Defendant agrees to such press releases or public statements in advance. Class Counsel, the Plaintiffs and/or Settlement Class Members will make no statements of any kind to any third party regarding the settlement prior to applying for preliminary approval.  This Paragraph 11 will not prohibit Class Counsel from communicating with any person in the Settlement Class regarding the Action or the settlement; provided, however, that Class Counsel

must comply with all confidentiality agreements in communicating with such persons and any Protective Order in the Action, and will not disclose information that is not a part of the public record.

**12.    CONFIDENTIALITY**

12.1     Any and all drafts of this Agreement will remain confidential and will not be disclosed or duplicated.

12.2     The Parties agree that all information obtained from or provided by Defendant in connection with the parties' settlement discussions and/or this Agreement is confidential, shall not be disclosed to third parties, and shall be used only for purposes of effectuating this Agreement and proposed settlement and no other purpose.  Provided the Effective Date has occurred, all written information or documents, confidential or otherwise, provided by or obtained from Defendant in connection with this Action shall be returned by Plaintiffs to Defendant or destroyed within thirty-five (35) days after Defendant's performance of all obligations under the Settlement and the Plaintiffs shall retain no copies thereof.

12.3     In the event that the settlement is not approved as presented, Defendant withdraws from settlement or the Effective Date does not occur, neither this Agreement nor any drafts of this Agreement shall be used for any purpose and shall remain confidential.

**13.    DISMISSAL WITH PREJUDICE**

13.1     Upon Final Approval, this Action shall be dismissed with prejudice as to the Plaintiffs and the Settlement Class.

**14.    MISCELLANEOUS PROVISIONS**

14.1     The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement.

14.2     The Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs and the Settlement Class

Members, and each or any of them, on the one hand, against the Released Parties, and each or any of them, on the other hand.

**14.3** Whether or not the Effective Date occurs or this Agreement is terminated, neither this Agreement, nor any act performed or document executed pursuant to or in furtherance thereof:

(a) Is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b) Is, may be deemed, or shall be used, offered or received against Citibank, as an admission, concession or evidence of, any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties;

(c) Is, may be deemed, or shall be used, offered or received against Plaintiffs or the Class, or each or any of them, as an admission, concession or evidence of, the infirmity or strength of any claims raised in this case, the truth or falsity of any fact alleged by Citibank, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation;

(d) Is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. If this Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim in these Actions;

(e)    Is, may be deemed, or shall be construed against Plaintiffs and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(f)    Is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs and the Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Actions would have exceeded or would have been less than any particular amount.

**14.4**    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

**14.5**    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**14.6**    All terms and conditions of the loan documents for all Settlement Class Members with respect to all existing accounts with Citibank will remain valid, binding and enforceable following the conclusion of any settlement.  Citibank reserves all of its rights with respect to Settlement Class Members in connection with all claims it may have with regard to its HELOC loan.

**14.7**    The Plaintiffs and Class Counsel represent and warrant that they are not aware of any claims or potential claims by anyone against any of the Released Parties relating to the Released Claims, other than the Released Claims.  It is the intention of all Parties and attorneys signing this Agreement that any Released Claims shall be forever released and discharged.

**14.8**    All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**14.9**    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth

herein. No representations, warranties or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all the Parties or their respective successors-in-interest.

14.10     Except as otherwise provided herein, each Party shall bear its own costs.

14.11     Each counsel or other Person executing this Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so, that they have the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms, and that none of their claims or rights under this Settlement Agreement have been assigned to any other person.

14.12     This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement all exchange original signed counterparts. A complete set of original executed counterparts shall be filed with the Court upon request.

14.13     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

14.14     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing this Agreement.

14.15     This Agreement and the Exhibits hereto shall be considered to have been negotiated, executed, delivered, and wholly performed in the State of California, and the rights and obligations of the Parties to this Agreement shall be construed and enforced in accordance with and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.

14.16     This Agreement and the Exhibits thereto are deemed to have been prepared by counsel for all Parties, as a result of negotiations among the Parties with the assistance of a neutral

mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed individually or by their duly authorized attorneys.

