IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: JP Morgan Chase Bank Home Equity Line of Credit Litigation | Master Docket Case No. 10 C 3647<br><br>ALL CASES<br><br>Hon. Judge Rebecca R. Pallmeyer |

**PLAINTIFFS' MOTION FOR APPROVAL OF
CY PRES DESIGNEE FOR DISTRIBUTION OF
FUNDS FROM UNCASHED SETTLEMENT CHECKS**

Plaintiffs William Cavanagh, Robert M. Frank, Maria I. Frank, Shannon Hackett, Michael Malcolm, Daryl Mayes, Michael Walsh, and Robert Wilder, by and through their undersigned attorneys (collectively the "Plaintiffs"), respectfully move this Court to approve the distribution of one-half of the sums remaining from uncashed settlement checks to Plaintiffs' *cy pres* nominee—The Illinois Bar Foundation. In support of this motion, the Plaintiffs state as follows:

1. On March 15, 2013, this Court granted Final Approval to the Class Action Settlement Agreement ("Settlement") reached in this case. (Dkt. 164).

2. Pursuant to the terms of the Settlement Agreement, the Settlement Administrator mailed settlement checks to each of the 27,718 Subclass members with Approved Claims. Specifically, on October 11, 2013, the Settlement Administrator mailed 27,718 checks for $35, the total sum of which equaled $970,130. More than 90 days have passed since all settlement checks were mailed. A total of 25,546 Subclass members have cashed their checks, totaling $894,110. There remain 2,172 uncashed checks for a total aggregate amount of $76,020. *See* Decl. of J. Carameros, attached hereto as Ex. 1.

3. In accordance with the Settlement Agreement, the $76,020 from uncashed settlement checks must be distributed in equal parts to two *cy pres* recipients, with each party nominating one nominee, subject to Court approval. Paragraph 8.1 of the Settlement Agreement provides:

> *Payment of Settlement Benefits*. Within sixty (60) days after the Effective Date, or such other date as the Court may set, the Settlement Administrator shall pay all Subclass Member Approved Claims by check and mail them to approved claimants via U.S. Mail. Any monies remaining from settlement checks that are not cashed within 90 days of issuance shall be donated in equal parts to two *cy pres* recipients to be decided upon by the Parties (with each Party nominating one recipient), subject to approval of the Court.

Dkt. 122-1, p. 24.

4. Plaintiffs nominate and seek approval of The Illinois Bar Foundation ("IBF") as a cy pres recipient. Under Illinois law, "residual funds"—which include "all unclaimed funds, including uncashed checks" are to be distributed to "eligible organizations," which are defined as established not-for-profits (must be in existence for at least 3 years) that have "a principle purpose of promoting or providing services that would be eligible for funding under the Illinois Equal Justice Act. 735 ICLS § 2-807 *et seq*. The Illinois Equal Justice Act, in turn, provides for funding to, among other organizations, "legal information centers" (not-for-profits that "serve[] as an information center for persons considering use of the judicial system in that judicial circuit") and "civil legal services providers" (not-for-profits that are "established for the purpose of providing legal services that include civil legal services, and …provide[] civil legal services through an organized panel of pro bono attorneys.") *See* 30 ILCS 765/10 *et seq*.

5. As explained on the IBF website, the IBF provides funding to not-profit organizations around the state of Illinois; supporting the following three objectives: (1) Enhancing the availability of civil legal aid to those of limited means, (2) encouraging pro bono

legal work, and (3) educating Illinois residents regarding their rights and responsibilities under the law. In these capacities IBF serves as both a legal information center as well as a civil legal service provider.[1] Put succinctly, the IBF, in accordance with Illinois law, facilitates access to the justice system for underprivileged persons and, through an organized network of pro bono lawyers, helps to provide affordable legal services and access to needy members of the state. As a result, underserved citizens are provided with legal advise and counsel on a range of issues that include consumer credit issues and housing matters.

6.      Although this case is in federal court, it should be recalled that the Settlement was negotiated and reached in accordance with Illinois law and that the Parties' obligations under the Settlement are to be "construed and enforced in accordance with and governed by, the internal, substantive laws of the State of Illinois," (Settl. Agrmt. § 12.12) and that the cases comprising the MDL were transferred to this Court, in Illinois, by the Judicial Panel on Multidistrict Litigation on June 7, 2010. As such, the application of Illinois's residual funds Act, 735 ILCS 5/2-807 *et seq.*, is consistent with the law governing and applicable to the Settlement. Furthermore, because the IBF provides legal services that include consumer credit and housing issues, there exists a rational relationship between the IBF and the claims of the Class members.

7.      Plaintiffs' understanding is that Chase, by way of separate motion, intends to seek approval of the National Foundation for Credit Counseling ("NFCC") as its cy pres nominee. Plaintiffs have no objection to the NFCC.

WHEREFORE, the Plaintiffs respectfully request that the Court enter an order approving the Illinois Bar Foundation as Plaintiffs' nominee for the cy pres distribution under the Settlement equal to one half of the total dollar amount of uncashed settlement checks ($38,010).

---

[1]    *See* http://www.illinoisbarfoundation.org/ (last visited May 20, 2014).

Date: May 20, 2014                                                       Respectfully submitted,

William Cavanagh, Robert M. Frank, Maria I. Frank, Shannon Hackett, Michael Malcolm, Daryl Mayes, Michael Walsh, and Robert Wilder, individually and on behalf of a class of similarly situated individuals

By:      /s/ Steven L. Woodrow
One of Plaintiffs' attorneys

Jay Edelson
Steven Lezell Woodrow
EDELSON PC
350 N. LaSalle Drive, Suite 1300
Chicago, IL 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
jedelson@edelson.com
swoodrow@edelson.com

## CERTIFICATE OF SERVICE

I, Steven L. Woodrow, an attorney, hereby certify that on May 20, 2014, I electronically filed the foregoing *Motion for Approval of Cy Pres Designee* with the Clerk of the Court using the CM/ECF system. Notice of this filing is sent to all counsel of record by operation of the Court's electronic filing system.

/s/ Steven L. Woodrow