# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: JP Morgan Chase Bank Home Equity Line of Credit Litigation | ) ) ) Master Docket Case No. 10 C 3647 ) ) ALL CASES ) ) Hon. Judge Rebecca R. Pallmeyer ) ) |

## JPMORGAN CHASE BANK, N.A.'S MOTION FOR APPROVAL OF CY PRES DISTRIBUTION OF UNCLAIMED SETTLEMENT FUND

Defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its undersigned attorneys, respectfully moves this Court to approve distribution of half of the $88,165 remaining from uncashed settlement checks, to the National Foundation for Credit Counseling. In support of this motion, Chase state as follows:

1.  This Court granted Final Approval to the Settlement on March 15, 2013. (Dkt. 164).

2.  Pursuant to the terms of the Settlement Agreement, the Settlement Administrator mailed settlement checks to each of the 27,718 Subclass members with Approved Claims. Specifically, starting on June 10, 2013 and ending on October 11, 2013, the Settlement Administrator mailed Subclass members 27,718 checks for $35, the total sum of the settlement checks was $970,130. More than 90 days have passed since all settlement checks were mailed. A total of 25,546 Subclass members have cashed settlement checks, totaling $894,110. There remain 2,172 uncashed checks for a total aggregate amount of $76,020. (*See* Decl. of J. Carameros, attached hereto as Ex. 1.)

3.  Per the Settlement Agreement, the $76,020 from uncashed settlement checks must be distributed in equal parts to two *cy pres* recipients designated by the parties, subject to Court approval. Paragraph 8.1 of the Settlement Agreement provides:

> *Payment of Settlement Benefits*. Within sixty (60) days after the Effective Date, or such other date as the Court may set, the Settlement Administrator shall pay all Subclass Member Approved Claims by check and mail them to approved claimants via U.S. Mail. Any monies remaining from settlement checks that are not cashed within 90 days of issuance shall be donated in equal parts to two *cy pres* recipients to be decided upon by the Parties (with each Party nominating one recipient), subject to approval of the Court.

(Dkt. 122-1, p. 24.)

4.  Chase nominates of the National Foundation for Credit Counseling ("NFCC") as a *cy pres* recipient and seeks approval for a distribution of half of the total dollar amount of uncashed settlement checks to the NFCC.

5.  As described on its website:

> Founded in 1951, the National Foundation for Credit Counseling, Inc. (NFCC) promotes the national agenda for financially responsible behavior, and builds capacity for its members to deliver the highest-quality financial education and counseling services. As the nation's largest and longest-serving nonprofit credit counseling organization, the NFCC has played the key role in providing financial counseling and education to consumers for more than 60 years. With 85 member agencies and more than 600 offices throughout the US and Puerto Rico, the NFCC is the national voice for its members, which are nonprofit, mission-driven, community-based agencies.

*See* http://www.nfcc.org/about/index.cfm. (site accessed May 20, 2014), printouts attached as Exhibit 2.

5.  The NFCC website further explains that NFCC Member Agencies provide a variety of services including: "budget counseling and education; debt management plans; counseling referral services; financial literacy courses; bankruptcy counseling and education; and housing counseling. *Id*. With respect to consumer mortgages specifically, the NFCC website further explains that the NFCC Member Agencies provide pre-purchase counseling to ensure that

borrowers understand the mortgage process and the financial commitments they are undertaking, and also offer guidance to borrowers on how best to avoid default or foreclosure. *Id.* The Class claims in this action all involved home equity lines of credit ("HELOCs") secured by mortgages, including allegations of violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA"). Because the primary purpose of TILA is to promote the informed use of credit, the NFCC's services – specifically its financial literacy courses and budget counseling and education – there is a rational relationship between the services of the NFCC and the claims of Class members. *See e.g. Glen Ellyn Pharmacy, Inc. v. La Roche–Posay, LLC*, No. 11 C 968, 2012 WL 619595 (N.D. Ill., February 23, 2012).

WHEREFORE, defendant JPMorgan Chase Bank, N.A. respectfully request that the Court enter an order approving a distribution to the National Foundation for Credit Counseling as the *cy pres* recipient of $38,010, half of the total dollar amount of uncashed settlement checks.

Date: May 20, 2014    Respectfully submitted,

JPMORGAN CHASE BANK, N.A.

By: ___/s/ Tiffany L. Sorge Smith___
One of Defendant's attorneys

LeAnn Pedersen Pope (6186058)
Victoria R. Collado (6204015)
Tiffany L. Sorge Smith (6293842)
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611-3607
Telephone:  (312) 840-7000
Facsimile:   (312) 840-7900
lpope@burkelaw.com
vcollado@burkelaw.com
tsorgesmith@burkelaw.com

**CERTIFICATE OF SERVICE**

      The undersigned attorney hereby certifies that on May 20, 2014, a true and correct copy of the foregoing document was filed electronically using the Court's Electronic Case Filing System. A Notice of Electronic Filing will be sent by electronic mail to all counsel of record by operation of the Court's Electronic Filing System.

                                             By: /s/ Tiffany L. Sorge Smith

1672328.2