Dated: July ___, 2012        By: _____

Jay Edelson
Edelson McGuire LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654

Counsel for Plaintiffs and the Putative Class

Dated: July ___, 2012        By: _____

James Patterson
Patterson Law Group
402 West Broadway, 29th Fl.
San Diego, CA 92101

Counsel for Plaintiffs and the Putative Classes

Dated: July 20, 2012        By: _____

David Levin

Dated: July 20, 2012        By: _____

Loren S. Siegel

Dated: July ___, 2012        By: _____

Gary Cohen

Dated: July ___, 2012        By: _____

Marie Cohen

Dated: July ___, 2012        By: _____

Mark Winkler

- 32 -

mediator. Whereas all Parties have contributed substantially and materially to the preparation of
this Agreement, it shall not be construed more strictly against one Party than another.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed
individually or by their duly authorized attorneys.

Dated: July ___, 2012                    By:_____

                                          Jay Edelson
                                          Edelson McGuire LLC
                                          350 North LaSalle, Suite 1300
                                          Chicago, IL 60654

                                          Counsel for Plaintiffs and the Putative Class

Dated: July___, 2012                      By:_____

                                          James Patterson
                                          Patterson Law Group
                                          402 West Broadway, 29th Fl.
                                          San Diego, CA 92101

                                          Counsel for Plaintiffs and the Putative Classes

Dated: July___, 2012                      By:_____

                                          David Levin

Dated: July___, 2012                      By:_____

                                          Loren S. Siegel

Dated: July___, 2012                      By:_____

                                          Gary Cohen

Dated: July___, 2012                      By:_____

                                          Marie Cohen

Dated: July___, 2012                      By:_____

                                          Mark Winkler

- 32 -

mediator. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed individually or by their duly authorized attorneys.

Dated: July ___, 2012     By:_____

                              Jay Edelson
                              Edelson McGuire LLC
                              350 North LaSalle, Suite 1300
                              Chicago, IL 60654

                              Counsel for Plaintiffs and the Putative Class

Dated: July 27, 2012     By:_____

                              James Patterson
                              Patterson Law Group
                              402 West Broadway, 29th Fl.
                              San Diego, CA 92101

                              Counsel for Plaintiffs and the Putative Classes

Dated: July ___, 2012     By:_____

                              David Levin

Dated: July ___, 2012     By:_____

                              Loren S. Siegel

Dated: July ___, 2012     By:_____

                              Gary Cohen

Dated: July ___, 2012     By:_____

                              Marie Cohen

Dated: July 23, 2012     By:_____

                              Mark Winkler

- 32 -

Dated: July 23, 2012                 By: _Jennie Lapointe_

                                          Jennie Lapointe


Dated: July___, 2012                 By:_____

                                          Lucia Nale
                                          Mayer Brown LLP
                                          71 South Wacker Drive
                                          Chicago, Illinois 60606-4637

                                          Counsel for Citibank, N.A.


Dated: July___, 2012                 By:_____

                                          On behalf of Citibank, N.A.

- 33 -

Dated: July___, 2012                By:_____

                                        Jennie Lapointe


Dated: July___, 2012                By:_____

                                        Lucia Nale
                                        Mayer Brown LLP
                                        71 South Wacker Drive
                                        Chicago, Illinois 60606-4637

                                        Counsel for Citibank, N.A.


Dated: July___, 2012                By:_____

                                        On behalf of Citibank, N.A.

- 33 -

Dated: July___, 2012                    By:_____

                                             Jennie Lapointe


Dated: July___, 2012                    By:_____

                                             Lucia Nale
                                             Mayer Brown LLP
                                             71 South Wacker Drive
                                             Chicago, Illinois 60606-4637

                                             Counsel for Citibank, N.A.

Dated: July___, 2012                    By: _Sanchita Dasgupta_ *(signature)*
August 10, 2012
                                             On behalf of Citibank, N.A.

                                             SANCHITA DASGUPTA

- 33 -

# Exhibit F-2

1  Sean P. Reis (SBN 184044)
   EDELSON MCGUIRE, LLP
2  30021 Tomas Street, Suite 300
   Rancho Santa Margarita, California 92688
3  Telephone: (714) 352-5200
   Facsimile: (714) 352-5201
4  Email: sreis@edelson.com

5  Jay Edelson (Admitted *Pro Hac Vice*)
   Steven L. Woodrow (Admitted *Pro Hac Vice*)
6  Evan Meyers (Admitted *Pro Hac Vice*)
   EDELSON MCGUIRE, LLC
7  350 North LaSalle Street, Suite 1300
   Chicago, Illinois 60654
8  Telephone: (312) 589-6370
   Facsimile: (312) 589-6378
9  Email: jedelson@edelson.com
   Email: swoodrow@edelson.com
10 Email: emeyers@edelson.com

11 *Counsel for Plaintiffs*
   [additional counsel appear on signature page]
12
                **UNITED STATES DISTRICT COURT**
13          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

14 IN RE CITIBANK HELOC REDUCTION            No.  09-CV-0350-MMC
   LITIGATION
15                                           **CLASS ACTION**

16                                           **PRELIMINARY APPROVAL ORDER**

17                                           The Honorable Maxine M. Chesney

18

19         This   matter   coming   before   the   Court   upon   the   Motion   of   the   proposed   "Class

20 Representatives," David Levin, Loren S. Siegel, Gary Cohen, Marie Cohen, Mark Winkler, and
21
   Jennie Lapointe, on behalf of a class defined herein, individually and on behalf of a class of
22
   persons, for Preliminary Approval of the Settlement Agreement executed August 10, 2012 (the
23
   "Settlement Agreement").  No party opposes the relief now sought.
24
         IT IS HEREBY DETERMINED AND ORDERED AS FOLLOWS:
25

26

27

28

   Preliminary Approval Order                                    Case No. 09-cv-0350

1.      The Settlement Agreement is hereby incorporated by reference in this Order as if fully set forth herein.  First-letter capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning and definition as in the Settlement Agreement.

2.      Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as (a) fair, just, reasonable, adequate, and in the best interests of the Settlement Class in light of the relevant factual, legal, practical, and procedural considerations of the Actions, (b) free of collusion to the detriment of Settlement Class Members, and (c) within the range of possible settlement suitable for final judicial approval, subject to further consideration thereof at the Final Approval Hearing described at paragraph 7 of this Order.

3.      The proposed settlement is sufficient to justify giving notice of the Settlement to the Settlement Class.

4.      Subject to the Settlement Agreement, and for purposes only of the settlement of this Actions, the Court hereby provisionally CERTIFIES the following Settlement Class:

> All persons in the United States from January 1, 2008 to January 31, 2012 whose Citibank HELOC Accounts were suspended or reduced based on a claim by Citibank of Collateral Deterioration regarding the value of the property securing the HELOC.

The persons potentially comprising the Settlement Class are identified on the Class List, as defined in Section 1.15 of the Settlement Agreement.

5.      David Levin, Loren S. Siegel, Gary Cohen, Marie Cohen, Mark Winkler and Jennie Lapointe are appointed as Class Representatives of the Settlement Class.

6.      Plaintiffs' Counsel, Jay Edelson, Steven Woodrow and Evan Meyers of Edelson McGuire LLC and Jim Patterson of Patterson Law Group, are appointed as Class Counsel.

7.      A Final Approval Hearing shall be held before the undersigned on March 15, 2013

- 2 -

at 9:00 a.m. in Courtroom 7, 19th Floor, of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine, among other things: (a) whether the Settlement should be finally approved as fair, reasonable, and adequate; (b) whether the Actions should be dismissed with prejudice as to the Class Representatives David Levin, Loren S. Siegel, Gary Cohen, Marie Cohen, Mark Winkler, and Jennie Lapointe, and the Settlement Class Members, pursuant to the terms of the Settlement Agreement; (c) whether Settlement Class Members should be bound by the Release set forth in Section 4 of the Settlement Agreement; (d) whether Settlement Class Members should be subject to a permanent injunction that bars them from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit, claim, demand or proceeding in any jurisdiction that is based on or related to, directly or indirectly, matters within the scope of the Released Claims; (e) whether the Settlement Class should be finally certified; and (f) the amount of attorneys' fees and costs to be awarded to Class Counsel.  The Final Approval Hearing may be adjourned or continued by the Court without further notice to the members of the Settlement Class.

8.     The Court approves the proposed forms of Notice attached hereto as Exhibits A (summary "short form" notice) and B ("long form" website notice).  Pursuant to the procedures detailed in the Settlement Agreement, within fourteen days of entry of this Order, the Claims Administrator shall establish and maintain a settlement website with links on the home page to only the Complaint, the Settlement Agreement, and the Preliminary Approval Order at a domain name to be mutually agreed upon by the Parties.  By November 16, 2012 a link to the traditional "long form" notice shall be added to the settlement website substantially in the form attached hereto as Exhibit B.  In addition, Defendant shall mail the summary form of the Notice, substantially in the form attached hereto as Exhibit A, through a billing statement insert, stand

- 3 -

alone direct mail notice, or a combination of the two, no later than December 17, 2012. The Notice referenced herein shall be mailed to the Class members to the last known mailing address of record on Citibank's account records, which addresses are to be updated by the national change of address resources offered by the United States Postal Service. Citibank shall have no obligation to re-mail any returned mail or attempt to obtain forwarding addresses for any returned mail. All expenses of notice shall be paid by Citibank.

9.      The Court finds that the Settlement Agreement's plan for Notice is the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class and satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, and is hereby approved. The Court further finds that no other notice other than that specifically identified in the Settlement Agreement is necessary in this Action.

10.      The Court approves the proposed Claim Form, attached hereto as Exhibit C. As set forth in Sections 1.10 and 3.2 of the Settlement Agreement, Settlement Class Members may submit Claim Forms by properly and fully completing them and either: (i) submitting them online by the Claims Deadline, which is midnight, Pacific Time, on January 31, 2013; or (ii) mailing them to the address identified on the Claim Form so that it is postmarked by the Claims Deadline, which is midnight, Pacific Time, on January 31, 2013. Any Claim Form that is not timely submitted or properly completed, that is sent to the wrong address or that does not otherwise comply with the terms of the Settlement Agreement, shall be deemed invalid and Settlement Class Members submitting such claims shall forfeit any right to payment, but the Settlement Agreement, subject to final approval, shall in all other respects be fully enforceable against them.

11.      All Class members who wish to be excluded from the Settlement and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the address set forth in the Class Notice. Such request for exclusion must be postmarked no later than

Preliminary Approval Order                                                                 Case No. 09-cv-0350

midnight, Pacific Time, on January 31, 2013. For a Class member's Opt-Out to be valid, it must be timely filed and served (as judged by the filing deadline and postmark date set forth), and must (i) be signed by all loan debtors (including joint debtors and co-debtors) on the account; (ii) include the full name, address, and Citibank's account number(s) of the person requesting exclusion; (iii) be timely postmarked and mailed to the address designated in the Class Notice (which address is to be P.O. Box address to be secured and provided by Citibank); and (iv) include a written statement that he or she wishes to opt out/be excluded from the Class. A request for exclusion that does not comply with all the foregoing requirements, that is sent to an address other than the one designated on the Class Notice, or that is not sent within the time specified, shall be invalid, and the person(s) serving such a request shall be bound as a Settlement Class Member and by the Settlement Agreement, if the Settlement Agreement is finally approved. No Class member may purport to exercise any exclusion rights of any other person, or purport to exclude other Class members as a group, aggregate, or class involving more than one person, or as an agent or representative. Any such purported exclusion shall be invalid and the Class member(s) that is or are the subject of the purported opt-out shall be a member or members of the Settlement Class and treated and be bound by the Settlement Agreement and as a Settlement Class Member for all purposes.

12. Any Class member who successfully opts out of the Settlement shall be deemed to have waived any rights or benefits under the Settlement, and will have no standing to object to the Settlement.

13. Any Settlement Class Member who does not opt-out and who wishes to object to the Settlement must file a written Objection ("Objection") with the Court, and mail and serve it upon the Claims Administrator, Class Counsel and Counsel for Defendant, by midnight, Pacific Time, on January 31, 2013. To be considered valid, each Objection must be timely filed and

- 5 -

served (as judged by the filing deadline and postmark date and time set forth), and must (i) set forth the Settlement Class Member's full name, current address, and telephone number; (ii) contain the signatures of all living borrowers on the account; (iii) state that the Settlement Class Member objects to the Settlement, in whole or in part; (iv) set forth the legal and factual bases for the objection; and (v) provide copies of all documents or writings that such Settlement Class Member desires the Court to consider in support of his/her position. All living borrowers to a loan must object for such objection to be valid. Any Settlement Class Member who wishes to object and appear at the final approval hearing in person instead of submitting only written objections must include in the written objection a notice of intention to appear at the final approval hearing. Any Settlement Class Member who does not submit a timely written Objection in complete accordance with this Order shall not be treated as having filed a valid Objection to the Settlement, shall be deemed as having waived his or her objections in this Actions and shall forever be barred from making any such objections in this Actions. Class Counsel is to respond to any Objections and file any additional materials in support of final approval by February 22, 2013.

14.     Subject to final approval of the proposed settlement and Settlement Agreement, and subject to the parties or their attorney given the Notice required by this Order, the Court approves the provisions of the Settlement Agreement making the settlement and its release of claims binding on all member of the Settlement Class, whether or not they actually received notice of the Actions or its settlement or submitted a Claim Form.

15.     The Parties may file memoranda in support of the Settlement, and Plaintiffs' Counsel may file a motion or application for an award of Attorney's Fees and/or award of an incentive payment to the Class Representatives, consistent with the provisions of the Settlement Agreement. Such Memoranda should be filed and posted to the Settlement Website at least fourteen (14) days prior to the Opt Out/Objection Deadline.

- 6 -

16.     The Parties are hereby authorized to establish the means necessary to administer the Settlement in accordance with its terms.

17.     All proceedings in this Action other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

18.     If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Parties, and all orders issued pursuant to the Settlement shall be vacated.  In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in these Actions for any purpose whatsoever.  Except for the provisions of paragraph 18, 19 and 20 of this Order, which shall remain in effect notwithstanding, this Order shall otherwise be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendant, of any fault, wrongdoing, breach, or liability or as a waiver by any Party of any defenses it may have.

19.     Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Actions, or of any wrongdoing, liability, or violation of law by any of the Released Parties or Citibank, which vigorously denies all of the claims and allegations raised in the Actions.

20.     The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for Citibank and without future notice to the Settlement Class Members.

21.     All Settlement Class Members who have not timely and validly excluded themselves from the Class and all persons acting on behalf of or in concert with any such

Settlement Class Members are hereby preliminarily enjoined from, directly or indirectly: (i) commencing, prosecuting, participating in (as a class member or otherwise), and/or assisting in any lawsuit or other proceeding against Citibank or any of the Released Parties that asserts or purports to assert claims that (a) were alleged, asserted, described, set forth or referred to in the Actions, and/or (b) are within the scope of the Released Claims as embodied in Section 4 of the Settlement Agreement; and (ii) organizing or soliciting Settlement Class Members or those who Opt-Out into a separate class for purposes of pursuing, as a purported class action, a lawsuit or other proceeding on behalf of Settlement Class Members or those who Opt-Out, that asserts or purports to assert claims that (a) were alleged, asserted, described, set forth or referred to in the Actions, and/or (b) are within the scope of the Released Claims, as embodied in Section 4 of the Settlement Agreement.

22.     Except as set forth in this Order and the Settlement Agreement, no person or entity, including but not limited to Plaintiffs' Counsel, Counsel for the Defendant, the Class Representatives, or Citibank, shall be permitted to initiate communications with Settlement Class Members, whether by written correspondence, notices, advertisements, or other media, concerning the Settlement or its terms without prior approval from the Court upon prior notice to Class Counsel and Counsel for Citibank.

THUS DONE AND SIGNED THIS <u>6th</u> DAY OF

<u>November</u>, 2012

JUDGE MAXINE M. CHESNEY